1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  MARGARET BAUMGARTNER, State Bar #151762
   JILL J. FIGG, State Bar #168281
4  RAFAL OFIERSKI, State Bar #194798
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, Fifth Floor
6  San Francisco, California 94102-5408
   Telephone:      (415) 554-3859
7  Facsimile:      (415) 554-4248
   E-Mail:         margaret.baumgartner@sfgov.org
8

9  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, et al.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  MERCY AMBAT, et al.                  Case No. C 07-3622 SI

13           Plaintiffs,                 NOTICE OF MOTION AND MOTION;
                                         MEMORANDUM OF POINTS AND
14      vs.                              AUTHORITIES IN SUPPORT OF
                                         MOTION TO DISMISS OR STAY
15  CITY AND COUNTY OF SAN               PENDING RESOLUTION OF STATE
    FRANCISCO, THOMAS ARATA,             COURT PROCEEDINGS
16  STEPHEN TILTON, RODERICK
    WALLACE, JOHN MINOR, EDWARD          F.R.C.P 12(b)(1)
17  RUPPENSTEIN, JOHNA PECOT,
                                         Hearing Date:   October 19, 2007
18           Defendants.                 Time:           9:00 a.m.
                                         Judge:          Hon. Susan Illston
19                                       Place:          Courtroom #10
                                                         19th Floor
20                                       Trial Date:     None Set

21                                       **Concurrently Filed Document**: Request
                                         for Judicial Notice in Support of Motion to
22                                       Dismiss or Stay

23

24

25

26

27

28

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 2

PROCEDURAL HISTORY ................................................................................................. 3

      I.     PLAINTIFFS FILED A STATE COURT COMPLAINT ON FEBRUARY 20, 2007 .............................................................................................................. 3

      II.    PLAINTIFFS FILED A FEDERAL COURT COMPLAINT ON JULY 13, 2007 .............................................................................................................. 5

ARGUMENT ..................................................................................................................... 6

      I.     THE COURT SHOULD ABSTAIN UNDER THE *YOUNGER* DOCTRINE ....... 6

      II.    THE COURT SHOULD ABSTAIN UNDER THE *COLORADO RIVER* DOCTRINE .................................................................................................... 9

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**State Statutes & Codes**

California Penal Code
§4021 ...........................................................................................2, 4, 5, 7, 8, 11

**Federal Cases**

*Abend v. City of Oakland*
Slip Copy 2007 WL 627916 (N.D. Cal.) ...........................................................10

*American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*
(9th Cir. 1988) 843 F.2d 1253 ........................................................................10

*AmerisourceBergen Corp. v. Rode*
2007 WL 2296775 (9th Cir.(Cal.) ....................................................................7

*Baffert v. California Horse Racing Bd.*
(9th Cir. 2003) 332 F.3d 613 .......................................................................7, 8

*Beltran v. California*
(9th Cir. 1988) 871 F.2d 777 ...........................................................................9

*Colorado River Water Conservation Dist. v. United States*
(1976) 424 U.S. 800.............................................................1, 2, 6, 9, 11, 12, 13

*Cutter v. Wilkinson*
(2005) 544 U.S. 709............................................................................................8

*De Simas v. Big Lots Stores, Inc.*
Slip Copy 2007 WL 686638 (N.D. Cal.) ...........................................................12

*Del Conte v. San Francisco Police Dept.*
Slip Copy 2007 WL 1119187 (N.D. Cal.) .........................................................12

*Fireman's Fund Ins. Co. v. Quackenbush*
(9th Cir. 1996) 87 F.3d 290 ..............................................................................9

*Gilbertson v. Albright*
(9th Cir. 2004) 381 F.3d 965 .......................................................................7, 9

*Hawaii Housing Auth. v. Midkiff*
(1984) 467 U.S. 229............................................................................................7

*Nakash v. Marciano*
(9th Cir. 1989) 882 F.2d 1411 ................................................................9, 10, 11

*Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*
(1986) 477 U.S. 619............................................................................................8

*Pennzoil Co. v. Texaco, Inc.*
  (1987) 481 U.S. 1 ...................................................................................7, 8

*Preiser v. Rodriguez*
  (1973) 411 U.S. 475 .....................................................................................8

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*
  (C.D. Cal. 1983) 554 F.Supp. 277 ..........................................................10, 11

*Silvaco Data Systems, Inc. v. Technology Modeling Assocs.*
  (N.D. Cal. 1995) 896 F.Supp. 973 ...............................................................11

*Younger v. Harris*
  (1971) 401 U.S. 37.............................................................1, 2, 6, 7, 8, 9, 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2007, at 9:00 a.m., or soon thereafter as counsel can be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants City and County of San Francisco, Thomas Arata, Stephen Tilton, Roderick Wallace, John Minor, Edward Ruppenstein, Johna Pecot (collectively "the City") will, and hereby do, move for a dismissal of this action with prejudice, or in the alternative, a stay, pending resolution of state court proceedings. This motion is brought on the grounds that the federal court should abstain from exercising its jurisdiction pursuant to the doctrines in *Younger v. Harris* (1971) 401 U.S. 37 and/or *Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800 and their progeny.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: August 31, 2007                   Respectfully submitted

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
MARGARET BAUMGARTNER
JILL J. FIGG
RAFAL OFIERSKI
Deputy City Attorneys

By:_____/s/_____
    JILL J. FIGG

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO et al.

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

2

3

### INTRODUCTION

4

      Plaintiffs have chosen to file duplicative litigation in state and federal courts against the San

5

Francisco Sheriff's Department relating to a staffing policy permitting only female deputies to work

6

in the female jails.  Plaintiffs should not be permitted to litigate identical claims in two places, the

7

City should not be required to expend scarce public resources battling on two fronts, and two courts

8

should not be required to hear the same dispute.  For these reasons, the City requests that the Court

9

grant this motion to dismiss, or alternatively stay this action, or in the alternative stay until the state

10

court action is resolved.

11

      The Court should grant this motion on the basis of the abstention doctrines articulated in

12

*Younger v. Harris* (1971) 401 U.S. 37 and *Colorado River Water Conservation Dist. v. United States*

13

(1976) 424 U.S. 800 and their progeny.  *Younger* is based on concerns of comity and federalism,

14

while *Colorado River* is based on concerns of judicial economy.  Both of these doctrines support

15

abstention.

16

      A dismissal, or a stay, is appropriate because the plaintiffs in this action previously filed a

17

nearly identical action in state court relating to the same underlying facts.  In both the state and

18

federal actions, female and male Deputy Sheriffs allege that the Sheriff's policy of staffing the female

19

jails in County Jail #8 ("CJ8") with female deputies discriminates against both men and women.

20

Both actions rest on the interpretation of California Penal Code Section 4021, and statutory

21

discrimination laws.  Both actions seek virtually identical relief.  The individual plaintiffs in both

22

actions are represented by the same counsel, Larry Murray.   The state action is a putative class

23

action, and any class would encompass all of the named plaintiffs in the federal action.  Moreover, all

24

of the named plaintiffs in the state action are among the named plaintiffs in the federal action.  The

25

state action has been proceeding for five months: the City has filed a demurrer which is scheduled to

26

be heard on September 10, 2007, discovery has begun, the parties have filed Case Management

27

Conference statements, and a Case Management Conference is set for September 12, 2007.  In

28

contrast, nothing has occurred in the federal action except the filing of the complaint, an objection to a commissioner, and this motion.

