**Exhibit A**

SUMMONS ISSUED

**FILED**
San Francisco County Superior Court

FEB 2 0 2007

GORDON PARK-LI, Clerk
BERNADETTE THOMPSON
Deputy Clerk

1   AMANDA UHRHAMMER (SBN 199445)
    WILL M. YAMADA (SBN 226669)
2   **MASTAGNI, HOLSTEDT, AMICK,**
    **MILLER, JOHNSEN & UHRHAMMER**
3   *A Professional Corporation*
    1912 "I" Street
4   Sacramento, California 95814
    Telephone: (916) 446-4692
5   Facsimile: (916) 447-4614

6   Attorneys for Plaintiffs

7

8

9               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 IN AND FOR THE COUNTY OF SAN FRANCISCO

11

12  SAN FRANCISCO DEPUTY SHERIFFS'          Case No.: **CPF-07-507047**
    ASSOCIATION; DENNIS CARTER;
13  MICHAEL JONES; ALISA ZEHNER;            **CLASS ACTION**
    JOANNA CROTTY; VINCENT QUOCK;           **COMPLAINT FOR DAMAGES,**
14  TEQUISHA CURLEY;  ANJIE VERSHER;,       **DISCRIMINATION UPON GENDER;**
                                            **JURY TRIAL DEMANDED**
15                  Plaintiff,

16

17  v.

18  CITY AND COUNTY OF SAN FRANCISCO
    OFFICE OF THE SHERIFF; MICHAEL
19  HENNESSEY; JAN DEMPSEY; THOMAS
    ARATA; and DOES 1 through 100, Inclusive,
20
                    Defendants.
21

22  Plaintiffs allege as follows:

23  Plaintiffs,   SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION, DENNIS CARTER,

24  MICHAEL JONES, ALISA ZEHNER, JOANNA CROTTY, VINCENT QUOCK, TEQUISHA

25  CURLEY, and ANJIE VERSHER and the ("Plaintiffs") file this complaint on behalf of themselves

26  and others similarly situated and allege against Defendants CITY AND COUNTY OF SAN

27  FRANCISCO OFFICE OF THE SHERIFF (hereinafter referred to as the DEPARTMENT),

28  MICHAEL HENNESSEY, JAN DEMPSEY and THOMAS ARATA and Does 1 to 100, inclusive,

---

COMPLAINT FOR DAMAGES:                          1
JURY TRIAL DEMANDED

MASTAGNI. HOLSTEDT. AMICK,
MILLER. JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO. CALIFORNIA 9581

1    and each of them, violations of the California Penal Code and California Government Code.

2    Plaintiffs allege the Defendants instituted a policy and practice to use only female deputies in female

3    pods of County Jail #8 and furthermore instituted a policy and practice, stated and implemented, that

4    created a two-tiered gender-based system for determination of regular days off.

5    　　　Under the governing laws enumerated below, Plaintiffs and others similarly situated are due

6    damages, penalties, interest, costs and attorneys' fees.  These employment practices are unlawful,

7    unfair, contrary to the public policy of the State of California and the United States of America, and

8    violate state statutes, including California's Government Code and California's Penal Code.

9    (California Penal Code §4021 et seq. and California Government Code §12926, et seq.)

10    　　　　　　　　　**CLASS ACTION ALLEGATIONS**

11    　　1.　　　Plaintiffs bring this action on their own behalf and on behalf of all persons similarly

12    situated.  The class that Plaintiffs represent is composed of San Francisco City and County Deputy

13    Sheriffs.  The persons in the class are so numerous, consisting of approximately 800 individuals, that

14    the joinder of all such persons is impracticable and that the disposition of their claims in a class action

15    rather than in individual actions will benefit the parties and the court.

16    　　2.　　　There is a well-defined community of interest in the questions of law and fact

17    affecting the plaintiff class, including, but not limited as follows:

18    　　　　　　a)　　　Whether or not the policy requiring that only female deputies work in the

19    　　　　　　　　　female pods of CJ8 is discriminatory in application, on its face and/or in

20    　　　　　　　　　impact.

21    　　　　　　b)　　　Whether preventing male deputies from working in the female pods of CJ8 is

22    　　　　　　　　　discriminatory in application, on its face and/or in impact.

23    　　　　　　c)　　　Whether there is any reason which justifies the discriminatory application,

24    　　　　　　　　　facial and/or impact of the minimum female staffing requirement as described

25    　　　　　　　　　herein so as to eliminate liability.

26    　　　　　　d)　　　Whether the two-tiered seniority policy implemented to determine regular days

27    　　　　　　　　　off is discriminatory in application, on its face and/or in impact.

28    　　　　　　e)　　　Whether there is any reason which justifies the discriminatory application,

　　　　　　　　　　facial and/or impact of the two-tiered gender-based system for determination

---

COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                                    2

1     of regular days off so as to eliminate liability..

2           f)     To what nature and extent said alleged discriminatory conduct results or has

3     resulted in damage to the Plaintiff class.

4     These questions of law and fact predominate over questions that affect only individual class

5 members. Proof of a common or single state of facts will establish the right of each member of the

6 class to recover. The claims of the plaintiffs are typical of those of the class and plaintiffs will fairly

7 and adequately represent the interests of the class.

8     3.     The prosecution of individual remedies by members of the plaintiff class would tend

9 to establish inconsistent standards of conduct for the defendant and would result in the impairment

10 of class members' rights and the disposition of their interests through actions to which they were not

11 parties.

12         **PRELIMINARY PARAGRAPHS**

13     4.     Plaintiffs DENNIS CARTER, MICHAEL JONES, ALISA ZEHNER, JOANNA

14 CROTTY, VINCENT QUOCK, TEQUISHA CURLEY, and ANJIE VERSHER (hereinafter

15 "Plaintiffs"), are individuals and are now, and at all times mentioned herein were, residents of the

16 State of California. Plaintiff SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION is and was

17 at all relevant times a membership association comprised of San Francisco County Deputy Sheriffs,

18 and is and was at all relevant times, based in the City and County of San Francisco, California. Said

19 association is organized under the laws of the State of California.

20     5.     At all times mentioned herein, Plaintiffs were employees of Defendant, CITY AND

21 COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF as are the members of the plaintiff

22 class. Plaintiff SFDSA is a representative of plaintiff class members.

23     6.     Defendant, CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE

24 SHERIFF (hereinafter referred to as the DEPARTMENT) is, and at all times herein mentioned was,

25 a California municipal entity in the State of California and is an entity subject to suit under the

26 California Department of Fair Employment and Housing Act, Government Code §12900 *et seq.*

27 ("FEHA").

28

---

CLASS ACTION COMPLAINT FOR DAMAGES;      3
JURY TRIAL DEMANDED

MASTAGNI. HOLSTEDT. AMICK.
MILLER. JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO. CALIFORNIA 9551

7.    Defendant MICHAEL HENNESSEY is, and at all times mentioned herein was, employed by Defendant, the DEPARTMENT as Sheriff, and was, at all times mentioned herein, acting within the course and scope of his employment with said Defendant DEPARTMENT, and is sued herein individually and as an employee of said Defendant.

