Lawrence D. Murray (SBN 77536)
John Henning (SBN 188416)
Noah Kanter (SBN 224580)
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA 94123
Tel: (415) 673-0555
Fax: (415) 928-4084

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, ZAINABU ANDERSON, JOHN ARITA, DENNIS CARTER, SHARON CASTILLO, JOANNA CROTTY, TEQUISHA CURLEY, ALISA DAVIS-ZEHNER, MARLA DENZER, , PATTI FLYNN, TERESA FOX, JON GRAY, TORI JACKSON, LISA JANSSEN, MICHAEL JONES, RICHARD LEE, SANDRA MACLIN-GIBSON, SUKHWANT MANN, GLORIA MARTIN, ARTURO MEDRANO, MARC NUTI, KEVIN O'SHEA, ANTHONY PEPPERS, VINCENT QUOCK, WENDY RODGERS-WELLS, LANA SLOCUM, ERNEST SMITH, TONYETTE SMITH-AL GHANI, MATTIE SPIRES-MORGAN, KENNETH TAN, ANJIE VERSHER, BONNIE WESTLIN, YVETTE WILLIAMS, ROLAND ZANIE, and MICHAEL ZEHNER,<br><br>        Plaintiffs,<br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, THOMAS ARATA, STEPHEN TILTON, RODERICK WALLACE, JOHN MINOR, EDWARD RUPPENSTEIN, JOHNA PECOT,<br><br>        Defendants. | Case No. C 07-3622 SA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY PENDING RESOLUTION OF STATE COURT PROCEEDINGS**<br><br>Date:     October 19, 2007<br>Time:    9:00 a.m.<br>Judge:   Hon. Susan Illston<br>Place:   Courtroom #10, 19th Floor<br><br>Trial Date: None Set |

## I. SUMMARY OF ARGUMENT

Plaintiffs' case arises out of gender-based staffing polices at San Francisco jails. Plaintiffs, who are deputy sheriffs for the County of San Francisco, bring the present action in the United States District Court alleging causes of action under Title VI and FEHA for gender discrimination, gender employment restriction, and retaliation for protected activity. Plaintiffs also bring related state causes of action under the Peace Officer Bill of Rights and California Labor Code.

The related state case on which the Defendants' base their motion has been voluntarily dismissed without prejudice as of September 14, 2007, as to any and all individual Plaintiffs. Plaintiffs' counsel filed the Request for Dismissal in Case No. CPF-07-507-047 in San Francisco Superior Court on September 14, 2007. Therefore, the entire grounds upon which the Defendants have moved for a dismissal or stay are no longer present. The thrust of Defendants' motion is that there should be a dismissal or stay of this federal action "pending resolution of state court proceedings." (Defs' Notice of Motion, page 1, line 7-8.) The state court proceedings have been resolved as to the individual Plaintiffs, so this motion should be denied.

The *Younger* and *Colorado* doctrines relied upon by the Defendants in their moving papers only apply when there is another pending action involving the same parties, something not occurring here. Likewise, res judicata and estoppel do not apply because no determination on the merits of the prior state action ever occurred, as all seven individual plaintiffs in the state action withdrew from the case.

The Defendants have also studiously avoided mentioning in their moving papers that this present federal action has thirty-five named plaintiffs, and only seven (7) of them were named plaintiffs in the state court action. Those seven plaintiffs are as follows: Dennis Carter, Michael Jones, Alicia Zehner, Joanna Crotty, Vincent Quock, Tequisha Curley, and Anjie Versher. These seven individuals all withdrew their claims in state court by virtue of the filing of the Request for Dismissal on September 14, 2007.

Finally, the present federal court action alleges federal causes of action under Title VII which were not present in the state court action and could not be adjudicated by a state court, further demonstrating that the United States District Court is the proper venue and forum to hear Plaintiffs' claims.

*///*

*///*

*///*

## II.     PROCEDURAL & FACTUAL SUMMARY

On February 20, 2007, a lawsuit in San Francisco Superior Court was filed on behalf of the San Francisco Deputy Sheriffs' Association and only seven of the thirty-five plaintiffs in this federal action. Murray & Associates and/or Lawrence D. Murray did not file the Complaint or represent the seven individual Plaintiffs in the state court action. Rather, the firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer filed the action for purposes of seeking a class-action.

