DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
MARGARET BAUMGARTNER, State Bar #151762
JILL J. FIGG, State Bar #168281
RAFAL OFIERSKI, State Bar #194798
Deputy City Attorneys
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3859
Facsimile:      (415) 554-4248
E-Mail:          margaret.baumgartner@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, et al.<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>　　　　Defendants. | Case No. C 07-3622 SI<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO OPPOSITION TO MOTION TO DISMISS OR STAY**<br><br>Hearing Date:　　Oct. 19, 2007<br>Time:　　　　　　9:00 a.m.<br>Place:　　　　　　Crtrm. 10, 19th Fl.<br><br>Trial Date:　　　　None set<br><br>Document Attached:<br>*Del Conte v. San Francisco Police Dep't,* 2007 U.S. Dist. LEXIS 31712 (N.D. Cal. 2007)<br>*De Simas v. Big Lots Stores, Inc.,* 2007 U.S. Dist. LEXIS 19257 (N.D. Cal. 2007)<br><br>Concurrently filed document:<br>Supplemental Request for Judicial Notice |

**INTRODUCTION AND STATEMENT OF FACTS**

After the San Francisco Sheriff implemented a policy to house all female prisoners in one part of the jail, and to staff that location with female deputy sheriffs, seven of the plaintiffs here, and the Deputy Sheriff's Association, sued in state court for employment discrimination. A few months later, plaintiffs filed this case. The City and County of San Francisco moved to dismiss, or, in the alternative, stay this federal court action pending resolution of the same claims currently pending in the San Francisco Superior Court. Subsequently, the duplicative plaintiffs filed dismissals without prejudice in the state court action, although the Deputy Sheriff's Association remains as a plaintiff in that action.[1]

Plaintiffs rely solely on their dismissals without prejudice in the state court matter to oppose the City's motion to dismiss. Those dismissals do not remove the bases for abstention. Because the conditions for *Younger* abstention are met, the court must abstain. Alternatively, the court should abstain under *Colorado River*.

**ARGUMENT**

Despite the change in status of the plaintiffs in the state court proceeding, *Younger* and *Colorado River* continue to support abstention for the same reasons as set forth in the City's opening brief. Under *Younger v. Harris*, 401 U.S. 37 (1971), the federal court should defer to the state court to address the complicated questions concerning the Sheriff's policy decisions on how to house prisoners and staff the jails. Under *Colorado River*, the court should promote "wise judicial administration" and prevent the waste of resources required to litigate the same claims in two different forums. See *Colorado River v. Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). And, each of the reasons plaintiffs assert to avoid abstention lack factual or legal bases.

Plaintiffs first attempt to avoid abstention by arguing that the state court action is no longer "ongoing." (Opp. Brief at pg. 4:21) That is not true. Although seven of the plaintiffs here filed

---

[1] On Oct. 4, 2007, the Superior Court sustained the City's demurrer, and granted leave to amend the FEHA cause of action.

1  dismissals without prejudice, the state case remains pending. The Deputy Sheriff's Association
2  continues to litigate the same issues being litigated here on behalf of its members, which include all
3  deputy sheriffs, including plaintiffs. Plaintiffs filed the case as a purported class action, and define
4  the class as "San Francisco City and County Deputy Sheriffs, consisting of approximately 800
5  individuals," which includes all the federal plaintiffs. (Pltfs. Req. For Jud. Not. Ex. B at 2:12-13)  In
6  addition, the Mastagni law firm, counsel in the state case, filed a Case Management Statement in
7  which it assert that it intends to continue to represent the DSA, and individual plaintiffs and the class
8  by joining additional plaintiffs. (Defs. Supp. Req. Jud. Not, filed herewith, Ex. A)  Thus, the state
9  matter remains "ongoing," despite plaintiffs' withdrawal.

10  Plaintiffs also argue without citation to any authority that "the *Younger* doctrine is completely
11  inapplicable when the named parties in this present federal action are not involved with or party to the
12  state action." (Opp. Brief p. 4, line 23-24)  But here, the plaintiffs do remain "involved with" the
13  state court action, for all of the reasons stated above. And, parties need not be identical to apply
14  *Younger* abstention. See *Hicks v. Miranda*, 422 U.S. 332, 348 (1975). Thus, although none of the
15  federal plaintiffs are individually named plaintiffs in the state court action, they remain "involved" in
16  that litigation.

17  The uniformity of parties is also not a requirement for *Colorado River* abstention. *Nakash v.*
18  *Marciano*, 882 F.2d 1411, 1416-17 (9th Cir. 1989) (granting *Colorado River* abstention even though
19  parties and claims not identical); *Del Conte v. San Francisco Police Dept.*, 2007 U.S. Dist. LEXIS
20  31712 (N.D. Cal. April 16, 2007) (sua sponte applying *Colorado River* despite lack of parallelism in
21  cases); *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (applying *Colorado River*
22  abstention even though plaintiff/appellant not a party to state proceedings); *De Simas v. Big Lots*
23  *Stores, Inc.*, 2007 U.S. Dist. LEXIS 19257 (N.D. Cal. 2007) (applying *Colorado River* when cases
24  involve overlapping classes). And, here, the same reasons for abstention continue to apply – the
25  parties in the state court case will address the legality of the Sheriff's policy decisions on how to best
26  house prisoners and staff the jails. Any disagreements between the lawyers for the plaintiffs here,
27  and the lawyers for the Deputy Sheriff's Association, the only current named plaintiff in the state
28  court proceeding, does not change the nature of the claims in each case. The claims are the same, and

1  will require the same discovery and arguments.  This Court should therefore stay these proceedings
2  pending resolution of the state court case.
3         Lastly, plaintiffs argue that the state court cannot make them whole because the state court
4  cannot hear Title VII claims.  (Opp. Brief at pg. 5:4)  Not only is there statement incorrect, but the
5  state case includes a FEHA claim for gender discrimination, which protects the same employment
6  rights as Title VII.  See *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) (states have
7  concurrent jurisdiction over Title VII claims); *Miller v. State Board of Corrections*, 36 Cal.4th 446,
8  463 (2005) (federal decisions under Title VII informative on FEHA claims); *Brooks v. City of San
9  Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (same).  If plaintiffs prevail on the FEHA claim, they will be
10 able to recover for all damage sustained due to purported employment discrimination.  They cannot
11 double recover by asserting an additional claim in federal court under Title VII.
12        Moreover, the inquiry under *Younger* is not whether plaintiffs actually brought their federal
13 claims in state court, but whether there is a procedural bar to doing so.  See *Pennzoil Co. v. Texaco,
14 Inc.*, 481 U.S. 1, 14, 15 (1987).  Plaintiffs have the burden of proof on this issue.  *Id*.  Here, there
15 were no procedural bars to plaintiffs bringing their federal law claims, and plaintiffs cannot support
16 their conclusion that the state court cannot "fully make whole the plaintiffs."

# CONCLUSION

For the foregoing reasons, the court should abstain and dismiss, or in the alternative stay this matter pending resolution of the state court complaint. At a minimum, this Court should stay this matter until the parties resolve the both the pleading issues and the class certification issues.

Dated: October 5, 2007          Respectfully submitted

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
MARGARET BAUMGARTNER
JILL J. FIGG
RAFAL OFIERSKI
Deputy City Attorneys


By:_____/s/_____
    MARGARET W. BAUMGARTNER

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO et al.