1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  MARGARET BAUMGARTNER, State Bar #151762
   JILL J. FIGG, State Bar #168281
4  RAFAL OFIERSKI, State Bar #194798
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, Fifth Floor
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3859
7  Facsimile:    (415) 554-4248
   E-Mail:        margaret.baumgartner@sfgov.org
8
   Attorneys for Defendants
9  CITY AND COUNTY OF SAN FRANCISCO et.al.

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  | MERCY AMBAT, et al. | Case No. C 07-3622 SI |
    |---|---|
15  | Plaintiffs, | **DEFENDANTS' SECOND SUPPLEMENT REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS OR STAY PENDING RESOLUTION OF STATE COURT PROCEEDINGS** |
16  | vs. | |
    | CITY AND COUNTY OF SAN FRANCISCO, THOMAS ARATA, STEPHEN TILTON, RODERICK WALLACE, JOHN MINOR, EDWARD RUPPENSTEIN, JOHNA PECOT, | |
17  | | |
18  | | Hearing Date:    October 19, 2007 |
    | Defendants. | Time:    9:00 a.m. |
19  | | Judge:    Hon. Susan Illston |
    | | Place:    Courtroom #10 |
20  | | 19th Floor |
    | | Trial Date:    None Set |
21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendants City and County of San Francisco, Thomas Arata, Stephen Tilton, Roderick Wallace, John Minor, Edward Ruppenstein, Johna Pecot (collectively the "City") by and through their counsel, hereby move this Court to take judicial notice of:

- Plaintiffs' Second Amended Complaint (attached hereto as Exhibit A) received by the City and County of San Francisco on October 16, 2007.

Judicial notice of these documents filed by plaintiffs in the state court action is appropriate pursuant to Federal Rule of Evidence 201(b). The fact that these documents were filed by plaintiffs in the state court action is not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Federal courts routinely take judicial notice of pleadings filed in other actions. *See e.g. Saxton v. McDonnell Douglas Aircraft Company* (C.D.Cal.1977) 428 F.Supp. 1047, 1049, fn.5 ("The doctrine of judicial notice is very broad. It goes so far as to permit the Court to take judicial notice of its records and the pleadings in other cases."); *MGIC Indemnity Corp. v. Weisman* (9th Cir.1986) 803 F.2d 500, 504-05 (taking judicial notice of allegations made in motion to dismiss and supporting memorandum filed in different federal court action); *Rothman v. Gregor* (2nd Cir.2000) 200 F.3d 81, 91-92 (taking judicial notice that a party to a federal lawsuit had filed another complaint in state court).

//
//
//
//
//
//
//
//
//
//
//

1    For these reasons, judicial notice of the plaintiffs' state court pleadings is appropriate, and the

2    City respectfully requests that the Court take judicial notice of attached Exhibit A.

3    Dated: October 16, 2007

                                    DENNIS J. HERRERA
4                                   City Attorney
                                    ELIZABETH S. SALVESON
5                                   Chief Labor Attorney
                                    MARGARET BAUMGARTNER
6                                   JILL J. FIGG
                                    RAFAL OFIERSKI
7                                   Deputy City Attorney

8

9                           By:_____/s/_____
                                    MARGARET W. BAUMGARTNER
10

11                                  Attorneys for Defendants
                                    CITY AND COUNTY OF SAN FRANCISCO et. al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

SECOND-AMENDED      **SUMMONS**      **SUM-100**

*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE
SHERIFF; MICHAEL HENNESSEY; JAN DEMPSEY; AND DOES 1
TO 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION, its
members, and others similarly situated

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO COUNTY SUPERIOR COURT<br>400 McAllister Street<br><br>San Francisco, CA  94102 | CASE NUMBER:<br>*(Número del Caso)*  CPF-07-507-047 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
AMANDA UHRHAMMER/SBN 199445        (916) 446-4692    (916)447-4614
MASTAGNI,HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A Professional Corporation
Sacramento, CA  95814

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐   as an individual defendant.
2. ☐   as the person sued under the fictitious name of *(specify):*

