IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, ET AL., | No. C 07-3622 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF STATE COURT PROCEEDING** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL., | |
| Defendants. | |

On October 19, 2007, the Court heard argument on defendants' motion to dismiss or stay pending resolution of an overlapping state court proceeding. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendants' motion to STAY pending the resolution of the state court action.

**BACKGROUND**

On February 20, 2007, seven deputy sheriffs of the County of San Francisco, along with the San Francisco Deputy Sheriff's Association ("SFDSA"), filed a putative class-action complaint in San Francisco Superior Court alleging gender discrimination against the City, Sheriff Michael Hennessey, and Undersheriff Jan Dempsey. The complaint asserted two causes of action, one alleging violations of the California Fair Employment and Housing Act ("FEHA") and the second alleging violations of California Penal Code § 4021.[1] The class action suit arose from defendants' reorganization of the San

---

[1] California Penal Code § 4021 provides in relevant part:
(b) It shall be unlawful for any officer, station officer, jailer, or custodial personnel to search the person of any prisoner of the opposite sex, or to enter into the room or cell occupied by any prisoner of the opposite sex,

Francisco County Jail system, which involved reassigning all female inmates from various county jails to one central location housed in County Jail #8. Along with this reorganization, defendants instituted a new staffing policy that permits only female deputies to work in the female pods of County Jail #8. The new policy also creates a gender-based two-tiered process for selecting days off by which a female deputy with less seniority than a male deputy may receive preference in selecting days off because her seniority is only compared to that of other female deputies.

The state plaintiffs alleged the policy discriminates against female deputies because it prevents them from gaining the training and experience necessary to receive promotions and further their careers in law enforcement, as well as forces them to work overtime. The policy allegedly discriminates against male deputies because it prevents them from gaining the training and experience that comes with working in female pods and it also prevents them from signing up for working overtime in the female pods. The plaintiffs also alleged that the policy discriminates against both genders because they must work less desirable shifts and schedules since the gender-based two-tiered system limits deputies' right to choose regular days off. The complaint seeks compensatory damages, punitive damages, attorney fees, injunctive relief, and costs of suit.

The plaintiffs in the state case filed a First Amended Complaint on or about March 15, 2007. Subsequently, the City filed a demurrer, the parties began discovery, and they participated in a Case Management Conference. On October 4, 2007, the City's demurrer was sustained and the Superior Court granted leave to amend the FEHA cause of action. On October 16, 2007, the plaintiffs filed a Second Amended Complaint that folded their allegations regarding violations of California Penal Code § 4021 into one cause of action under the FEHA.[2]

Five months after the filing of the state complaint, on July 13, 2007, the thirty-five plaintiffs here, seven of whom were originally named as plaintiffs in the state action, filed this federal action.

---

except in the company of an employee of the same sex as the prisoner. *Except as provided herein, the provisions of this subdivision shall not be applied to discriminate against any employee by prohibiting appointment or work assignment on the basis of the sex of the employee.* (Emphasis added).

[2]The Court grants defendants' supplemental request for judicial notice in support of their motion.

2

Plaintiffs, both male and female deputy sheriffs, bring nine causes of action arising under Title VII, FEHA, the California Labor Code, and the California Peace Officer Bill of Rights. Similar to the state case, plaintiffs allege suffering general damages and emotional distress due to the new staffing policy. Unlike the state complaint, however, plaintiffs here allege three individual complaints of retaliation. Plaintiffs seek similar relief as sought by the plaintiffs in the state complaint.