PROCEDURAL HISTORY

**I.     PLAINTIFFS FILED A STATE COURT COMPLAINT ON FEBRUARY 20, 2007**

On or about February 20, 2007, the San Francisco Deputy Sheriff's Association and seven male and female Deputy Sheriff employees in the Sheriff's Department filed a putative class-action complaint against the City, Sheriff Michael Hennessey and Undersheriff Jan Dempsey in San Francisco Superior Court.  *See San Francisco Deputy Sheriff's Association et. al. v. City and County of San Francisco, et. al.,* Case No. CPF-07-507 047 (hereinafter "State Complaint"), Request for Judicial Notice ("RJN"), Exh. A.  Plaintiffs filed a First Amended Complaint ("State FAC") on or about March 15, 2007.  *See* RJN, Exh. B.  In the state case, the individual plaintiffs are Dennis Carter, Michael Jones, Alisa Zehner, Joanna Crotty, Vincent Quock, Tequisha Curley, and Anjie Versher.

The essence of the plaintiffs' state case is that the Sheriff's policy of staffing the female jails in CJ8 discriminates against both men and women.  Specifically, plaintiffs allege that the "Defendants instituted a policy and practice to use only female deputies in female pods of County Jail #8 and furthermore instituted a policy and practice, stated and implemented, that created a two-tiered gender-based system for determination of regular days off."  State FAC at 2:2.

Plaintiffs filed the state case on their behalf and on behalf of all persons similarly situated.  *Id.* at ¶1.  Plaintiffs allege that the putative class consists of approximately 800 individuals.  *Id.*  Plaintiffs allege that the common interests of the class include:

a) "Whether or not the policy requiring that only female deputies work in the female pods of CJ8 is discriminatory in application, on its face and/or in impact."

b) "Whether preventing male deputies from working in the female pods of CJ8 is discriminatory in application, on its face and/or in impact."

c) "Whether there is any reason which justifies the discriminatory application, facial and/or impact of the minimum female staffing requirement . . . "

d) "Whether the two-tiered seniority policy implemented to determine regular days off is discriminatory in application, on its face and/or in impact."

e) "Whether there is any reason which justifies the discriminatory application, facial and/or impact of the two-tiered gender-based system for determination of regular days off . . . "

f) "To what nature and extent said alleged discriminatory conduct results or has resulted in damage to the Plaintiff class."

*Id.* at ¶2.

Plaintiffs allege that as a result of the Sheriff's staffing policy in the female jails, <u>female deputies</u> are subject to discrimination because they are: "prevented from working in other areas of CJ8;" "prevented from obtaining training and experience to enable them to promote or otherwise progress in their career in law enforcement;" and "being forced to work overtime at the female pods of CJ8." *Id.* at ¶¶27, 29.

Plaintiffs allege that <u>male deputies</u> are subject to discrimination because they are: "prevented from working in the female pods of CJ8;" "prevented from acquiring said experience and training which would come from such an assignment;" and "precluded from signing up for overtime shifts" in the female pods of CJ8. *Id.*

Plaintiffs also claim that deputies (without specifying their gender) are subject to discrimination because they are "being wrongfully deprived of their right to select regular days off based upon their seniority due to their gender and are therefore forced to work undesirable or less desirable shifts and schedules." *Id.* at ¶28.

In the state case, plaintiffs assert two causes of action, one alleging discrimination based on gender in violation of the Fair Employment and Housing Act ("FEHA"), and one alleging discrimination based on gender in violation of California Penal Code Section 4021. Plaintiffs seek monetary damages, punitive damages, attorneys fees, injunctive relief, and costs of suit. *Id.* at 11.

The law firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer filed the State Complaint and the State FAC, and initially represented all of the plaintiffs in the state case. However, on or around June 22, 2007, Larry Murray, counsel for plaintiffs in the federal action, substituted in to represent all of the individual defendants.  RJN, Exh. C.  The City believes that the Mastagni firm continues to represent the Deputy Sheriffs' Association in the state case.