8.    Defendant JAN DEMPSEY is, and at all times mentioned herein was, employed by Defendant DEPARTMENT, as Undersheriff, and was, at all times mentioned herein, acting within the course and scope of her employment with said Defendant, and is sued herein individually and as an employee of said Defendant.

9.    Defendant THOMAS ARATA is, and at all times mentioned herein was, employed by Defendant DEPARTMENT, as Chief Deputy, and was, at all times mentioned herein, acting within the course and scope of his employment with said Defendant, and is sued herein individually and as an employee of said Defendant.

10.    The true names and capacities, whether individual, public, political or otherwise, of DOE Defendants 1 to 100, inclusive, are unknown to Plaintiffs and the plaintiff class, who therefore sue said Defendants by such fictitious names, pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe, and upon such information and belief, allege, that each of said Defendants is responsible in some manner for the events and happenings hereinafter referred to, and that Defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment, and it shall be deemed that said Defendant Does 1 to 100, inclusive, and each of them, are likewise the subject of said charging allegations.

11.    Plaintiffs are informed and believe, and upon such information and belief, allege that at all times herein mentioned, each Defendant was the agent, servant, and/or employee of the remaining Defendants, and at all times herein mentioned, were acting individually and within the course and scope of said agency and/or employment.

12.    At all times herein relevant, each Defendant, including each DOE Defendant, was the agent, joint venturer, servant, and/or employee of Defendants, and in committing the acts and omissions as herein alleged, was acting within the course and scope of his or her position, and was

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1    an agent of the other Defendants and ratified the conduct of the other Defendants.

2        13.   Plaintiffs have complied with all applicable claims statutes and have exhausted all

3    relevant administrative remedies.   Plaintiffs have filed complaints with the Department of Fair

4    Employment and Housing and have received "Right to Sue" notices.

5        14.   Plaintiffs, on behalf of themselves and others similarly situated seek recovery of

6    damages arising from Defendants' tortious and discriminatory acts against them including tort and

7    punitive damages, and statutory attorney's fees and costs. Plaintiffs have incurred and will continue

8    to incur attorneys fees and costs. Such attorneys fees and costs are necessary for the prosecution of

9    this action and will result in a benefit to each of the members of the class.

10    **EXCEPTION FROM THE EXCLUSIVE REMEDY RULE**

11        15.   Plaintiffs' claims are excepted from the Exclusive Remedy Rule of workers'

12    compensation on the grounds that Defendants' actions are in violation of California's Fair

13    Employment and Housing Act, Gov. Code § 12940 *et seq.*, and that the conditions under which

14    Plaintiff was forced to work were not a normal part of the employment relationship. (*Accardi* v.

15    *Superior Court* (1993) 17 Cal.App.4th 341.)

16    **FACTS COMMONS TO ALL CAUSES OF ACTION**

17        16.   Plaintiffs, and those similarly situated, at all relevant times have been employed by

18    Defendant DEPARTMENT as deputy sheriffs.

19        17.   On or about September 28, 2006, the Plaintiff SAN FRANCISCO DEPUTY

20    SHERIFFS' ASSOCIATION (hereinafter SFDSA) discovered Defendants' plans to move all female

21    inmates to the County Jail #8 (hereinafter CJ8), effective October 7, 2006. The DEPARTMENT also

22    unilaterally implemented a policy requiring 5 female deputies be assigned per watch to the three

23    female inmate pods. This policy necessitated that most, if not all, female deputies working in CJ8

24    be assigned to the female pods of CJ8.

25        18.   In addition to the minimum female staffing requirements, the DEPARTMENT

26    implemented a policy and practice of precluding male officers from working in the female pods of

27    CJ8.

28

CLASS ACTION COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED         5

MASTAGNI. HOLSTEDT. AMICK.
MILLER. JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO. CALIFORNIA 9581

19.    In addition to the minimum female staffing requirements, and in addition to the restriction precluding male deputies from working in the female pods of CJ8, the DEPARTMENT created a policy whereby the seniority lists were divided by gender, creating a gender-based two-tiered process for selecting regular days off. This policy allows, for instance, a female deputy with less seniority than her male counterpart to select days off because her seniority is only compared to that of her female co-workers, and vice versa. This policy was initially implemented out of necessity and as an incentive in order to address the assignment of the female deputies to the female pods of CJ8. Since male deputies were precluded from requesting assignments in the female pods of CJ8 and female deputies were assigned only to the female pods of CJ8, the DEPARTMENT created a gender-based two-tiered seniority system for purposes of selecting regular days off. Said policy is discriminatory.

20.    On or about October 2, 2006, the SFDSA wrote to Defendant HENNESSEY expressing their objection to the new policies.

21.    On or about October 18, 2006, Chief Deputy Thomas Arata informed the SFDSA that the Sheriff intended to proceed with the "new female staffing minimums" at CJ8 and with the two-tiered gender-based seniority system pertaining to selection of regular days off.

22.    Attached to the correspondence dated October 18, 2006 from Chief Deputy Thomas Arata was a memo from Chief Deputy Arata to "All Custody Division Personnel". This memo indicated that no female deputies would be assigned to County Jails #1 and #2 and that only female deputies would be assigned to the female pods in CJ8.

23.    On or about October 19, 2006, the SFDSA wrote to Micki Callahan, Director of Employee Relations Division in the Department of Human Resources complaining of the policy to staff only female officers in the female pods of CJ8 and to permit the implementation of a two-tiered seniority system of selection of regular days off based upon gender.

24.    On or about October 19, 2006, the SFDSA wrote to Defendant DEMPSEY confirming conversations occuring between the SFDSA and the DEPARTMENT regarding the minimum female staffing and gender-based two-tiered seniority system for selection of regular days off. This letter set forth counter proposals by the SFDSA permitting the primary deputy assignments to be filled by

---

CLASS ACTION COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                                6

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95811

1    female officers, but that secondary deputy assignments could be either male or female deputies. This

2    offer was not accepted and the DEPARTMENT implemented their minimum female staffing policy

3    and two-tiered gender-based seniority system for selection of regular days off.

4

5        25.    California Penal Code §4021 states as follows in relevant part:

6        "(a)    Whenever any female prisoner or prisoners are confined in any local detention facility

7                in the state, there shall be an appropriately trained female custodial person assigned,

8                available and accessible for the supervision of the female prisoners.

9        (b)     It shall be unlawful for any officer, station officer, jailer or custodial personnel to

10               search the person of any prisoner of the opposite sex, or to enter into the room or cell

11               occupied by any prisoner of the opposite sex, except in the company of an employee

12               of the same sex as the prisoner. **Except as provided herein, the provisions of this**

13               **subdivision shall not be applied to discriminate against any employee by**

14               **prohibiting appointment or work assignment on the basis of sex of the employee.**

15       ..." (Emphasis added). The policies implemented by the DEPARTMENT violate this statute.

16       26.    No legitimate business reason has been provided by Defendants sufficient to justify

17   the implementation of the gender-based policies, nor has any necessity been shown.

18       27.    As a result of the minimum female staffing policy, female deputies are wrongfully

19   prevented from working in other areas of CJ8, and therefore, are prevented from obtaining training

20   and experience to enable them to promote or otherwise progress in their career in law enforcement.