In fact, these individual plaintiffs were not fully aware that they were even plaintiffs in a lawsuit at the time. As a result, on June 22, 2007, Lawrence D. Murray substituted in as counsel in the state action for Plaintiffs Dennis Carter, Michael Jones, Alicia Zehner, Joanna Crotty, Vincent Quock, Tequisha Curley, and Anjie Versher. The purpose of this substitution was simply to evaluate the propriety and value of a state court action and then facilitate a dismissal of their claims in state court so that the claims could be properly heard in this instant federal action.

Shortly thereafter, on July 13, 2007, this instant lawsuit was filed in federal court. In essence, the Plaintiffs federal case alleges that the Plaintiffs, deputies in the San Francisco Sheriffs' Department, suffered from inequitable treatment for both the male and female deputies due to the gender-based work restrictions and assignments. Additionally, various Plaintiffs were retaliated against for complaining about the gender-based work assignments and restrictions. These retaliation claims, and the Title VII claims, were not present in the state court action's Complaint.

## III.     LEGAL ARGUMENT

Although the moving Defendants cite only FRCP 12(b)(1) in their notice of motion, the motion itself is devoid of any mention or discussion of the applicability of FRCP 12(b)(1). Applied to the present case, an FRCP 12(b)(1) motion is a motion to dismiss for lack of subject matter jurisdiction. In a 12(b)(1) motion, the plaintiff is "entitled to the speculative benefit of any facts he might conceivably prove in support of his well pleaded allegations." *Farmilant v. Singapore Airlines*, 561 F.Supp. 1148, 1151 (ND IL 1983). Moreover, a "plaintiff can survive (a Rule 12(b) (1) motion by showing any arguable basis in law for the claim made." *Muson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

Similarly, a motion to dismiss under Rule 12(b)(6) [which this motion is not] may not be granted unless "it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson* 355 U.S. 41, 45-46 (1957)  In considering a motion to dismiss, the Court must accept as true all material allegations of the complaint and construe them in the light most favorable to the non-moving party. *NL Industries v. Kaplan* 792 F.2d 896, 898 (9th Cir. 1986).

**A. Plaintiffs' Complaint Should Be Construed in a Light Most Favorable To Plaintiffs, Especially Because It Alleges Civil Rights Violations.**

The standard for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is "considerably more rigorous" than the standard for dismissals for failure to state a claim under Rule 12(b)(6). *Gammon v. GC Services Ltd. Partnership*, 27 F3d 1254, 1256 (7th Cir. 1994).  In a 12(b)(6) motion, Plaintiffs' Complaint is to be construed in the light most favorable to them.  *Parks School of Business, Inc. v. Symington* (9th Cir. 1995) 51 F3d 1480, 1484.  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson* (1957) 355 US 41, 45-46, 78 S.Ct. 99, 102; *Parks School of Business*, at 1484.

Motions to dismiss civil rights complaints like this one have been "scrutinized with special care." *Lillard v. Shelby County Board of Ed.* (6th Cir. 1996) 76 F3d 716, 724.  The Ninth Circuit Court of Appeals has confirmed that civil rights complaints should benefit from this liberal construction when subject to Rule 12(b)(6) motions to dismiss.  *Johnson v. State of California* (9th Cir. 2000) 207 F3d 650, 653 (reversed on other grounds in *Johnson v. California* (2005) 543 U.S. 499, 125 S. Ct. 1141, 160 L. Ed. 2d 949).

**B.    The *Younger* Abstention Doctrine Is Not Applicable As a Basis To Dismiss Because the Seven Individual Plaintiffs Have Voluntarily Dismissed Their State Court Claims.**

The *Younger* abstention doctrine do not apply here because the state proceeding is not "ongoing," as it has been dismissed as to the individual Plaintiffs in this federal court action.  *Younger v. Harris* (1971) 401 U.S. 37.  The *Younger* doctrine is completely inapplicable when the named parties in this present federal action are not involved with or party to the state action.  The Defendants argue that "all of the individual plaintiffs in the state case are also plaintiffs in the federal case," but this of course is no longer accurate since the dismissal occurred on September 14, 2007.