[SEAL]

3. ☐   on behalf of *(specify):*

     under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐   by personal delivery on *(date):*

                                                                     Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

1  AMANDA UHRHAMMER (SBN 199445)
2  WILL M. YAMADA (SBN 226669)
   **MASTAGNI, HOLSTEDT, AMICK,**
3  **MILLER, JOHNSEN & UHRHAMMER**
   *A Professional Corporation*
4  1912 "I" Street
   Sacramento, California 95814
5  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
6
   Attorneys for Plaintiff
7  SAN FRANCISCO DEPUTY SHERIFFS'
   ASSOCIATION
8
              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                **IN AND FOR THE COUNTY OF SAN FRANCISCO**
10

11  SAN FRANCISCO DEPUTY SHERIFFS'          Case No.:  CPF-07-507 047
    ASSOCIATION, its members, and others
12  similarly situated                      **SECOND-AMENDED**
                                            **CLASS ACTION COMPLAINT FOR**
13                Plaintiffs,               **DAMAGES, DISCRIMINATION UPON**
                                            **GENDER;  JURY TRIAL DEMANDED**
14

15  v.

16  CITY AND COUNTY OF SAN FRANCISCO
    OFFICE OF THE SHERIFF; MICHAEL
17  HENNESSEY; JAN DEMPSEY; and DOES 1
    through 100, Inclusive,
18
                Defendants.
19

20

21       Plaintiffs allege as follows:

22       Plaintiff, SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION, and members of the

23  association the ("Plaintiffs") file this complaint on behalf of themselves and others similarly situated

24  and allege against Defendants CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE

25  SHERIFF (hereinafter referred to as the DEPARTMENT), MICHAEL HENNESSEY, and JAN

26  DEMPSEY and Does 1 to 100, inclusive, and each of them, violations of the California Penal Code

27  and California Government Code. Plaintiffs allege the Defendants instituted a policy and practice to

28  use only female deputies in female pods of County Jail #8 and furthermore instituted a policy and

---

SECOND-AMENDED CLASS ACTION COMPLAINT                1        San Francisco County Case No.  CPF-07-507 047
JURY TRIAL DEMANDED

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1  practice, stated and implemented, that created a two-tiered gender-based system for determination of
2  regular days off.
3      Under the governing laws enumerated below, Plaintiffs and others similarly situated are due
4  damages, penalties, interest, costs and attorneys' fees. These employment practices are unlawful,
5  unfair, contrary to the public policy of the State of California and the United States of America, and
6  violate state statutes, including California's Government Code and California's Penal Code.
7  (California Penal Code §4021 et seq. and California Government Code §12926, et seq.)

8  ## CLASS ACTION ALLEGATIONS

9      1.      Plaintiffs bring this action on their own behalf and on behalf of all persons similarly
10 situated. The class that Plaintiffs represent is comprised of San Francisco City and County Deputy
11 Sheriffs. The persons in the class are so numerous, consisting of approximately 800 individuals, that
12 the joinder of all such persons is impracticable and that the disposition of their claims in a class action
13 rather than in individual actions will benefit the parties and the court.

14     2.      There is a well-defined community of interest in the questions of law and fact
15 affecting the plaintiff class, including, but not limited as follows:

16     a)   Whether or not the policy requiring that only female deputies work in the
17          female pods of CJ8 is discriminatory in application, on its face and/or in
18          impact.
19     b)   Whether preventing male deputies from working in the female pods of CJ8 is
20          discriminatory in application, on its face and/or in impact.
21     c)   Whether there is any reason which justifies the discriminatory application,
22          facial and/or impact of the minimum female staffing requirement as described
23          herein so as to eliminate liability.
24     d)   Whether the two-tiered seniority policy implemented to determine regular days
25          off is discriminatory in application, on its face and/or in impact.
26     e)   Whether there is any reason which justifies the discriminatory application,
27          facial and/or impact of the two-tiered gender-based system for determination
28          of regular days off so as to eliminate liability.

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET

1      f)      To what nature and extent said alleged discriminatory conduct results or has
2              resulted in damage to the Plaintiff class.