Originally, the law firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer represented all plaintiffs in the state action, both the seven named plaintiffs and the SFDSA. On June 22, 2007, however, Lawrence D. Murry substituted in as counsel to represent the seven individual plaintiffs in the state action. He then filed this federal action where he represents the thirty-five individual plaintiffs. On September 14, 2007, two months after filing this federal action and two weeks after defendants brought this motion to dismiss or stay pending resolution of the state court proceeding, plaintiffs' counsel filed, and was granted, a request with the state court to dismiss without prejudice the seven named plaintiffs in the state action, leaving only the SFDSA as the named plaintiff in the state court class action.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction may either "attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. and Elec.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollars*, 330 U.S. 731, 735 n. 4. (1947)). Where the jurisdictional issue is separable from the merits of the case, the Court need only consider evidence related to the jurisdiction issue, and rule on that issue, resolving factual disputes as necessary. *Id.* (citing *Berardinelli v. Castle & Cooke, Inc.*, 587 F.2d 37 (9th Cir. 1978)).

In deciding a Rule 12(b)(1) motion that mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

3

The Supreme Court has stated that *Younger* abstention "represents the sort of 'threshold question' [that] may be resolved before addressing jurisdiction." *Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005). However, numerous courts have also considered abstention arguments within the framework of a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (declaring "*Younger* abstention is jurisdictional"); *Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 739 (E.D. Wisc. 2005) ("[A] motion to dismiss or stay based on an abstention doctrine raises the question of whether a court should exercise subject matter jurisdiction."); *Beres v. Village of Huntley*, 824 F. Supp. 763, 766 (N.D. Ill. 1992) (a motion to dismiss for lack of subject matter jurisdiction "appears to be an appropriate method for raising the issue of abstention").

**DISCUSSION**

Defendants have requested that this Court abstain pursuant to the doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Under the *Younger* doctrine, absent extraordinary circumstances, a federal court should abstain from proceeding with a case if: (1) there is an on-going state court proceeding; (2) there is an important state interest at issue; and (3) there is an adequate opportunity for plaintiffs to litigate the federal claims in the state court proceeding. *See Younger*, 401 U.S. at 40 (criminal proceedings only); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (outlining the three *Younger* criteria); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (extending *Younger* doctrine to civil proceedings). Defendants argue that abstention pursuant to *Younger* is appropriate because a similar complaint raising similar issues is ongoing in state court and the other two elements of *Younger* are met as well.

The circumstances here satisfy all three prongs of the *Younger* doctrine. As to the first *Younger* element, plaintiffs argue that there is no ongoing state court proceeding because the parties in the state court action are no longer the same parties involved in this action. When the state court action was first filed on February 20, 2007, it named seven individuals and the SFDSA as plaintiffs. Those seven individuals were also included as part of the thirty-five plaintiffs named in the federal complaint, filed five months after the initiation of the state court proceeding. However, two weeks after defendants

4

moved this court to abstain on *Younger* grounds, those seven individual plaintiffs withdrew as named plaintiffs from the state court proceeding, leaving the SFDSA as the only plaintiff in state court. Although plaintiffs correctly observe that the named parties in state court no longer contain any named parties here, that observation does not alter the fact that those seven individuals, as deputies and members of the SFDSA, remain members of the putative class in the pending state court class action being brought by the SFDSA, its members, and others similarly situated. Thus, plaintiffs' contention that the state court proceeding has been resolved as to those seven individuals because of their successful request for dismissal is not wholly accurate.

The question becomes, then, whether the first *Younger* prong is satisfied where individual members of a trade association seek to proceed in federal court when their organization is currently litigating the matter on their behalf in state court. The Supreme Court has discussed this issue in the broader context of whether the *Younger* doctrine applies to instances where a party in a federal action shares similar interests as a different party in a state action. In *Steffel v. Thompson*, 415 U.S. 452 (1974), two men distributing pamphlets at a shopping center received warning that if they continued distribution, they would be charged with trespassing. One of the men continued distributing the handbills and was arrested and prosecuted. The other left the area, avoided arrest, and filed suit in federal court seeking both declaratory and injunctive relief. Although the two men shared similar interests, the Supreme Court held that the federal court erred by abstaining under *Younger* because the federal plaintiff was not a party in the state court adjudication. *Id.* at 455-60. The Supreme Court narrowed this holding, however, in *Hicks v. Miranda*, 422 U.S. 332 (1975), where the state seized from a theater owner four copies of a film that a state court had declared obscene. Around the same time, the state initiated criminal proceedings against two employees of the theater, but not against the theater owner. The owner filed suit in federal court seeking the return of the seized films and a declaration that the state obscenity statute was unconstitutional. The Court held that the ongoing state court proceedings against his employees provided the owner the opportunity to adjudicate his constitutional issues such that the lower court erred by not abstaining, despite the fact that the theater owner was not a party in any state court action. *Id.* at 349. Later, in *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975), the Court reached a similar conclusion as in *Steffel*, but stated that "there plainly may be some circumstances in which