1    In the state case, the City has filed a demurrer which is scheduled to be heard on September

2    10, 2007, discovery has begun, the parties have filed Case Management Conference statements, and a

3    Case Management Conference is set for September 12, 2007.

4    **II.    PLAINTIFFS FILED A FEDERAL COURT COMPLAINT ON JULY 13, 2007**

5    On or about July 13, 2007, thirty-five male and female Deputy Sheriff employees in the

6    Sheriff's Department filed the instant action against the City and six individual defendants ("Federal

7    Complaint"). Each of the seven plaintiffs in the state case is also a plaintiff in the federal case. And

8    just as in the state case, the essence of the plaintiffs' federal case is that the Sheriff's policy of staffing

9    the female jails in CJ8 discriminates against both male and female deputies. *See* Federal Complaint

10   at ¶¶18-42.

11   Plaintiffs' federal case alleges nine causes of action, four of which arise under FEHA, three

12   identical claims that arise under Title VII, one cause of action under the California Labor Code, and

13   one cause of action under the California Peace Officer Bill of Rights. In the federal case, plaintiffs

14   allege that the Sheriff's policy of staffing the female jails in CJ8 is inconsistent with California Penal

15   Code Section 4021. *Id.* at ¶20. While the federal case does not state a cause of action under Penal

16   Code Section 4021, it relies on it to support the discrimination allegations.

17   Just as in the state case, the plaintiffs in the federal case allege that as a result of the Sheriff's

18   staffing policy in the female jails, <u>female deputies</u> are subject to discrimination because they: are

19   "assigned to these female pods [and] fail to have the opportunity to function in other positions, thus

20   limiting their ability to compete for promotion; "have their "regular days off (RDOs) and vacation

21   schedule limited because their seniority is no longer the determining factor for receiving such

22   benefits;" and are "harmed and reduced in their ability to promote and secure advancement." *Id.* at

23   ¶¶35, 37, 105.[1]

24   Likewise, just as in the state case, the plaintiffs in the federal case allege that as a result of the

25   Sheriff's staffing policy in the female jails, <u>male deputies</u> are subject to discrimination because they:

26   _____

27   [1] In the federal case, the plaintiffs add the allegation that female deputies are exposed to increased risk of physical harm in having to staff female pods at CJ8. *See* Federal Complaint at ¶105(a)-(g).

28

1  "hav[e] to take less favorable RDOs and shift assignments;" are "discriminated against based on their

2  gender in their ability to work overtime and earn the wages from those hours;" and have "reduced in

3  their ability to promote and secure advancement due to elimination of opportunity to function at

4  various posts."  *Id.* at ¶¶39-41, 108.

5  Unlike the state complaint, the federal complaint contains numerous (unsupported) factual

6  allegations and adds a few individual complaints of retaliation.  However, the essence of the legal

7  claim is the same:  that the Sheriff's policy of staffing the female pods at CJ8 is discriminatory on the

8  basis of gender.  *See Id.*, First Cause of Action, ¶¶107, 110 ("[A]s a result of the discriminatory

9  practice of assigning only female deputies to female pods of CJ#8, plaintiffs suffered general

10  damages and emotional distress due to the acts of discrimination."); Second Cause of Action, ¶¶116,

11  119 (same); Third Cause of Action, ¶¶122-123 ("[A]s a result of having created the female pods in

12  CJ#8, and having a policy and practice to exclude males from employment in said pods . . . plaintiffs

13  have been injured.") Fourth Cause of Action, ¶¶126-127 (same).  Plaintiffs also add three individual

14  complaints of retaliation, which also arise out of the Sheriff's policy of staffing the female pods at

15  CJ8.  *Id.* at ¶¶43, 52, 74.

16  Like in the state case, in the federal case the plaintiffs seek monetary damages, punitive

17  damages, attorneys fees, injunctive relief, and costs of suit.  In the federal case the plaintiffs are

18  represented by Larry Murray, just as they are in the state case.

19  Nothing has occurred in the federal case except the filing of the complaint, an objection to a

20  commissioner, and this motion.

**ARGUMENT**

21  The Court should abstain from exercising its jurisdiction over this case pursuant to the

22  doctrines articulated in *Younger* and *Colorado River* and their progeny.  *Younger* is based on

23  concerns of comity and federalism, while *Colorado River* is based on concerns of judicial economy.