21   Female deputies have been deprive  Additionally, male deputies are prevented from working in the

22   female pods of CJ8, and are therefore, prevented from acquiring said experience and training which

23   would come from such an assignment.  These deprivations are a result of policies based solely upon

24   their gender.

25       28.    As a result of the gender-based two-tiered seniority system for selection of regular

26   days off, deputies with more seniority are being wrongfully deprived of their right to select regular

27   days off based upon their seniority due to their gender and are therefore forced to work undesirable

28   or less desirable shifts and schedules.

CLASS ACTION COMPLAINT FOR DAMAGES;
JURY TRIAL DEMANDED                              7

29.     As a result of the new policy precluding male deputies from working in the female pods of CJ8, all male deputies are precluded from signing up for overtime shifts at these female pods. Additionally, as a result of the new policy requiring only female deputies to work in the female pods of CJ8, female deputies from other facilities are being forced to work overtime at the female pods of CJ8. Accordingly, female deputies are restricted from working overtime shifts at the facility of their choice because of their gender.

30.     As a result of the new policy requiring only female deputies to work at CJ8, female deputies from other facilities have been involuntarily transferred to work at CJ8.

31.     Plaintiffs, individually and on behalf of others similarly situated attempted to resolve these issues with Defendants without success.

32.     A Memorandum of Understanding (hereinafter referred to as MOU) between the DEPARTMENT and the deputies employed in the DEPARTMENT governs conditions of employment of the deputies.

### FIRST CAUSE OF ACTION

### (DISCRIMINATION BASED ON GENDER IN VIOLATION OF GOVERNMENT CODE § 12940 et seq)

33.     The allegations of paragraphs 1 through 32 are re-alleged and incorporated herein by reference. This cause of action is pled against all Defendants.

34.     Plaintiffs are members of a protected class based on their gender.

35.     Defendants were at all material times employers within the meaning of Government Code section 12926(c) and, as such, were barred from discriminating against Plaintiffs on the basis of their gender, as set forth in Government Code section 12940, et seq..

36.     Defendants engaged in discriminatory employment practices relating to employment, position assignments, scheduling and transfer requests of employees based upon gender, and the processing and investigation of the discrimination complaints filed by Plaintiffs and others similarly situated or on behalf of those similarly situated, which were discriminatory on their face, in implementation and impact. These employment practices consisted of the enactment of policies and procedures that had the effect of a disproportionate adverse impact on Plaintiffs and others similarly

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

situated who were assigned to positions, or who were denied assignment to positions, based solely upon their gender. These employment practices furthermore consisted of the development of a policy and/or procedure by which determination of regular days off for employees was based upon gender. This employment practice caused significant disproportionate adverse impact on Plaintiffs and other members of Plaintiffs' protected group.

37.     As a direct and proximate result of Defendants' conduct, Plaintiffs and others similarly situated have suffered and continue to suffer substantial losses incurred, including, but not limited to, lost earnings, lost opportunity for career advancement, lost overtime opportunities, lost opportunities to obtain needed experience and training for promotion and other career advancement, and other employment benefits they would have received had Defendants not engaged in the aforementioned conduct.

38.     As a proximate result of Defendants' conduct, Plaintiffs and others similarly situated have suffered and continue to suffer emotional distress, embarrassment, anxiety, and humiliation, and damage in an amount according to proof.

39.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiffs and others similarly situated, from an improper and   evil motive amounting to malice, in a conscious disregard of Plaintiffs' rights and the rights of others similarly situated. Plaintiffs and others similarly situated are thus entitled to recover punitive damages from Defendants in an amount according to proof.

40.     As a result of Defendants' discriminatory acts as alleged herein, it was necessary for Plaintiffs to retain counsel to represent them, and Plaintiffs and others similarly situated therefore are entitled to reasonable attorneys' fees and costs of suit as provided by Government Code section 12965(b) and as otherwise permitted by law.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For compensatory damages, and other monetary relief according to proof;

AASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
912 I STREET
SACRAMENTO, CALIFORNIA 95814

2.   For general damages and non-economic damages according to proof;

3    For prejudgment interest at the prevailing legal rate;

4.   For punitive damages according to proof;

5.   For attorneys fees incurred on behalf of Plaintiffs and the class;

6.   For injunctive relief;

7.   For costs of suit herein incurred; and

8.   For such other and further relief as the court deems just and proper.

Dated: February 16, 2007

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

AMANDA UHRHAMMER
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES:
JURY TRIAL DEMANDED                    10

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
1212 I STREET
SACRAMENTO, CALIFORNIA 95814

**Exhibit B**

1    AMANDA UHRHAMMER (SBN 199445)
    WILL M. YAMADA (SBN 226669)

2    **MASTAGNI, HOLSTEDT, AMICK,**
    **MILLER, JOHNSEN & UHRHAMMER**

3    *A Professional Corporation*
    1912 "I" Street

4    Sacramento, California 95814
    Telephone: (916) 446-4692

5    Facsimile: (916) 447-4614

6    Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 1 5 2007

GORDON PARK-LI, Clerk
BY: _____ DENNIS BRADY
            Deputy Clerk

7

8

9       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        IN AND FOR THE COUNTY OF SAN FRANCISCO

11

12

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION; DENNIS CARTER; MICHAEL JONES; ALISA ZEHNER; JOANNA CROTTY; VINCENT QUOCK; TEQUISHA CURLEY;  ANJIE VERSHER;,<br><br>       Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF; MICHAEL HENNESSEY; JAN DEMPSEY; and DOES 1 through 100, Inclusive,<br><br>       Defendants. | Case No.:  CPF-07-507 047<br><br>**FIRST-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, DISCRIMINATION UPON GENDER; JURY TRIAL DEMANDED** |

22    Plaintiffs allege as follows:

23    Plaintiffs,  SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION, DENNIS CARTER,

24    MICHAEL JONES, ALISA ZEHNER, JOANNA CROTTY, VINCENT QUOCK, TEQUISHA

25    CURLEY, and ANJIE VERSHER and the ("Plaintiffs") file this complaint on behalf of themselves

26    and others similarly situated and allege against Defendants CITY AND COUNTY OF SAN

27    FRANCISCO OFFICE OF THE SHERIFF (hereinafter referred to as the DEPARTMENT),

28    MICHAEL HENNESSEY, and JAN DEMPSEY  and Does 1 to 100, inclusive, and each of them,

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1   violations of the California Penal Code and California Government Code.  Plaintiffs allege the

2   Defendants instituted a policy and practice to use only female deputies in female pods of County Jail

3   #8 and furthermore instituted a policy and practice, stated and implemented, that created a two-tiered

4   gender-based system for determination of regular days off.

5          Under the governing laws enumerated below, Plaintiffs and others similarly situated are due

6   damages, penalties, interest, costs and attorneys' fees.  These employment practices are unlawful,

7   unfair, contrary to the public policy of the State of California and the United States of America, and

8   violate state statutes, including California's Government Code and California's Penal Code.

9   (California Penal Code §4021 et seq. and California Government Code §12926, et seq.)