The moving Defendants incorrectly assert that "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."

(Defs' Motion to Dismiss, page 9, line 26-27.) However, the state court cannot provide any remedy to the individual Plaintiffs who are no longer a party to the state court action. Moreover, the instant federal action sets forth three separate causes of action under Title VII which were not asserted in the state court action. The state court simply cannot fully make whole the plaintiffs as can the federal court because the state court cannot hear Title VII causes of action. Moreover, no authority allows associations (as opposed to individuals) recovery under FEHA or Title VII causes of action, thereby placing the S.F. Sheriff Deputies' Association's case on dubious legal grounds.

**C. The *Colorado River* Doctrine Is Also Inapplicable Because the State Court Action Was Dismissed.**

The Defendants reliance on the Colorado River doctrine is misplaced due to the recent voluntary dismissal of the state claims. "Wise judicial administration" does not encompass dismissing or staying a federal case in which the Plaintiffs' claims have yet to be heard and in which any related state court action has been voluntarily dismissed. Because of the dismissal, no danger exists of piecemeal litigation or unnecessary burdens on the judicial system. The *Colorado River* case itself involved two simultaneous proceedings at the state and federal level, a fundamental fact which is not present now in the case before this Court. *Colarado River*, 424 US. 800, 805-806 and 817 (1976).

**D. Res Judicata Does Not Apply Because No Hearing on the Merits Occurred.**

Defendants do not raise the issue of res judicata in their motion, but it is being addressed out of an abundance of caution. For issue preclusion to occur, there must have been a final judgment on the merits, yet that never occurred because there never was any quasi-judicial proceeding. Application of the doctrine of res judicata ordinarily requires a prior final judgment. *Jorgensen v. Jorgensen* (1948) 32 Cal.2d 13, 18.

No state court or quasi-judicial body has ruled on or issued a judgment on the claims brought by the Plaintiffs in this case, so there has been no final judgment on the merits. No meaningful discovery procedures, hearings on the merits, or any other procedures occurred in the state court action. Res judicata does not apply whatsoever.

Other cases supporting Plaintiff's position include *Hughes v. Stottlemyre* (2006) 454 F3d 791 as well as *Honey v. Distelrath* (1999) 195 F3d 531. In *Honey*, the Ninth Circuit ruled that even though a

plaintiff prison guard had succeeded in a state court mandamus proceeding, the plaintiff was still allowed to pursue a 42 USCS Sec. 1983 action against his employer and was not barred by res judicata. *Honey*, at 534. Here, the lack of the state court action pending for the individual plaintiffs presents an even more compelling factual and procedural scenario than that in *Honey*.

**D. Plaintiff Seeks Leave to File Amended Complaint if Defendants Prevail.**

Plaintiffs request leave to file an amended complaint should the Defendants prevail in this Motion to Dismiss or Stay. FRCP 15(a) expressly states that leave to amend "shall be freely given when justice so requires." FRCP 15(a); *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F2d 367, 373. In fact, FRCP 15(a) severely restricts a court's discretion to dismiss without leave to amend. *Silva v. Bieluch* (11th Cir. 2003) 351 F3d 1045, 1049; *DeCarlo v. Fry* (2nd Cir. 1998) 141 F3d 56, 62.

**IV. CONCLUSION**

There are no longer two parallel legal actions existing, as the individual Plaintiffs are all litigating this instant federal case. The recent dismissal of the state court action as to all individual defendants undercuts the entire grounds of the Defendants' motion. There are simply not adequate legal or factual grounds to support a stay or especially a dismissal of the federal action under Rule 12(b)(1) or any other federal authority. The Plaintiffs are entitled to their day in court and this action should be allowed to proceed impeded by any stay or dismissal.

Respectfully submitted,

Murray & Associates

September 28, 2007     /s/_____
                       Lawrence D. Murray
                       Attorney for Plaintiffs

*Ambat et al. v. CCSF et al.;* United States District Court, Northern District of Calif. Case No. C 07-3622 SI    Page 6
Plaintiffs' Memorandum of Points & Authorities in Support of Opposition to Motion to Dismiss or Stay