3      These questions of law and fact predominate over questions that affect only individual class
4 members. Proof of a common or single state of facts will establish the right of each member of the
5 class to recover. The claims of the plaintiffs are typical of those of the class and plaintiffs will fairly
6 and adequately represent the interests of the class.

7      3.      The prosecution of individual remedies by members of the plaintiff class would tend
8 to establish inconsistent standards of conduct for the defendant and would result in the impairment
9 of class members' rights and the disposition of their interests through actions to which they were not
10 parties.

11                              **PRELIMINARY PARAGRAPHS**

12     4.      Plaintiff SAN FRANCISCO DEPUTY SHERIFFS' ASSOCIATION is and was at all
13 relevant times a membership association comprised of San Francisco County Deputy Sheriffs, and
14 is and was at all relevant times, based in the City and County of San Francisco, California.  Said
15 association is organized under the laws of the State of California. The individuals listed in paragraph
16 12 are employed by Defendants and are members of the Plaintiff association.

17     5.      At all times mentioned herein, Plaintiffs were employees of Defendant, CITY AND
18 COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF and are the members of the plaintiff
19 class.  Plaintiff SFDSA is a representative of plaintiff class members.

20     6.      Defendant, CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE
21 SHERIFF (hereinafter referred to as the DEPARTMENT) is, and at all times herein mentioned was,
22 a California municipal entity in the State of California and is an entity subject to suit under the
23 California Department of Fair Employment and Housing Act, Government Code §12900 *et seq.*
24 ("FEHA").

25     7.      Defendant MICHAEL HENNESSEY is, and at all times mentioned herein was,
26 employed by Defendant, the DEPARTMENT as Sheriff, and was, at all times mentioned herein,
27 acting within the course and scope of his employment with said Defendant DEPARTMENT, and is
28 sued herein individually and as an employee of said Defendant.

---

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

8.    Defendant JAN DEMPSEY is, and at all times mentioned herein was, employed by Defendant DEPARTMENT, as Undersheriff, and was, at all times mentioned herein, acting within the course and scope of her employment with said Defendant, and is sued herein individually and as an employee of said Defendant.

9.    The true names and capacities, whether individual, public, political or otherwise, of DOE Defendants 1 to 100, inclusive, are unknown to Plaintiffs and the plaintiff class, who therefore sue said Defendants by such fictitious names, pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe, and upon such information and belief, allege, that each of said Defendants is responsible in some manner for the events and happenings hereinafter referred to, and that Defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment, and it shall be deemed that said Defendant Does 1 to 100, inclusive, and each of them, are likewise the subject of said charging allegations.

10    Plaintiffs are informed and believe, and upon such information and belief, allege that at all times herein mentioned, each Defendant was the agent, servant, and/or employee of the remaining Defendants, and at all times herein mentioned, were acting individually and within the course and scope of said agency and/or employment.

11    At all times herein relevant, each Defendant, including each DOE Defendant, was the agent, joint venturer, servant, and/or employee of Defendants, and in committing the acts and omissions as herein alleged, was acting within the course and scope of his or her position, and was an agent of the other Defendants and ratified the conduct of the other Defendants.

12.    Plaintiffs have complied with all applicable claims statutes and have exhausted all relevant administrative remedies.   Plaintiffs have filed complaints with the Department of Fair Employment and Housing and have received "Right to Sue" notices. The following SFDSA members and employees of Defendants seeking joinder in this complaint have filed DFEH complaints and received their Right To Sue Notices:

Diane Contreras

Nicole Smith

---

SECOND-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                4

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1    Lela Mustain

2    Scott Osha

3    Oscar Taylor

4    Juno Butler

5    Jerome McCain

6    David Brenner

7    Victor Santiago

8    Gordon Brown

9    Alex Wong

10   Bienvenido Bernardo

11   Shedrick McDaniels

12   Jennifer Keeton

13   James Gomez

14   Patrick Laval

15        13.    Plaintiffs and those individuals listed above in paragraph 12, have complied and

16   satisfied all claims requirements. Each of them are members of the SFDSA and are employed by

17   Defendant CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE SHERIFF as deputy

18   sheriffs. Each of them are adversely affected by the policies implemented as set forth in this

19   complaint.