legally distinct parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them." *Id.* at 928.

While the above cases discuss scenarios involving related parties, they do not directly confront the situation in the present case where an organization is the plaintiff in the state court action and members of that organization are the plaintiffs in the federal action. *See Cornwell v. Cal. Bd. of Barbering and Cosmetology*, 962 F. Supp. 1260, 1269-70 (S.D. Cal. 1997) ("No courts appear to have directly confronted this issue."). However, Chief Justice Burger discussed this issue in a concurring and dissenting opinion. *See Allee v. Medrano*, 416 U.S. 802, 830-31 (1974) (Burger, C.J., concurring in part and dissenting in part). In *Allee*, state officials in Texas arrested and prosecuted union members for violating state statutes while picketing. The union and several of its members brought suit in federal court seeking injunctive relief and judgment that declared the state statutes unconstitutional. A three judge district court panel, having heard the case before the Supreme Court's decision in *Steffel* came down, ruled in favor of the plaintiffs, declaring the statutes unconstitutional. The case reached the Supreme Court after its decision in *Steffel* and, consistent with that opinion, the Court vacated and remanded the district court's ruling based in part on abstention issues. Chief Justice Burger advised the lower court on the manner by which it should apply *Younger* when it heard the case on remand:

> The union, to the extent that it has standing, will be seeking interference with state court prosecutions of its members. There is an identity of interest between the union and its prosecuted members; the union may seek relief only because of the prosecutions of its members, and only by ensuring that such prosecutions cease may the union vindicate the constitutional interests which it claims are violated. The union stands in the place of its prosecuted members even as it asserts its own constitutional rights. The same comity considerations apply whether the action is brought in the name of the individual arrested union members or in the name of the union . . .

*Allee*, 416 U.S. at 830-31 (Burger, C.J., concurring in part and dissenting in part).

The Southern District of California applied Chief Justice Burger's rationale to a similar scenario involving two pending actions, one involving an organization in federal court and the other involving two members of that organization in state court. *See Cornwell*, 962 F. Supp. at 1270. In *Cornwell*, Dr. Cornwell, an African-American hair stylist, and the American Hairbraiders and Natural Hair Care Association ("AHNHCA") brought suit in federal court alleging various violations of both the federal and California constitutions. Meanwhile, a hair salon and its owner, both belonging to the AHNHCA,

6

were involved in state court proceedings as a result of being cited and fined by the California Board of Barbering and Cosmetology. After applying *Younger* to the facts, the court allowed Dr. Cornwell to proceed with her action in federal court. However, guided by Chief Justice Burger's analysis in *Allee*, the court abstained under *Younger* in regard to AHNHCA. The court reasoned that:

> [t]he problem with the current complaint is that the relief sought is really sought on behalf of all AHNHCA's members, not on behalf of AHNHCA itself . . . AHNHCA does not operate an African hair styling business; rather it is a trade association of African hair styling businesses. AHNHCA is actually seeking an injunction prohibiting enforcement of the [Barbering and Cosmetology Act] as applied to its members . . . As currently framed, the Court cannot grant plaintiffs the relief they seek because it would act to enjoin a pending state proceeding.

*Id.* at 1271. The court allowed plaintiffs forty-five days to file an amended complaint.