24  Both of these doctrines support abstention.

26  **I.    THE COURT SHOULD ABSTAIN UNDER THE *YOUNGER* DOCTRINE**

27  The *Younger* abstention doctrine, as originally articulated by the Supreme Court, "forbid[s]

28  federal courts [from] stay[ing] or enjoin[ing] pending state court proceedings."  *Younger*, 401 U.S. at

1    41. Under the *Younger* doctrine, a federal court should abstain from proceeding with a case if: (1)

2    there are ongoing state judicial proceedings; (2) the state proceedings implicate important state

3    interests; and (3) the affected parties have an adequate opportunity to raise the federal question in the

4    state proceedings. *Gilbertson v. Albright* (9th Cir. 2004) 381 F.3d 965, 976 (en banc), *Younger,* 401

5    U.S. 37 (criminal proceedings only); *Pennzoil Co. v. Texaco, Inc.* (1987) 481 U.S. 1 (extending

6    *Younger* doctrine to civil proceedings). All three prongs of the *Younger* doctrine are satisfied here.

7    Direct interference in the state court litigation is not a threshold requirement under the *Younger*

8    doctrine. *Gilbertson,* 381 F.3d at 978. [2]

9        With regard to the first prong of the *Younger* doctrine, here there are ongoing state judicial

10   proceedings. All of the individual plaintiffs in the state case are also plaintiffs in the federal case.

11   The individual plaintiffs in the state and federal cases are represented by the same counsel. The state

12   case was filed approximately five months before the federal case. *Younger* abstention is required if

13   the state proceedings were initiated "before any proceedings of substance on the merits have taken

14   place in federal court." *Hawaii Housing Auth. v. Midkiff* (1984) 467 U.S. 229, 238. In the instant

15   case, there are ongoing state judicial proceedings, the state proceedings predate the federal action, and

16   no proceedings of any substance on have taken place in federal court. The first prong of the *Younger*

17   doctrine is met.

18       Second, abstention under the *Younger* doctrine is appropriate because the state proceeding

19   implicates the important state interest in administering the penal system and interpreting related state

20   statutes, specifically Penal Code Section 4021. For purposes of the *Younger* doctrine, "[t]he

21   importance of the interest is measured by considering its significance broadly, rather than by focusing

22   on the state's interest in the resolution of an individual case." *Baffert v. California Horse Racing Bd.*

23   (9th Cir. 2003) 332 F.3d 613, 618. (California's interest in protecting integrity of horse racing

24       [2] In *AmerisourceBergen Corp. v. Roden,* 2007 WL 2296775 (9th Cir.(Cal.)), the Court recently

25   considered a fourth requirement in *Younger* that "the policies behind the *Younger* doctrine must be
     implicated by the actions requested of the federal court." *Id.* at *5. This fourth requirement is beyond

26   the three requirements articulated in the en banc opinion in *Gilbertson.* Even assuming this fourth
     requirement is appropriate, here it is met because the policies of comity and federalism would be

27   implicated by the plaintiffs' request that the federal court award damages and issue injunctive relief
     for an alleged violation of state law regarding staffing in the female jails.

28

1   expressed in legislation.)  Just as in *Baffert*, California's interest here is expressed in legislation.

2   Specifically, California has clearly expressed its interest in staffing issues in the female jails by

3   enacting Penal Code Section 4021.  Beyond Penal Code Section 4021, it cannot be disputed that

4   California has an important state interest in the administration of the penal system.  As the United

5   States Supreme Court has found:

6

7           It is difficult to imagine an activity in which a State has a stronger
            interest, or one that is more intricately bound up with state laws,
8           regulations, and procedures, than the administration of its prisons.  The
            relationship of state prisoners and the state officers who supervise their
9           confinement is far more intimate than that of a State and a private
            citizen.  For state prisoners, eating, sleeping, dressing, washing,
10          working, and playing are all done under the watchful eye of the State,
            and so the possibilities for litigation under the Fourteenth Amendment
11          are boundless. What for a private citizen would be a dispute with his
            landlord, with his employer, with his tailor, with his neighbor, or with
12          his banker becomes, for the prisoner, a dispute with the State.  Since
            these internal problems of state prisons involve issues so peculiarly
13          within state authority and expertise, the States have an important
            interest in not being bypassed in the correction of those problems.
14          (Emphasis added.)