10                              **CLASS ACTION ALLEGATIONS**

11          1.      Plaintiffs bring this action on their own behalf and on behalf of all persons similarly

12  situated.  The class that Plaintiffs represent is composed of San Francisco City and County Deputy

13  Sheriffs.  The persons in the class are so numerous, consisting of approximately 800 individuals, that

14  the joinder of all such persons is impracticable and that the disposition of their claims in a class action

15  rather than in individual actions will benefit the parties and the court.

16          2.      There is a well-defined community of interest in the questions of law and fact

17  affecting the plaintiff class, including, but not limited as follows:

18                  a)      Whether or not the policy requiring that only female deputies work in the

19                          female pods of CJ8 is discriminatory in application, on its face and/or in

20                          impact.

21                  b)      Whether preventing male deputies from working in the female pods of CJ8 is

22                          discriminatory in application, on its face and/or in impact.

23                  c)      Whether there is any reason which justifies the discriminatory application,

24                          facial and/or impact of the minimum female staffing requirement as described

25                          herein so as to eliminate liability.

26                  d)      Whether the two-tiered seniority policy implemented to determine regular days

27                          off is discriminatory in application, on its face and/or in impact.

28                  e)      Whether there is any reason which justifies the discriminatory application,

                            facial and/or impact of the two-tiered gender-based system for determination

---

FIRST-AMENDED CLASS ACTION COMPLAINT                    San Francisco County Case No.  CPF-07-507 047
JURY TRIAL DEMANDED                          2

ASTAGNI, HOLSTEDT, AMICK,
:LLER, JOHNSEN & UHRHAMMEF
PROFESSIONAL CORPORATION
:2 I STREET
\CRAMENTO, CALIFORNIA 9581<

1       of regular days off so as to eliminate liability..

2           f)      To what nature and extent said alleged discriminatory conduct results or has

3       resulted in damage to the Plaintiff class.

4       These questions of law and fact predominate over questions that affect only individual class

5   members. Proof of a common or single state of facts will establish the right of each member of the

6   class to recover. The claims of the plaintiffs are typical of those of the class and plaintiffs will fairly

7   and adequately represent the interests of the class.

8           3.      The prosecution of individual remedies by members of the plaintiff class would tend

9   to establish inconsistent standards of conduct for the defendant and would result in the impairment

10  of class members' rights and the disposition of their interests through actions to which they were not

11  parties.

12                          **PRELIMINARY PARAGRAPHS**

13          4.      Plaintiffs DENNIS CARTER, MICHAEL JONES, ALISA ZEHNER, JOANNA

14  CROTTY, VINCENT QUOCK, TEQUISHA CURLEY, and ANJIE VERSHER (hereinafter

15  "Plaintiffs"), are individuals and are now, and at all times mentioned herein were, residents of the

16  State of California. Plaintiff SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION is and was

17  at all relevant times a membership association comprised of San Francisco County Deputy Sheriffs,

18  and is and was at all relevant times, based in the City and County of San Francisco, California. Said

19  association is organized under the laws of the State of California.

20          5.      At all times mentioned herein, Plaintiffs were employees of Defendant, CITY AND

21  COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF as are the members of the plaintiff

22  class. Plaintiff SFDSA is a representative of plaintiff class members.

23          6.      Defendant, CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE

24  SHERIFF (hereinafter referred to as the DEPARTMENT) is, and at all times herein mentioned was,

25  a California municipal entity in the State of California and is an entity subject to suit under the

26  California Department of Fair Employment and Housing Act, Government Code §12900 *et seq.*

27  ("FEHA").

28

---

FIRST-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES      San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                                                  3

ASTAGNE, HOLSTEDT, AMICK,
R.EEL, JOHNSEN & UHRHAMME
PROFESSIONAL CORPORATION
...  STREET
...RAMENTO, CALIFORNIA 9581-

1     7.     Defendant MICHAEL HENNESSEY is, and at all times mentioned herein was,

2     employed by Defendant, the DEPARTMENT as Sheriff, and was, at all times mentioned herein,

3     acting within the course and scope of his employment with said Defendant DEPARTMENT, and is

4     sued herein individually and as an employee of said Defendant.

5     8.     Defendant JAN DEMPSEY is, and at all times mentioned herein was, employed by

6     Defendant DEPARTMENT, as Undersheriff, and was, at all times mentioned herein, acting within

7     the course and scope of her employment with said Defendant, and is sued herein individually and as

8     an employee of said Defendant.

9     9.     The true names and capacities, whether individual, public, political or otherwise, of

10     DOE Defendants 1 to 100, inclusive, are unknown to Plaintiffs and the plaintiff class, who therefore

11     sue said Defendants by such fictitious names, pursuant to Code of Civil Procedure section 474.

12     Plaintiffs are informed and believe, and upon such information and belief, allege, that each of said

13     Defendants is responsible in some manner for the events and happenings hereinafter referred to, and

14     that Defendants were the agents and employees of their codefendants, and in doing the things alleged

15     in this complaint were acting within the course and scope of that agency and employment, and it shall

16     be deemed that said Defendant Does 1 to 100, inclusive, and each of them, are likewise the subject

17     of said charging allegations.

18     10     Plaintiffs are informed and believe, and upon such information and belief, allege that

19     at all times herein mentioned, each Defendant was the agent, servant, and/or employee of the

20     remaining Defendants, and at all times herein mentioned, were acting individually and within the

21     course and scope of said agency and/or employment.

22     11     At all times herein relevant, each Defendant, including each DOE Defendant, was the

23     agent, joint venturer, servant, and/or employee of Defendants, and in committing the acts and

24     omissions as herein alleged, was acting within the course and scope of his or her position, and was

25     an agent of the other Defendants and ratified the conduct of the other Defendants.

26     12.     Plaintiffs have complied with all applicable claims statutes and have exhausted all

27     relevant administrative remedies.    Plaintiffs have filed complaints with the Department of Fair

28     Employment and Housing and have received "Right to Sue" notices.

---

ASTAGNI, HOLSTEDT, AMICK
JILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
921 I STREET
SACRAMENTO, CALIFORNIA 9581

13.     Plaintiffs have complied and satisfied all claims requirements.

14.     Plaintiffs, on behalf of themselves and others similarly situated seek recovery of damages arising from Defendants' tortious and discriminatory acts against them including tort and punitive damages, and statutory attorney's fees and costs. Plaintiffs have incurred and will continue to incur attorneys fees and costs. Such attorneys fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the class.

## EXCEPTION FROM THE EXCLUSIVE REMEDY RULE

15.     Plaintiffs' claims are excepted from the Exclusive Remedy Rule of workers' compensation on the grounds that Defendants' actions are in violation of California's Fair Employment and Housing Act, Gov. Code § 12940 *et seq.*, and that the conditions under which Plaintiff was forced to work were not a normal part of the employment relationship. (*Accardi* v. *Superior Court* (1993) 17 Cal.App.4th 341.)

## FACTS COMMONS TO ALL CAUSES OF ACTION

16.     Plaintiffs, and those similarly situated, at all relevant times have been employed by Defendant DEPARTMENT as deputy sheriffs.