20        14.    Plaintiffs, on behalf of themselves and others similarly situated seek recovery of

21   damages arising from Defendants' tortious and discriminatory acts against them including tort and

22   punitive damages, and statutory attorney's fees and costs. Plaintiffs have incurred and will continue

23   to incur attorneys fees and costs. Such attorneys fees and costs are necessary for the prosecution of

24   this action and will result in a benefit to each of the members of the class.

25                    **EXCEPTION FROM THE EXCLUSIVE REMEDY RULE**

26        15.    Plaintiffs' claims are excepted from the Exclusive Remedy Rule of workers'

27   compensation on the grounds that Defendants' actions are in violation of California's Fair

28   Employment and Housing Act, Gov. Code § 12940 *et seq.*, and that the conditions under which

---

SECOND-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES   San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                             5

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1   Plaintiff was forced to work were not a normal part of the employment relationship. (*Accardi* v.

2   *Superior Court* (1993) 17 Cal.App.4th 341.)

3                          **FACTS COMMONS TO ALL CAUSES OF ACTION**

4       16.     Plaintiffs, and those similarly situated such as the members listed in paragraph 12, at

5   all relevant times have been employed by Defendant DEPARTMENT as deputy sheriffs.

6       17.     On or about September 28, 2006, the Plaintiff SAN FRANCISCO DEPUTY

7   SHERIFFS' ASSOCIATION (hereinafter SFDSA) discovered Defendants' plans to move all female

8   inmates to the County Jail #8 (hereinafter CJ8), effective October 7, 2006. The DEPARTMENT also

9   unilaterally implemented a policy requiring 5 female deputies be assigned per watch to the three

10  female inmate pods. This policy necessitated that most, if not all, female deputies working in CJ8

11  be assigned to the female pods of CJ8.

12      18.     In addition to the minimum female staffing requirements, the DEPARTMENT

13  implemented a policy and practice of precluding male officers from working in the female pods of

14  CJ8.

15      19.     In addition to the minimum female staffing requirements, and in addition to the

16  restriction precluding male deputies from working in the female pods of CJ8, the DEPARTMENT

17  created a policy whereby the seniority lists were divided by gender, creating a gender-based two-tiered

18  process for selecting regular days off.  This policy allows, for instance, a female deputy with less

19  seniority than her male counterpart to select days off because her seniority is only compared to that

20  of her female co-workers, and vice versa. This policy was initially implemented out of necessity and

21  as an incentive in order to address the assignment of the female deputies to the female pods of CJ8.

22  Since male deputies were precluded from requesting assignments in the female pods of CJ8 and

23  female deputies were assigned only to the female pods of CJ8, the DEPARTMENT created a gender-

24  based two-tiered seniority system for purposes of selecting regular days off.  Said policy is

25  discriminatory.

26      20.     On or about October 2, 2006, the SFDSA wrote to Defendant HENNESSEY

27  expressing their objection to the new policies.

28      21.     On or about October 18, 2006, the Chief Deputy informed the SFDSA that

SECOND-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES   San Francisco County Case No.  CPF-07-507 047
JURY TRIAL DEMANDED                                                              6

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET

1    the Sheriff intended to proceed with the "new female staffing minimums" at CJ8 and with the two-

2    tiered gender-based seniority system pertaining to selection of regular days off.

3        22.    Attached to the correspondence dated October 18, 2006 from the Chief Deputy

4    was a memo from Chief Deputy Arata to "All Custody Division Personnel". This memo indicated

5    that no female deputies would be assigned to County Jails #1 and #2 and that only female deputies

6    would be assigned to the female pods in CJ8.

7        23.    On or about October 19, 2006, the SFDSA wrote to Micki Callahan, Director of

8    Employee Relations Division in the Department of Human Resources complaining of the policy to

9    staff only female officers in the female pods of CJ8 and to permit the implementation of a two-tiered

10   seniority system of selection of regular days off based upon gender.