Although *Cornwell* is not authoritative, the Court finds its analysis persuasive and instructive. Much like the trade association in *Cornwell*, the SFDSA only has standing to bring an action in state court because of the alleged injuries to its members.[3] It seeks relief in state court on behalf of all its members, which includes the thirty-five plaintiffs in this federal action, and not relief for the SFDSA itself. Five months after the SFDSA began its state court action, thirty-five individual members of the SFDSA brought this action in federal court seeking damages as a result of the same new staffing policy that forms the factual basis of the SFDSA's state complaint. Thus, although the thirty-five plaintiffs here are not named parties in the state court action, the SFDSA is currently litigating their interests in the pending state action and plaintiffs here stand ready to recover monetary awards from that action if the SFDSA is successful. A decision by this Court on the matter could interfere with the pending state court proceeding. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans (NOPSI)*, 491 U.S. 350, 373 (1989) ("It is true, of course, that a federal court's disposition of such a case may well affect, or for practical purposes preempt, a future – or, as in the present circumstances, even a pending state court action."). Therefore, as to the first *Younger* element, there is an ongoing state court proceeding and the Court should abstain if the other two *Younger* requirements are met as well. *See*

---

[3]The SFDSA has standing in state court to bring an action on behalf of its members challenging the staffing policy and seeking damages if: (1) the individual members would otherwise have standing to sue in their own right; (2) the interests being protected are relevant to the organization's purpose; and (3) the individual members are not required to participate in the lawsuit. *See Apartment Ass'n of Los Angeles County, Inc. v. City of Los Angeles*, 136 Cal. App. 4th 119, 129 (Cal. Ct. App. 2006).

7

*Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("*Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed.").

The second and third prongs of *Younger* are also satisfied here. As to the second *Younger* element, the Supreme Court has held that administration of state criminal facilities and the protection of employees from sexual discrimination are both important issues of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) ("Since these internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."); *Ohio Civil Rights Comm. v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 628 (1986) ("We have no doubt that the elimination of prohibited sex discrimination is a sufficiently important state interest . . ."). As to the third prong of *Younger*, the court finds no reason that plaintiffs cannot pursue all of the claims included in this lawsuit in state court. State courts are courts of general jurisdiction and are able to adjudicate questions of federal law. *See Nevada v. Hicks*, 533 U.S. 353, 366-67 (2001). Thus, because the state court action began five months before this action, plaintiffs had the opportunity to bring any issues of federal law, such as their claims under Title VII, in the state court proceeding, and plaintiffs have failed to show otherwise. *See Hicks*, 422 U.S. at 349 (finding that the state court proceeding against a related party provided the federal plaintiff the opportunity to raise his constitutional claims); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-17 (1987) (finding that the burden rests on the federal plaintiff to show that state procedural law prevents presentation of claims).

Having found that the *Younger* doctrine applies to the facts here, the Court must decide whether to dismiss the action or stay the proceeding pending the outcome of the state court action. When *Younger* applies and the federal party seeks injunctive relief, federal courts should dismiss the action in its entirety. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n. 22 (1976) ("Where a case is properly within [the *Younger*] category of cases, there is no discretion to grant injunctive relief."). "But when damages are sought and *Younger* principles apply, it makes sense for the federal

court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending." *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (emphasis in original). Here, because *Younger* applies and plaintiffs seek damages along with injunctive relief, the Court stays the proceeding pending resolution of the state court action.[4]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion and STAYS plaintiffs' claims pending the resolution of the state court action. **The parties are ordered to file joint reports on the status of the state court proceedings every 90 days until its resolution.**

**IT IS SO ORDERED.**

Dated: October 22, 2007

SUSAN ILLSTON
United States District Judge

---

[4] Defendants also move this Court to abstain based on *Colorado River* principles. Because the Court must abstain under *Younger*, it does not reach the matter of whether to also abstain under *Colorado River*.