15  *Preiser v. Rodriguez* (1973) 411 U.S. 475, 491-92; *see also Cutter v. Wilkinson* (2005) 544 U.S. 709,

16  725 n.13 (holding that prison security is a "compelling state interest and that deference is due to

17  institutional officials' expertise in this area.")

18          In addition to the important state interest in the operation of the penal system and interpreting

19  related state statutes (Penal Code Section 4021), sex discrimination in employment is also an

20  important state interest.  *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.* (1986) 477

21  U.S. 619, 628 (applying *Younger* abstention to a terminated teacher's sex discrimination case in part

22  on the basis that sex discrimination in employment is an important state interest.)  Because the state

23  proceeding implicates the important state interests in the penal system, interpreting state law, and sex

24  discrimination, the second prong of the *Younger* doctrine is met.

25          Finally, regarding the third *Younger* factor, plaintiffs can raise their federal claims in state

26  court.  "[A] federal court should assume that state procedures will afford an adequate remedy, in the

27  absence of unambiguous authority to the contrary."  *Pennzoil Co., supra,* 481 U.S. at 14.  Plaintiffs'

28

1  only federal claims are under Title VII.  These claims are identical to plaintiffs' FEHA claims, and are

2  routinely raised in state court.  For this reason, the third prong of the *Younger* doctrine is met.

3    Although the *Younger* doctrine arose out of cases requesting that the federal court directly

4  interfere with state court proceedings through the issuance of equitable relief, in *Gilbertson* the Ninth

5  Circuit *en banc* applied the doctrine to cases seeking damages if the relief requested in the federal

6  court would have the practical effect of enjoining state court's ability to provide an adjudication on

7  the merits.  381 F.3d at 979-80 (*en banc*).  Here, not only do the plaintiffs request injunctive relief in

8  the federal action, but they also seek damages related to the Sheriff's staffing policy in the female

9  jails.  Both injunctive relief and damages, if awarded by the federal court, "would have the same

10  practical effect" of interfering with the pending state court proceedings.  *Id.* at 968.  *Younger* is

11  designed to prevent just this type of interference.

12    For all of the above reasons, the Court should abstain from deciding the issues in this case,

13  and dismiss or stay this action under the *Younger* doctrine until the state proceedings are completed.

14  *See Beltran v. California* (9th Cir. 1988) 871 F.2d 777, 782 (*Younger* abstention required dismissal of

15  federal action); *but see Gilbertson,* 381 F.3d at 968 (federal courts should stay, not dismiss, actions

16  where damages are at issue).

17  **II.    THE COURT SHOULD ABSTAIN UNDER THE *COLORADO RIVER* DOCTRINE**

18    The Court should also abstain in the instant case under the *Colorado River* doctrine, which

19  rests on "[w]ise judicial administration," "conservation of judicial resources[,] and comprehensive

20  disposition of litigation."  *Colorado River, supra,* 424 U.S. at 817-18.  In applying the *Colorado*

21  *River* doctrine, a federal court must consider and weigh several factors in determining the propriety of

22  abstaining in favor of state proceedings.  These include: (1) which court first assumed jurisdiction

23  over property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding

24  piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or

25  state law controls; (6) whether the state court proceedings are inadequate to protect the parties' rights;

26  and (7) the prevention of forum shopping.  *Id.* at 818; *Nakash v. Marciano* (9th Cir. 1989) 882 F.2d

27  1411, 1415 (abstention appropriate); *Fireman's Fund Ins. Co. v. Quackenbush* (9th Cir. 1996) 87 F.3d

28  290, 297 (abstention appropriate).  "These factors are to be applied in a pragmatic and flexible way,

as part of a balancing process rather than as a 'mechanical checklist.'" *American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.* (9th Cir. 1988) 843 F.2d 1253, 1257 (abstention appropriate).  "Exact parallelism . . . not required.  It is enough if the two proceedings are 'substantially similar.'" *Nakash*, 882 F.2d at 1416.