17.     On or about September 28, 2006, the Plaintiff SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION (hereinafter SFDSA) discovered Defendants' plans to move all female inmates to the County Jail #8 (hereinafter CJ8), effective October 7, 2006. The DEPARTMENT also unilaterally implemented a policy requiring 5 female deputies be assigned per watch to the three female inmate pods. This policy necessitated that most, if not all, female deputies working in CJ8 be assigned to the female pods of CJ8.

18.     In addition to the minimum female staffing requirements, the DEPARTMENT implemented a policy and practice of precluding male officers from working in the female pods of CJ8.

19.     In addition to the minimum female staffing requirements, and in addition to the restriction precluding male deputies from working in the female pods of CJ8, the DEPARTMENT created a policy whereby the seniority lists were divided by gender, creating a gender-based two-tiered process for selecting regular days off. This policy allows, for instance, a female deputy with

ASTAGNI, HOLSTEDT, AMICK,
MILER, JOHNSEN & UHRHAMME
PROFESSIONAL CORPORATION
121 J STREET
SACRAMENTO, CALIFORNIA 9581

1   less seniority than her male counterpart to select days off because her seniority is only compared to

2   that of her female co-workers, and vice versa. This policy was initially implemented out of necessity

3   and as an incentive in order to address the assignment of the female deputies to the female pods of

4   CJ8. Since male deputies were precluded from requesting assignments in the female pods of CJ8 and

5   female deputies were assigned only to the female pods of CJ8, the DEPARTMENT created a gender-

6   based two-tiered seniority system for purposes of selecting regular days off.    Said policy is

7   discriminatory.

8          20.    On or about October 2, 2006, the SFDSA wrote to Defendant HENNESSEY

9   expressing their objection to the new policies.

10         21.    On or about October 18, 2006, Chief Deputy Thomas Arata informed the SFDSA that

11  the Sheriff intended to proceed with the "new female staffing minimums" at CJ8 and with the two-

12  tiered gender-based seniority system pertaining to selection of regular days off.

13         22.    Attached to the correspondence dated October 18, 2006 from Chief Deputy Thomas

14  Arata was a memo from Chief Deputy Arata to "All Custody Division Personnel". This memo

15  indicated that no female deputies would be assigned to County Jails #1 and #2 and that only female

16  deputies would be assigned to the female pods in CJ8.

17         23.    On or about October 19, 2006, the SFDSA wrote to Micki Callahan, Director of

18  Employee Relations Division in the Department of Human Resources complaining of the policy to

19  staff only female officers in the female pods of CJ8 and to permit the implementation of a two-tiered

20  seniority system of selection of regular days off based upon gender.

21         24.    On or about October 19, 2006, the SFDSA wrote to Defendant DEMPSEY confirming

22  conversations occurring between the SFDSA and the DEPARTMENT regarding the minimum female

23  staffing and gender-based two-tiered seniority system for selection of regular days off. This letter set

24  forth counter proposals by the SFDSA permitting the primary deputy assignments to be filled by

25  female officers, but that secondary deputy assignments could be either male or female deputies. This

26  offer was not accepted and the DEPARTMENT implemented their minimum female staffing policy

27  and two-tiered gender-based seniority system for selection of regular days off.

28

---

ASTAGNI, HOLSTEDT, AMICK,
ILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
12 1 STREET
\CRAMENTO, CALIFORNIA 9581

1    25.    California Penal Code §4021 states as follows in relevant part:

2    "(a)    Whenever any female prisoner or prisoners are confined in any local detention facility

3        in the state, there shall be an appropriately trained female custodial person assigned,

4        available and accessible for the supervision of the female prisoners.

5    (b)    It shall be unlawful for any officer, station officer, jailer or custodial personnel to

6        search the person of any prisoner of the opposite sex, or to enter into the room or cell

7        occupied by any prisoner of the opposite sex, except in the company of an employee

8        of the same sex as the prisoner. **Except as provided herein, the provisions of this**

9        **subdivision shall not be applied to discriminate against any employee by**

10        **prohibiting appointment or work assignment on the basis of sex of the employee.**

11    ..." (Emphasis added). The policies implemented by the DEPARTMENT violate this statute.

12    26.    No legitimate business reason has been provided by Defendants sufficient to justify

13    the implementation of the gender-based policies, nor has any necessity been shown.

14    27.    As a result of the minimum female staffing policy, female deputies are wrongfully

15    prevented from working in other areas of CJ8, and therefore, are prevented from obtaining training

16    and experience to enable them to promote or otherwise progress in their career in law enforcement.

17    Female deputies have been deprive  Additionally, male deputies are prevented from working in the

18    female pods of CJ8, and are therefore, prevented from acquiring said experience and training which

19    would come from such an assignment. These deprivations are a result of policies based solely upon

20    their gender.

21    28.    As a result of the gender-based two-tiered seniority system for selection of regular

22    days off, deputies with more seniority are being wrongfully deprived of their right to select regular

23    days off based upon their seniority due to their gender and are therefore forced to work undesirable

24    or less desirable shifts and schedules.

25    29.    As a result of the new policy precluding male deputies from working in the female

26    pods of CJ8, all male deputies are precluded from signing up for overtime shifts at these female pods.

27    Additionally, as a result of the new policy requiring only female deputies to work in the female pods

28    of CJ8, female deputies from other facilities are being forced to work overtime at the female pods of

---

FIRST-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                                                    7

1    CJ8. Accordingly, female deputies are restricted from working overtime shifts at the facility of their

2    choice because of their gender.

3        30.    As a result of the new policy requiring only female deputies to work at CJ8, female

4    deputies from other facilities have been involuntarily transferred to work at CJ8.

5        31.    Plaintiffs, individually and on behalf of others similarly situated attempted to resolve

6    these issues with Defendants without success.

7        32.    A Memorandum of Understanding (hereinafter referred to as MOU) between the

8    DEPARTMENT and the deputies employed in the DEPARTMENT governs conditions of

9    employment of the deputies.

10    **FIRST CAUSE OF ACTION**

11    **(DISCRIMINATION BASED ON GENDER IN**
      **VIOLATION OF GOVERNMENT CODE § 12940 et seq)**

12

13        33.    The allegations of paragraphs 1 through 32 are re-alleged and incorporated herein by

14    reference. This cause of action is pled against all Defendants.

15        34.    Plaintiffs are members of a protected class based on their gender.

16        35.    Defendants were at all material times employers within the meaning of Government

17    Code section 12926(c) and, as such, were barred from discriminating against Plaintiffs on the basis

18    of their gender, as set forth in Government Code section 12940, et seq..

19        36.    Defendants engaged in discriminatory employment practices relating to employment,

20    position assignments, scheduling and transfer requests of employees based upon gender, and the

21    processing and investigation of the discrimination complaints filed by Plaintiffs and others similarly

22    situated or on behalf of those similarly situated, which were discriminatory on their face, in

23    implementation and impact. These employment practices consisted of the enactment of policies and

24    procedures that had the effect of a disproportionate adverse impact on Plaintiffs and others similarly

25    situated who were assigned to positions, or who were denied assignment to positions, based solely

26    upon their gender. These employment practices furthermore consisted of the development of a policy

27    and/or procedure, a segregated seniority list, by which determination of regular days off for employees

28    was based upon gender. This employment practice caused significant disproportionate adverse impact

---

FIRST-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED    8

ASTAGNI, HOLSTEDT, AMICK,
ILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
2 I STREET
ACRAMENTO, CALIFORNIA 95814

1   on Plaintiffs and other members of Plaintiffs' protected group.