11       24.    On or about October 19, 2006, the SFDSA wrote to Defendant DEMPSEY confirming

12   conversations occurring between the SFDSA and the DEPARTMENT regarding the minimum female

13   staffing and gender-based two-tiered seniority system for selection of regular days off. This letter set

14   forth counter proposals by the SFDSA permitting the primary deputy assignments to be filled by

15   female officers, but that secondary deputy assignments could be either male or female deputies. This

16   offer was not accepted and the DEPARTMENT implemented their minimum female staffing policy

17   and two-tiered gender-based seniority system for selection of regular days off.

18       25.    California Penal Code §4021 states as follows in relevant part:

19   "(a)    Whenever any female prisoner or prisoners are confined in any local detention facility

20           in the state, there shall be an appropriately trained female custodial person assigned,

21           available and accessible for the supervision of the female prisoners.

22   (b)     It shall be unlawful for any officer, station officer, jailer or custodial personnel to

23           search the person of any prisoner of the opposite sex, or to enter into the room or cell

24           occupied by any prisoner of the opposite sex, except in the company of an employee

25           of the same sex as the prisoner. **Except as provided herein, the provisions of this**

26           **subdivision shall not be applied to discriminate against any employee by**

27           **prohibiting appointment or work assignment on the basis of sex of the employee.**

28   ..." (Emphasis added). The policies implemented by the DEPARTMENT violate this statute.

SECOND-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                                 7

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

26.    No legitimate business reason has been provided by Defendants sufficient to justify the implementation of the gender-based policies, nor has any necessity been shown.

27.    As a result of the minimum female staffing policy, female deputies are wrongfully prevented from working in other areas of CJ8, and therefore, are prevented or otherwise hindered from obtaining training and experience to enable them to promote or otherwise progress in their career in law enforcement. Additionally, male deputies are prevented from working in the female pods of CJ8, and are therefore, prevented from acquiring said experience and training which would come from such an assignment. These deprivations are a result of policies based solely upon their gender. The members of the SFDSA, including the individuals listed in paragraph 12, have suffered lost opportunities for overtime, lost opportunities to work shifts and lost opportunities to obtain needed training. By way of example, Nicole Smith is a female deputy assigned to CJ8 and a member of the SFDSA. As such, these policies prevent her from working outside of CJ8, prevent her from accepting overtime shifts outside CJ8 and prevent her from working in other posts which would give her added training in different areas which assists her in advancing. As a female deputy affected by the polices, she is furthermore adversely affected by the two-tiered system for determining days off. These policies have resulted in a loss of income and opportunity for her.

28.    As a result of the gender-based two-tiered seniority system for selection of regular days off, deputies with more seniority are being wrongfully deprived of their right to select regular days off based upon their seniority due to their gender and are therefore forced to work undesirable or less desirable shifts and schedules.

29.    As a result of the new policy precluding male deputies from working in the female pods of CJ8, all male deputies are precluded from signing up for overtime shifts at these female pods. Additionally, as a result of the new policy requiring only female deputies to work in the female pods of CJ8, female deputies from other facilities are being forced to work overtime at the female pods of CJ8. Accordingly, female deputies are restricted from working overtime shifts at the facility of their choice because of their gender and male deputies are precluded from accepting any open overtime shifts in CJ8. By way of example, Oscar Taylor is a male deputy who was assigned to CJ8 and a member of the SFDSA. As such, these policies prevent him from working inside of CJ8, prevent him

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 9581-

1    from accepting overtime shifts inside CJ8 and prevent him from working in posts in CJ8 which would

2    give him added training in different areas which assists him in advancing. As a male deputy affected

3    by the polices, he is furthermore adversely affected by the two-tiered system for determining days off.

4    These policies have resulted in a loss of income and opportunity for advancement for him.

5          30.    As a result of the new policy requiring only female deputies to work at CJ8, female

6    deputies from other facilities have been involuntarily transferred to work at CJ8. Male deputies, who

7    worked in CJ8, were transferred out to work in other posts.