Here, consideration of all of the relevant factors support abstention in this case.  The first two factors are irrelevant to this case: there is no issue of jurisdiction over a *res*, and the state and federal forums are one block away from each other, and are equally convenient.  The remaining five factors all support abstention.

The third factor to be considered is the desirability of avoiding piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Int'l Underwriters, supra,* 843 F.2d at 1258; *see also Ryder Truck Rental, Inc. v. Acton Foodservices Corp.* (C.D. Cal. 1983) 554 F.Supp. 277, 281 (district court abstained because "[e]xercising federal jurisdiction in this case would not only require duplication of time and effort on the part of the litigants and the Court, but would also create the possibility of inconsistent results"); *Abend v. City of Oakland*, Slip Copy 2007 WL 627916 (N.D. Cal.) (abstention appropriate given risks of inconsistent rulings with state claim and risks of piecemeal adjudication).  Here, if the Court does not abstain, the exact same parties will litigate the exact same factual and legal issues in state and federal court.   Thus, abstention would preclude piecemeal litigation, and the third factor supports abstention.

The fourth factor to consider is the order in which jurisdiction was obtained and exercised. Here the plaintiffs first filed their state court complaint in February, 2007, five months before they filed this federal court complaint.  In the state case the City filed a demurrer which is scheduled to be heard on September 10, 2007, discovery has begun, the parties have filed Case Management Conference statements, and a Case Management Conference is set for September 12, 2007.[3]  In contrast, nothing has occurred in the federal action other than the filing of the complaint, an objection

---

[3] Mr. Murray has communicated to the City that he was considering dismissing the individual plaintiffs from the state case.  To date, no dismissals have been filed.

1    to a commissioner, and this motion.  "Having elected state court, plaintiff should be bound by its

2    choice absent compelling reasons to seek relief in another forum."  *Ryder Truck Rental,* 554 F.Supp.

3    at 280 (dismissing a "repetitive" federal action under *Colorado River* doctrine where state court

4    obtained jurisdiction only eleven weeks before federal court.)  For these reasons, the fourth factor

5    supports abstention.

6        The fifth factor is whether federal or state law controls.  Here in both the state and federal

7    actions this case is controlled by state law, specifically Penal Code Section 4021 regarding

8    administration of the jails.  In the federal action, the plaintiffs underscore the importance of this Penal

9    Code Section by reference in the complaint.  *See* Federal Complaint at ¶17.  In addition to relying on

10   the Penal Code Section in the complaint, in the federal action, the plaintiffs assert nine causes of

11   action, six of which arise are under state law.  The only federal claims are under Title VII, and those

12   claims are identical to the FEHA claims, and are routinely adjudicated in state court.  *Nakash*, 882

13   F.2d 1411, 1415-16 (if the state and federal courts have concurrent jurisdiction over a claim, this

14   factor becomes less significant); *Silvaco Data Systems, Inc. v. Technology Modeling Assocs.* (N.D.

15   Cal. 1995) 896 F.Supp. 973, 976 (stay appropriate even though "claims in state and federal court are

16   not based on exactly the same laws . . .").  Because the federal case is largely dependent on resolution

17   of state law, the fifth factor supports abstention.

18       Regarding the sixth factor, the state court proceedings are adequate to protect all of plaintiffs'

19   rights.  All of the nine causes of action already have been, or could be, asserted by the plaintiffs in the

20   state case.  The state court has jurisdiction over all of these causes of action, and the remedy in state

21   court is identical to that which the federal court could provide.  For these reasons, the sixth factor

22   supports abstention.