2       37.   As a direct and proximate result of Defendants' conduct, Plaintiffs and others similarly

3   situated have suffered and continue to suffer substantial losses incurred, including, but not limited

4   to, lost earnings, lost opportunity for career advancement, lost overtime opportunities, lost

5   opportunities to obtain needed experience and training for promotion and other career advancement,

6   and other employment benefits they would have received had Defendants not engaged in the

7   aforementioned conduct.

8       38.   As a proximate result of Defendants' conduct, Plaintiffs and others similarly situated

9   have suffered and continue to suffer emotional distress, embarrassment, anxiety, and humiliation, and

10  damage in an amount according to proof.

11      39.   Defendants committed the acts alleged herein maliciously, fraudulently, and

12  oppressively, in bad faith, with the wrongful intention of injuring Plaintiffs and others similarly

13  situated, from an improper and  evil motive amounting to malice, in a conscious disregard of

14  Plaintiffs' rights and the rights of others similarly situated. Plaintiffs and others similarly situated are

15  thus entitled to recover punitive damages from Defendants in an amount according to proof.

16      40.   As a result of Defendants' discriminatory acts as alleged herein, it was necessary for

17  Plaintiffs to retain counsel to represent them, and Plaintiffs and others similarly situated therefore are

18  entitled to reasonable attorneys' fees and costs of suit as provided by Government Code section

19  12965(b) and as otherwise permitted by law.

20      WHEREFORE, Plaintiffs request relief as hereinafter provided.

21                      **SECOND CAUSE OF ACTION**

22            **(DISCRIMINATION BASED ON GENDER IN**
                 **VIOLATION OF CALIFORNIA PENAL CODE §4021)**
23

24      41.   ·   The allegations of paragraphs 1 through 40 are re-alleged and incorporated herein by

25  reference. This cause of action is pled against all Defendants.

26      42.   Plaintiffs are members of a protected class based on their gender.

27      43.   Defendants were at all material times employers within the meaning of Government

28  Code section 12926(c) and, as such, were barred from discriminating against Plaintiffs on the basis

ASTAGNI, HOLSTEDT, AMICK,
MILER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
921 STREET
SACRAMENTO, CALIFORNIA 9581I

1  of their gender, as set forth in California Penal Code §4021.

2      44.   Defendants engaged in discriminatory practices relating to employment, position

3  assignments, scheduling and transfer requests of employees based upon gender, which were

4  discriminatory on their face, in implementation and impact. These employment practices consisted

5  of the enactment of policies and procedures that had the effect of a disproportionate adverse impact

6  on Plaintiffs and others similarly situated who were assigned to positions, or who were denied

7  assignment to positions, based solely upon their gender. These employment practices furthermore,

8  consisted of the development of a policy and/or procedure, a segregated seniority list, by which

9  determination of regular days off for employees was based upon gender. This employment practice

10 caused significant disproportionate adverse impact on Plaintiffs and other members of Plaintiffs'

11 protected group. These policies and practices violate the California Penal Code §4021 in that said

12 code section as set forth in paragraph 25 states, "Except as provided herein, the provisions of this

13 subdivision shall not be applied to discriminate against any employee by prohibiting appointment or

14 work assignment on the basis of sex of the employee."

15      In direct violation of this statute, Defendants implemented said policies and practices,

16 prohibiting appointment and work assignments on the basis of the gender of Plaintiffs.

17      45.   As a direct and proximate result of Defendants' conduct, Plaintiffs and others similarly

18 situated have suffered and continue to suffer substantial losses incurred, including, but not limited

19 to, lost earnings, lost opportunity for career advancement, lost overtime opportunities, lost

20 opportunities to obtain needed experience and training for promotion and other career advancement,

21 and other employment benefits they would have received had Defendants not engaged in the

22 aforementioned conduct.

23      46.   As a proximate result of Defendants' conduct, Plaintiffs and others similarly situated

24 have suffered and continue to suffer emotional distress, embarrassment, anxiety, and humiliation, and

25 damage in an amount according to proof.

26      47    Defendants committed the acts alleged herein maliciously, fraudulently, and

27 oppressively, in bad faith, with the wrongful intention of injuring Plaintiffs and others similarly

28 situated, from an improper and   evil motive amounting to malice, in a conscious disregard of

---

FIRST-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                                10

IASTAGNI, HOLSTEDT, AMICK,
IILLER, JOHNSEN & UHRHAMME
PROFESSIONAL CORPORATION
?I? I STREET
ACRAMENTO  CALIFORNIA 9581

1   Plaintiffs' rights and the rights of others similarly situated.  Plaintiffs and others similarly situated

2   thus are  entitled to recover punitive damages from Defendants in an amount according to proof.

3        48.    As a result of Defendants' discriminatory acts as alleged herein, it was necessary for

4   Plaintiffs to retain counsel to represent them, and Plaintiffs and others similarly situated therefore are

5   entitled to reasonable attorneys' fees and costs of suit as provided by Government Code section

6   12965(b) and as otherwise permitted by law.

7       WHEREFORE, Plaintiffs request relief as hereinafter provided.

8

9                          **PRAYER FOR RELIEF**

10     WHEREFORE, Plaintiffs pray for judgment as follows:

11     1.    For compensatory damages, and other monetary relief according to proof;

12     2.    For general damages and non-economic damages according to proof;

13     3    For prejudgment interest at the prevailing legal rate;

14     4.    For punitive damages according to proof;

15     5.    For attorneys fees incurred on behalf of Plaintiffs and the class;

16     6.    For injunctive relief;

17     7.    For costs of suit herein incurred; and

18     8.    For such other and further relief as the court deems just and proper.

19

20   Dated: March 14, 2007            **MASTAGNI, HOLSTEDT, AMICK,**

21                        **MILLER, JOHNSEN & UHRHAMMER**

22

23                       AMANDA UHRHAMMER

24                       Attorneys for Plaintiffs

25

26

27

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
PROFESSIONAL CORPORATION
?? I STREET
ACRAMENTO, CALIFORNIA 958??