8          31.    Plaintiffs, individually and on behalf of others similarly situated attempted to resolve

9    these issues with Defendants without success.

10          32.    The deputies assigned to CJ8 are not the only individuals affected adversely by these

11    policies. Deputies currently assigned to other posts are unable to transfer or seek overtime shifts

12    within CJ8. Deputies often transfer between assignments and posts to gain additional training for

13    purposes of promotion and overall career goals. A transfer to CJ8, unless requested by a female

14    deputy, would not be permitted pursuant to the current policy of only allowing female deputies to

15    work in CJ8.

16          33.    Each of these individuals listed in paragraph 12, in addition to the other members of

17    the SFDSA, and others similarly situated  have suffered lost opportunities to either work in CJ8 or

18    transfer out of CJ8, and they have lost overtime opportunities, and hence income, by being forced to

19    either only work in CJ8 or outside CJ8. Additionally, those assigned to CJ8 are being significantly

20    limited in their ability to receive training in different posts, hindering their ability to advance. Those

21    assigned outside CJ8 are not able to work in that section of the jail. Each of the above individuals

22    have lost income, including lost opportunity for promotion and advancement, as a result of said

23    policies.

24          34.    A Memorandum of Understanding (hereinafter referred to as MOU) between the

25    DEPARTMENT and the deputies employed in the DEPARTMENT governs conditions of

26    employment of the deputies.

27

28

---

SECOND-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No.  CPF-07-507 047
JURY TRIAL DEMANDED                         9

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 9581-

1

## FIRST CAUSE OF ACTION

2

### (DISCRIMINATION BASED ON GENDER IN
### VIOLATION OF GOVERNMENT CODE § 12940 et seq)

3

4        35.     The allegations of paragraphs 1 through 34 are re-alleged and incorporated herein by

5    reference.  This cause of action is pled against all Defendants.

6        36.     Plaintiffs and others similarly situated, including those listed in paragraph 12, are

7    members of a protected class based on their gender.

8        37.     Defendants were at all material times employers within the meaning of Government

9    Code section 12926(c) and, as such, were barred from discriminating against Plaintiffs on the basis

10   of their gender, as set forth in Government Code section 12940, et seq..

11       38.     Defendants engaged in discriminatory employment practices relating to employment,

12   position assignments, scheduling and transfer requests of employees based upon gender, and the

13   processing and investigation of the discrimination complaints filed by Plaintiffs and others similarly

14   situated or on behalf of those similarly situated, which were discriminatory on their face, in

15   implementation and impact.  These employment practices consisted of the enactment of policies and

16   procedures that had the effect of a disproportionate adverse impact on Plaintiffs and others similarly

17   situated who were assigned to positions, or who were denied assignment to positions, based solely

18   upon their gender, including, but not limited to in violation of California Penal Code §4021 which

19   states, "Except as provided herein, the provisions of this subdivision shall not be applied to

20   discriminate against any employee by prohibiting appointment or work assignment on the basis of sex

21   of the employee."  These employment practices furthermore consisted of the development of a policy

22   and/or procedure, a segregated seniority list, by which determination of regular days off for employees

23   was based upon gender. This employment practice caused significant disproportionate adverse impact

24   on Plaintiffs and other members of Plaintiffs' protected group.

25       39.     As a direct and proximate result of Defendants' conduct, Plaintiffs, and others

26   similarly situated, including those individuals listed in paragraph 12, of this complaint, have suffered

27   and continue to suffer substantial losses incurred, including, but not limited to, lost earnings, lost

28   opportunity for career advancement, lost overtime opportunities, lost opportunities to obtain needed

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 9581

1   experience and training for promotion and other career advancement, and other employment benefits

2   they would have received had Defendants not engaged in the aforementioned conduct.

3          40.    As a proximate result of Defendants' conduct, Plaintiffs and others similarly situated,

4   including, but not limited to those listed in paragraph 12, have suffered and continue to suffer

5   emotional distress, embarrassment, anxiety, and humiliation, and damage in an amount according to

6   proof.