23       Finally, applying the seventh factor, evidence of the plaintiffs' forum shopping also supports

24   abstention.  Plaintiffs first filed in state court, and then six months later filed substantially similar

25   claims in federal court.  The individual plaintiffs are represented in both actions by the same counsel,

26   Larry Murray.  The duplicative filings by plaintiffs, identical challenges to the Sheriff's policy

27   regarding staffing in the female jails, the fact that all the individual plaintiffs in the state case are also

28   plaintiffs in the federal case, and representation by the same counsel in both cases all support a

1    finding that plaintiffs have engaged in forum shopping in this case. *See Fireman's Fund Ins. Co.*, 87

2    F.3d at 297 (applying *Colorado River* doctrine where evidence of forum shopping); *Nakash*, 882 F.2d

3    at 1417 (forum shopping weighs heavily in favor of abstention, and the Ninth Circuit "ha[s] no

4    interest in encouraging this practice.") The seventh factor supports abstention.

5         For all of these reasons, each relevant factor weighs in favor of the Court abstaining under the

6    *Colorado River* doctrine. This case is remarkably similar to *De Simas v. Big Lots Stores, Inc.*, Slip

7    Copy 2007 WL 686638 (N.D. Cal.), in which this Court granted a motion to stay under the *Colorado*

8    *River* doctrine. In *De Simas*, plaintiff Francia Espinosa filed a putative class action complaint in state

9    court alleging wage and hour violations under the California Labor Code. Approximately one year

10   later, the federal plaintiffs filed a nearly identical federal court complaint, similarly alleging wage and

11   hour violations under the California Labor Code. Like the state case, the federal action was a putative

12   class action. This Court was persuaded that the fourth, fifth and sixth *Colorado River* factors all

13   favored defendants and a stay of the federal litigation. The Court found there was "little doubt" that

14   the state and federal actions were "substantially similar": "[t]he two actions assert virtually identical

15   claims, on behalf of overlapping classes. In fact, it appears that the putative class in the [state case]

16   would encompass every putative class member in this action, including [the] named plaintiffs . . ."

17   *Id.* at *7. This is true in the instant case as well. The state and federal actions assert virtually

18   identical statutory discrimination claims challenging the Sheriff's staffing policy in the female jails.

19   The state case is a putative class action, and a class would encompass every named plaintiff in the

20   federal action. Moreover, each of the named plaintiffs in the federal action is also a named plaintiff

21   in the state case. To top it off, counsel for the named plaintiffs is the same in both the state and

22   federal actions. As in *De Simas*, this Court should abstain and grant the defendants' motion to dismiss

23   or stay.

24        Regardless of whether the Court chooses to stay or dismiss the action, the decision to invoke

25   *Colorado River* necessarily contemplates that the federal court will have nothing further to do in

26   resolving any substantive part of the case. *Del Conte v. San Francisco Police Dept.*, Slip Copy 2007

27   WL 1119187 (N.D. Cal.) at *3 (after finding substantially same parties and need to avoid piecemeal

28   litigation, court stayed the action pending completion of related state court proceedings).

1

**CONCLUSION**

2      For the reasons set forth above, the City requests that the Court abstain and either dismiss or

3  stay this action pursuant to the abstention doctrines in *Younger* and *Colorado River*.

4

5  Dated:  August 31, 2007                    Respectfully submitted

6                                             DENNIS J. HERRERA
                                             City Attorney
7                                             ELIZABETH S. SALVESON
                                             Chief Labor Attorney
8                                             MARGARET BAUMGARTNER
                                             JILL J. FIGG
9                                             RAFAL OFIERSKI
                                             Deputy City Attorneys
10

11                                        By:_____/s/_____
                                             JILL J. FIGG
12

13                                           Attorneys for Defendants
                                             CITY AND COUNTY OF SAN FRANCISCO et al.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28