**Exhibit C**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
AMANDA UHRHAMMER/SBN 199445
MASTAGNI,HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
1912 I Street
Sacramento, CA  95814
TELEPHONE NO.: (916) 446-4692    FAX NO. (Optional): (916)447-4614
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):  PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA  94102
BRANCH NAME:

CASE NAME:  SFDSA V. CITY AND COUNTY OF SAN
FRANCISCO OFFICE OF THE SHERIFF

**F I L E D**
San Francisco County Superior Court

JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: BETH MILLER
Deputy Clerk

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: CPF-07-507 047 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name):  Dennis Carter    makes the following substitution:
1. **Former legal representative**    ☐ Party represented self    ☒ Attorney (name): Amanda Uhrhammer
2. **New legal representative**    ☐ Party is representing self*    ☒ Attorney Lawrence D. Murray
   a. Name: Lawrence D. Murray    b. State Bar No. (if applicable): 77536
   c. Address (number, street, city, ZIP, and law firm name, if applicable):  1781 Union Street, San Francisco, CA  94123

   d. Telephone No. (include area code): (415) 673-0555 Fax: (415) 928-4084
3. The party making this substitution is a    ☒ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent    ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date:

   DENNIS CARTER
   (TYPE OR PRINT NAME)    ▶ _(signature)_    (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:

   AMANDA UHRHAMMER
   (TYPE OR PRINT NAME)    MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
   ▶ _(signature)_    (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 4-6-07
   LAWRENCE D. MURRAY
   (TYPE OR PRINT NAME)    LAWRENCE D. MURRAY & ASSOCIATES
   ▶ _(signature)_    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Legal Solutions Plus

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362

MC–050

| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An underlined copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                    (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 6-20-07

   MARY THERESE TULLO
   _____
   (TYPE OR PRINT NAME)

   _____
   (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: LAWRENCE D. MURRAY
   b. Address *(number, street, city, and ZIP):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

Page 2 of 2

MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

AMANDA UHRHAMMER/SBN 199445
MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
1912 I Street
Sacramento, CA  95814
TELEPHONE NO.: (916) 446-4692   FAX NO. *(Optional)*: (916)447-4614
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: SFDSA V. CITY AND COUNTY OF SAN
FRANCISCO OFFICE OF THE SHERIFF

# FILED
San Francisco County Superior Court

JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CPF-07-507 047 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: MICHAEL JONES          makes the following substitution:
1. **Former legal representative** ☐ Party represented self   ☒ Attorney *(name)*: AMANDA UHRHAMMER
2. **New legal representative** ☐ Party is representing self*   ☒ Attorney LAWRENCE D. MURRAY
   a. Name: LAWRENCE D. MURRAY              b. State Bar No. *(if applicable)*: 77536
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*: 1781 UNION STREET, SAN FRANCISCO,
   CA  94123

   d. Telephone No. *(include area code)*: (415) 673-0555
3. The party making this substitution is a   ☒ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date:

   MICHAEL JONES
   _____
   (TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:

   AMANDA UHRHAMMER                    MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
   _____
   (TYPE OR PRINT NAME)                                          (SIGNATURE OF FORMER ATTORNEY)

5. ☒ I consent to this substitution.
   Date:                                LAWRENCE D. MURRAY & ASSOCIATES
   LAWRENCE D. MURRAY
   _____
   (TYPE OR PRINT NAME)                                          (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*                                                    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC–050 [Rev. January 1, 2007]                    **SUBSTITUTION OF ATTORNEY—CIVIL**
                                                 **(Without Court Order)**
Legal Solutions Plus                    Code of Civil Procedure, §§ 284(1), 285;
                                        Cal. Rules of Court, rule 3.1362

MC–050

| | |
|---|---|
| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                          (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 6-20-07

   MARY THERESE TULLO                          _____
   (TYPE OR PRINT NAME)                                         (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:  LAWRENCE D. MURRAY
   b. Address *(number, street, city, and ZIP):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

Page 2 of 2

MC-050 [Rev. January 1, 2007]                    **SUBSTITUTION OF ATTORNEY—CIVIL**
                                                          **(Without Court Order)**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

AMANDA UHRHAMMER/SBN 199445
MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
1912 I Street
Sacramento, CA  95814
TELEPHONE NO.: (916) 446-4692   FAX NO. (Optional): (916)447-4614
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFFS

**F I L E D**
San Francisco County Superior Court

JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: _____ BETH WILDER,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: SFDSA V. CITY AND COUNTY OF SAN
FRANCISCO OFFICE OF THE SHERIFF

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CPF-07-507 047 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* VINCENT QUOCK    makes the following substitution:

1. **Former legal representative** ☐ Party represented self    ☒ Attorney *(name):* AMANDA UHRHAMMER
2. **New legal representative** ☐ Party is representing self*   ☒ Attorney LAWRENCE D. MURRAY
   a. Name: LAWRENCE D. MURRAY    b.  State Bar No. *(if applicable):* 77536
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

   d. Telephone No. *(include area code):* (415) 673-0555
3. The party making this substitution is a    ☒ plaintiff  ☐ defendant    ☐ petitioner    ☐ respondent    ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date:

   VINCENT QUOCK
   _____
   (TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:

   AMANDA UHRHAMMER
   _____
   (TYPE OR PRINT NAME)    MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
   ► _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 4.6.07

   LAWRENCE D. MURRAY
   _____
   (TYPE OR PRINT NAME)    LAWRENCE D. MURRAY & ASSOCIATES
   ► _____ (SIGNATURE OF NEW ATTORNEY)

   (See reverse for proof of service by mail)    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2007] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Legal Solutions Plus | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362 |
|---|---|---|---|

MC–050

| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                          (2) Place of mailing *(city and state)*:

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date:  6-20-07

   MARY THERESE TULLO                          _____
   (TYPE OR PRINT NAME)                              (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:  LAWRENCE D. MURRAY
   b. Address *(number, street, city, and ZIP)*: 1781 UNION STREET, SAN FRANCISCO, CA  94123

   c. Name of person served:
   d. Address *(number, street, city, and ZIP)*:

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

   ☐ List of names and addresses continued in attachment.

Page 2 of 2

MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

AMANDA UHRHAMMER/SBN 199445
MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
1912 I Street
Sacramento, CA 95814
    TELEPHONE NO. (916) 446-4692    FAX NO. (Optional): (916)447-4614
E-MAIL ADDRESS (Optional):
    ATTORNEY FOR (Name): PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
    STREET ADDRESS: 400 McAllister Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: San Francisco, CA 94102
    BRANCH NAME:
    CASE NAME: SFDSA V. CITY AND COUNTY OF SAN
FRANCISCO OFFICE OF THE SHERIFF

# FILED
San Francisco County Superior Court

JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: _____ BETH MILLER
                              Deputy Clerk

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: CPF-07-507 047 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): TEQUISHA CURLEY    makes the following substitution:

1. Former legal representative    ☐ Party representing self    ☒ Attorney (name): AMANDA UHRHAMMER
2. New legal representative    ☐ Party is representing self*    ☒ Attorney LAWRENCE D. MURRAY
   a. Name: LAWRENCE D. MURRAY    b. State Bar No. (if applicable): 77536
   c. Address (number, street, city, ZIP, and law firm name, if applicable): 1781 UNION STREET, SAN FRANCSICO, CA 94123

   d. Telephone No. (include area code): (415) 673-0555
3. The party making this substitution is a    ☒ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent    ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date:

TEQUISHA CURLEY
        (TYPE OR PRINT NAME)
                                        ► _Tequisha Curley_
                                                (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:

AMANDA UHRHAMMER
        (TYPE OR PRINT NAME)

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
                                        ► _Amanda Uhr_
                                                (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date:

LAWRENCE D. MURRAY
        (TYPE OR PRINT NAME)