7          41.    Defendants committed the acts alleged herein maliciously, fraudulently, and

8   oppressively, in bad faith, with the wrongful intention of injuring Plaintiffs and others similarly

9   situated, from an improper and evil motive amounting to malice, in a conscious disregard of

10  Plaintiffs' rights and the rights of others similarly situated. Plaintiffs and others similarly situated are

11  thus entitled to recover punitive damages from Defendants in an amount according to proof.

12         42.    As a result of Defendants' discriminatory acts as alleged herein, it was necessary for

13  Plaintiffs to retain counsel to represent them, and Plaintiffs and others similarly situated therefore are

14  entitled to reasonable attorneys' fees and costs of suit as provided by Government Code section

15  12965(b) and as otherwise permitted by law.

16         WHEREFORE, Plaintiffs request relief as hereinafter provided.

17

18                                **PRAYER FOR RELIEF**

19         WHEREFORE, Plaintiffs pray for judgment as follows:

20         1.     For compensatory damages, and other monetary relief according to proof;

21         2.     For general damages and non-economic damages according to proof;

22         3      For prejudgment interest at the prevailing legal rate;

23         4.     For punitive damages according to proof;

24         5.     For attorneys fees incurred on behalf of Plaintiffs and the class;

25         6.     For injunctive and other appropriate equitable relief;

26         7.     For costs of suit herein incurred; and

27         8.     For such other and further relief as the court deems just and proper.

28

---

SECOND-AMENDED CLASS ACTION COMPLAINT FOR DAMAGES    San Francisco County Case No. CPF-07-507 047
JURY TRIAL DEMANDED                            11

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1    Dated: October 14, 2007

2

3                                                MASTAGNI, HOLSTEDT, AMICK,
                                                 MILLER, JOHNSEN & UHRHAMMER

4                                                AMANDA UHRHAMMER
                                                 Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND-AMENDED CLASS ACTION  COMPLAINT FOR DAMAGES    San Francisco County Case No.  CPF-07-507 047
JURY TRIAL DEMANDED                    12

1    **PROOF OF SERVICE (C.C.P.§1013a)**

2    SHORT TITLE OF CASE:    *San Francisco Deputy Sheriffs' Association v.*
                            *City and County of San Francisco, et al.*

3    COURT NAME:    San Francisco County Superior Court
     CASE NUMBER:    CPF07507047

4

5    I am employed in the County of Sacramento, State of California. I am over the age of eighteen years
     and not a party to the above-entitled action; my business address is 1912 I Street, Sacramento,
6    California 95814.

7    On the date below, I served the following document(s):

8    1.    **Second Amended Summons;**
     2.    **Second-Amended Class Action Complaint for Damages, Discrimination Upon Gender;**
9          **Jury Trial Demanded.**

10   addressed as follows:

11

| Dennis J. Herrera, City Attorney | Attorneys for Defendants |
|---|---|
| **Jill J. Figg, Deputy City Attorney** | |
| **Rafal Ofierski, Deputy City Attorney** | |
| **1390 Market Street, Fifth Floor** | |
| **San Francisco, California 94102-5408** | |
| **Telephone:  (415) 554-3971** | |
| **Facsimile:   (415) 554-4248** | |
| **Direct Dial [figg] (415) 554-3971** | |
| **Email: jill.figg@sfgov.org** | |

17

18   ___X___   **BY MAIL.** I am readily familiar with the firm's practice of collection and processing of
     correspondence for mailing. Under that practice, it would be deposited with the United States Mail
19   on the same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course
     of business.
20

21   _____   **BY CERTIFIED MAIL.** I am readily familiar with the firm's practice of collection and processing
     of correspondence for mailing. Under that practice, it would be deposited with the United States
22   Postal Service on the same day with postage thereon fully prepaid at Sacramento, California, in the
     ordinary course of business.
23

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true
24   and correct.

25   Executed on **October 15, 2007,** at Sacramento, California.

26

27                                                    Lelia R. Jackson

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Page 1 of 1

San Francisco County Case No. CPF-07-507 047