LAWRENCE D. MURRAY & ASSOCIATES
                                        ► _Lawrence D. Murray_
                                                (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                      Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Legal Solutions Plus

Code of Civil Procedure, §§ 284(1), 285
Cal. Rules of Court, rule 3.1362

MC–050

| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An* <u>unsigned</u> *copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                              (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 6-20-07

   MARY THERESE TULLO                              _____
   (TYPE OR PRINT NAME)                                           (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: LAWRENCE D. MURRAY
   b. Address *(number, street, city, and ZIP):* 1781 UNION STREET, SAN FRANCISCO, CA 94123

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

AMANDA UHRHAMMER/SBN 199445
MASTAGNI,HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
1912 I Street
Sacramento, CA  95814
   TELEPHONE NO. (916) 446-4692   FAX NO. *(Optional)* (916)447-4614
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name)* PLAINTIFFS

**FILED**
San Francisco County Superior Court
JUN 2? 2007
GORDON PARK-LI, Clerk
BY: _____ BETH WALKER
              Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA  94102
  BRANCH NAME:

CASE NAME: SFDSA V. CITY AND COUNTY OF SAN
FRANCISCO OFFICE OF THE SHERIFF

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CPF-07-507 047 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* ANJIE VERSHER    **makes the following substitution:**

1. **Former legal representative** [ ] Party represented self  [X] Attorney *(name):* AMANDA UHRHAMMER
2. **New legal representative** [ ] Party is representing self*  [X] Attorney LAWRENCE D. MURRAY
   a. Name: LAWRENCE D. MURRAY   b. State Bar No. *(if applicable):* 77536
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

   d. Telephone No. *(include area code):* (415) 673-0555
3. The party making this substitution is a  [X] plaintiff  [ ] defendant  [ ] petitioner  [ ] respondent  [ ] other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date:

ANJIE VERSHER
  (TYPE OR PRINT NAME)              ▶ *(signature)*
                                   (SIGNATURE OF PARTY)

5. [X] I consent to this substitution.
   Date:                 MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER

AMANDA UHRHAMMER
  (TYPE OR PRINT NAME)              ▶ *(signature)*
                                     (SIGNATURE OF FORMER ATTORNEY)

6. [X] I consent to this substitution.
   Date:                 LAWRENCE D. MURRAY & ASSOCIATES

LAWRENCE D. MURRAY
  (TYPE OR PRINT NAME)              ▶ *(signature)*
               (See reverse for proof of service by mail)     (SIGNATURE OF NEW ATTORNEY)

                                                           Page 1 of 2

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**
Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362


Legal
Solutions
Plus

MC–050

| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An underlined copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                           (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 6-20-07

   MARY THERESE TULLO
   (TYPE OR PRINT NAME)                                   (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served:  LAWRENCE D. MURRAY
    b. Address *(number, street, city, and ZIP):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

    c. Name of person served:
    d. Address *(number, street, city, and ZIP):*

    e. Name of person served:
    f. Address *(number, street, city, and ZIP):*

    g. Name of person served:
    h. Address *(number, street, city, and ZIP):*

    i. Name of person served:
    j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Page 2 of 2

MC–050

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>AMANDA UHRHAMMER/SBN 199445<br>MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER<br>A Professional Corporation<br>1912 I Street<br>Sacramento, CA 95814<br>TELEPHONE NO.: (916) 446-4692    FAX NO. *(Optional)*: (916)447-4614<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFFS | FOR COURT USE ONLY<br><br>**F I L E D**<br>San Francisco County Superior Court<br><br>JUN 22 2007<br><br>GORDON PARK-LI, Clerk<br>BETH WILSON<br>BY: _____<br>Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| **CASE NAME:** SFDSA V. CITY AND COUNTY OF SAN<br>FRANCISCO OFFICE OF THE SHERIFF | |

| | |
|---|---|
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CPF-07-507 047 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: ALISA ZEHNER    **makes the following substitution:**

1. **Former legal representative** ☐ Party represented self ☒ Attorney *(name)*: AMANDA UHRHAMMER
2. **New legal representative** ☐ Party is representing self ☒ Attorney LAWRENCE D. MURRAY
   a. Name: LAWRENCE D. MURRAY    b. State Bar No. *(if applicable)*: 77536
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*: 1781 UNION STREET, SAN FRANCISCO, CA 94123

   d. Telephone No. *(include area code)*: (415) 673-0555
3. The party making this substitution is a ☒ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date:

ALISA ZEHNER
_____    ►_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:                                    MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER

AMANDA UHRHAMMER
_____    ►_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date:                                    LAWRENCE D. MURRAY & ASSOCIATES

LAWRENCE D. MURRAY
_____    ►_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                          Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Legal Solutions Plus

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362

MC–050

| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |
| --- | --- |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An underlined copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                          (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 6-20-07

   MARY THERESE TULLO
   _____
   (TYPE OR PRINT NAME)

   _____
   (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served:  LAWRENCE D. MURRAY
    b. Address *(number, street, city, and ZIP):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

    c. Name of person served:
    d. Address *(number, street, city, and ZIP):*

    e. Name of person served:
    f. Address *(number, street, city, and ZIP):*

    g. Name of person served:
    h. Address *(number, street, city, and ZIP):*

    i. Name of person served:
    j. Address *(number, street, city, and ZIP):*

    ☐ List of names and addresses continued in attachment.

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

AMANDA UHRHAMMER/SBN 199445
MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
1912 I Street
Sacramento, CA  95814

TELEPHONE NO.  (916) 446-4692   FAX NO. (Optional)  (916) 447-4614
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):  PLAINTIFFS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: SFDSA V. CITY AND COUNTY OF SAN
FRANCISCO OFFICE OF THE SHERIFF

FILED
San Francisco County Superior Court

JUN 2 2 2007

GORDON PARK-LI, Clerk
BY: _____
KEITH WILBER
Deputy Clerk

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CPF-07-507 047 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): JOANNA CROTTY makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☒ Attorney (name): AMANDA UHRHAMMER
2. **New legal representative** ☐ Party is representing self* ☒ Attorney LAWRENCE D. MURRAY
   a. Name: LAWRENCE D. MURRAY   b. State Bar No. (if applicable): 77536
   c. Address (number, street, city, ZIP, and law firm name, if applicable): 1781 UNION STREET, SAN FRANCISCO, CA 94123
   d. Telephone No. (include area code): (415) 673-0555
3. The party making this substitution is a ☒ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date:

JOANNA CROTTY
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:

AMANDA UHRHAMMER
(TYPE OR PRINT NAME)

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
_____
(SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 4-6-07
LAWRENCE D. MURRAY
(TYPE OR PRINT NAME)

LAWRENCE D. MURRAY
_____
(SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Legal
Solutions
Plus

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362

MC–050

| CASE NAME: SFDSA V. CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF | CASE NUMBER: CPF-07-507 047 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                    (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 6-20-07

   MARY THERESE TULLO
   (TYPE OR PRINT NAME)                    (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: LAWRENCE D. MURRAY
   b. Address *(number, street, city, and ZIP):* 1781 UNION STREET, SAN FRANCISCO, CA  94123

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Page 2 of 2