DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
MARGARET BAUMGARTNER, State Bar #151762
JILL FIGG DAYAL, State Bar #168281
RAFAL OFIERSKI, State Bar #194798
Deputy City Attorneys
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3800
Facsimile:     (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO ET AL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY AMBAT, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. C 07-3622 SI<br><br>DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT<br><br>CMC date:　　August 29, 2008<br>Time:　　　　2:30 p.m.<br>Judge:　　　　Hon. Susan Illston<br>Place:　　　　Courtroom #10<br>　　　　　　　19th Floor<br><br>Trial Date:　　None Set |

## I. INTRODUCTION

Defendants hereby respectfully submit the following case management statement on their own behalf. Despite their best efforts, Defendants were not able to finalize a joint statement with Plaintiffs. Defendants met and conferred with Plaintiffs' counsel Christina Johnson and revised an initial the draft of the statement as Ms. Johnson requested. After making all the revisions Ms. Johnson requested and anticipating a joint filing, Defendants learned that Plaintiffs' other counsel Lawrence Murray would not agree to the statement negotiated by Ms. Johnson. Mr. Murray did not communicate his position until late in the afternoon of the day the statement was due, thus necessitating separate filings. The statement Defendants submit here is the statement they negotiated with Ms. Johnson, rather than the prior version describing solely the Defendants' position. (*See* concurrently filed Declaration of Jill Figg Dayal.)

The complaint in this action was filed on July 13, 2007. Thirty-five individual plaintiffs, both male and female deputy sheriffs, bring nine causes of action for discrimination and retaliation arising under Title VII, the Fair Employment and Housing Act ("FEHA"), the California Labor Code, and the California Peace Officer Bill of Rights. Plaintiffs' allegations relate to the Sheriff's policy of staffing female jail pods with female deputies. Plaintiffs have named the City and County of San Francisco and six individual supervisors as defendants.

In response to the complaint, defendants filed a motion to dismiss or stay the proceedings pending resolution of an earlier filed state court action. The Court granted defendants' motion to stay in an Order dated October 22, 2007. On June 11, 2008, the parties filed a Stipulation for Order and Order Lifting Stay Due To Resolution of State Court Action, in which they advised the Court that the state court action had been dismissed without prejudice, and that the basis for the stay had been removed. In the Stipulation, the parties requested that the Court lift the stay. On June 19, 2008, the Court entered the Order lifting the stay and set a case management conference for Friday, August 29, 2008 at 2:30 p.m. In that Order, the Court also ordered the parties to file a Joint Case Management Conference Statement by August 22, 2008.

The Order did not address the items to be covered in the Joint Case Management Conference Statement, and the parties have assumed that the Court would like them to address the agenda items

in Hon. Susan Illston's standing Case Management Conference Order, and therefore do so in Section II.A below. In addition, the parties have addressed additional items required by the Standing Order For All Judge Of the Northern District Of California in Section II.B below.

## II. ISSUES IN JOINT CASE MANAGEMENT CONFERENCE STATEMENT
### A. Judge Illston's Standing Case Management Conference Order
#### 1. Jurisdiction/Service

The parties agree that the Court has subject matter jurisdiction over the plaintiffs' federal law claims pursuant to 28 U.S.C. Section 1331. The parties also agree that the Court has jurisdiction over the plaintiffs' California state law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. 1367(a). Defendants have not filed any counter-claims. The parties agree that all parties are subject to the Court's jurisdiction, and that all defendants have been served.

#### 2. Factual and Legal Basis For Plaintiffs Claims and For Defendants' Defenses

The Complaint alleges causes of action for gender discrimination, gender employment restriction and retaliation for protected activities in violation of Title VII (42 USC 2000(e)) and the Fair Employment and Housing Act (Government Code §§12900 *et seq,*, (hereinafter referred to as "FEHA"). The allegations of the Complaint are summarized as follows: In or about October 4, 2006 the assignment of female deputies in County Jail No. 8 (hereinafter referred to as "CJ#8") was realigned such that the female-only "pods" in CJ#8 were to be staffed only by female Sheriff Deputies. Plaintiffs claim that this is a form of gender-based discrimination in work assignments specifically prohibited by Section 4021 of the Penal Code and more generally prohibited by Title VII and FEHA. Defendant the City and County of San Francisco ("the City") claims that there are legitimate non-discriminatory bases for its staffing policies.

Plaintiffs claim that despite protests and grievances directed to their supervisors notifying them of the discriminatory treatment, the practice of assigning female deputies only to CJ#8 persists and certain of the complaining deputies and plaintiffs herein have been subject to retaliation in the form of "counseling" and other disciplinary actions initiated by the deputies' supervisors which retaliation is ongoing. The City claims that each employment action it has taken with regard to each plaintiff is justified based on the circumstances and are neither retaliatory nor discriminatory.

By written directive dated October 18, 2006, from Chief Arata to all of the jails, those female deputies previously assigned to other jails, specifically to County Jail 1 and 2, were reassigned to CJ#8. Plaintiffs claim that the female deputies working in female-only pods have been and are being put at risk of harm above and beyond that experienced by male deputies who do not work the female side of the jail. Plaintiff further alleges and state that they will establish that female inmates are generally and statistically more difficult to manage and are often more dangerous as compared to male inmates. Plaintiffs assert that thus female deputies are exposed to and suffer from a greater degree of stress and potential physical harm due, in part, to overcrowding of female prisoners in CJ#8 and, in part, to the fact that female deputies work alone for long shifts. The City denies these allegations.

Plaintiffs allege that in May, June and July of 2007, there were approximately 20 female inmates in excess of the 86 number capacity for the female-only pod that far exceeded the available bed space. They allege that the male pods, on the other hand, do not suffer from the same excess of prisoners as male inmates because they are more readily moved from the County jail to outlying prisons and other appropriate facilities. Plaintiffs further allege that female pods house prisoners who are a danger to themselves or who have an extensive history of violence in a mixed population, thus creating an environment of hostility and potential danger. Furthermore, plaintiffs allege that the female pods have no special equipment such as special doors and leg and body chains that are commonly used for handling dangerous prisoners. The City denies these allegations, and asserts that plaintiffs have not been harmed by the challenged staffing policy.

Plaintiffs also claim that is not only female deputy sheriffs who are being discriminated against but also male deputies in that, as of October of 2006, due to the Sheriff's staffing policies, the Sheriff's Department (hereinafter referred to as "Department") implemented a seniority based shift bidding process, a shift bidding process for regular days off (hereinafter referred to as "RDOs") and a shift assignment segregated by gender. Plaintiffs claim that rather than having shift assignments based on seniority as required under the collective bargaining agreement, the shift assignments are now based on gender resulting in some male deputies having to take less favorable RDOs and shift

assignments than if the assignments were based on seniority. The City claims that its shift-bidding process is consistent with the MOU, non-discriminatory, and has caused no harm to plaintiffs.

### 3. Factual and Legal Issues In Dispute

#### a. Factual Issues

Plaintiffs identify the following factual issues:

1. Whether defendants distinguished, in the assignment of work, on the basis of gender;
2. Whether defendants retaliated against those deputies who complained before and during the pendency of the State court and now the federal court litigation;
3. Whether defendants restricted and advertised the availability of work on the basis of gender;
4. Whether defendants took all reasonable steps to prevent a violation of law;
5. The nature and extent of compensatory and other available damages;
6. Whether injunctive relief is appropriate under the circumstances.

Defendants identify the following factual issues:

1. Whether the City had legitimate, non-discriminatory bases for its staffing policies;
2. Whether plaintiffs have suffered any actionable harm as a result of the staffing policy;
3. Whether the Sheriff's Department reasonably believed that plaintiffs engaged in misconduct justifying any discipline imposed on plaintiffs;
4. Whether the City had legitimate, non-discriminatory bases for all challenged employment actions.

#### b. Legal Issues

Plaintiffs identify the following legal issues:

1. Whether defendants should be enjoined from engaging in illegal discrimination, retaliation and work assignments;

2. Whether defendants have been engaged and continue to be engaged in a pattern of discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964;

3. Whether defendants have been engaged and continue to be engaged in a pattern of discrimination in violation of the provisions of the Fair Employment and Housing Code, Government Code §12900 et seq.;

4. Whether defendants have failed and continue to fail to prevent discrimination and/or retaliation in violation of Title VII and the Fair Employment and Housing Act;

5. The nature and extent of compensatory and other available damages;

6. The necessity for injunctive relief against defendants.

Defendants identify the following legal issues:

1. Whether Title VII and FEHA prohibit the Sheriff's staffing policies under the factual circumstances existing in San Francisco jails.

2. Whether the actions challenged by plaintiffs are adverse employment actions.

3. Whether the plaintiffs suffered unlawful discrimination or retaliation.

4. Whether the individually named defendants are liable for alleged discrimination and retaliation under Title VII and FEHA.

5. Whether plaintiffs Janssen and Morgan-Spires can prove a violation of Labor Code Section 1102.5(b) by defendants for which they suffered harm.

6. Whether plaintiff Versher can prove a violation of Government Code Section 3309.5 by defendants for which she suffered harm.

### 4. Issues To Be Narrowed

At this time, the parties are unaware of any issues that could be narrowed. Defendants believe that the issue of whether the unisex staffing policy constitutes unlawful discrimination is appropriate for resolution on a motion for summary adjudication. Defendants believe that the individual retaliation claims also may be summarily adjudicated.

### 5. Anticipated Motions

Plaintiffs will be filing a motion for preliminary injunction at the earliest opportunity.

Defendants anticipate filing a 12(b)6 motion to dismiss the individual defendants if plaintiffs do not voluntarily dismiss them. Approximately six weeks ago the defendants advised plaintiffs that the individuals are not proper defendants because neither Title VII nor FEHA imposes individual liability for alleged discrimination and retaliation. (*Greenlaw v. Garrett* (9th Cir. 1995) 59 F.3d 994 [no individual liability under Title VII]; *Jones v. Lodge at Torrey Pines* (2008) 42 Cal.4th 1158 [no individual liability for retaliation under FEHA]; *Reno v. Baird* (1998) 18 Cal.4th 640 [no individual liability for discrimination under FEHA].) Defendants have requested that plaintiffs file a dismissal of the individual defendants, and have advised plaintiffs that if they do not voluntarily dismiss the individuals by August 22, 2008, then defendants will file a motion requesting that the Court dismiss them.

In addition, defendants also anticipate filing a motion for summary judgment/summary adjudication, as well as pretrial motions.

### 6. Relief Sought By Plaintiffs

In the complaint, plaintiffs seek compensatory damages for lost wages, physical and mental pain and emotional distress, and medical expenses. In addition, plaintiffs seek civil penalties pursuant to California Labor Code Section 1102.5 and Government Code 3309.5(e), attorneys fees and costs, and punitive damages. Plaintiffs also seek an injunction that the Sheriff's Department post, train and enforce the rights of employees under the FEHA.

Defendants have no counter-claims and therefore are not seeking damages.

### 7. Discovery

No discovery has been conducted to date.

#### a. Plaintiffs' Discovery

Plaintiffs anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission as well as deposition discovery. It may also be necessary to take third party discovery of witnesses with information relevant to the parties' claims and defenses. The following is not an exhaustive list of discovery plaintiffs intend to propound but

includes documents plaintiffs intend to request or that they requested will voluntarily be produced by defendants:

1. Any sign-up sheets made available to the deputies for the relevant period;
2. Any records reflecting disciplinary actions taken against plaintiffs by the deputies' supervisors;
3. Any correspondence between the plaintiff deputies and their supervisors related to any matter included in the complaint;
4. Any documents reflecting assignments of deputies to particular locations and for particular tasks;
5. Any rebuttals to actions taken against plaintiff deputies for alleged violations of established or newly enacted practices and procedures;
6. Any employment manuals or other documents reflecting policies pertaining to the employment of deputies;
7. Any documents reflecting incidents of violence or other adverse actions that have taken place in the female-only pods;
8. Any documents reflecting termination and/or proposed terminations of any of the named plaintiffs;
9. Any internal memoranda between officers in charge of implementing policies of the Department regarding such polices;
10. Any complaints filed by deputies pertaining to their assignments;
11. All relevant information maintained in electronic form including, but not limited to e-mail correspondence, attachments thereto and any other memoranda or policies that are regularly maintained by defendants in an electronic format.

   b. **Defendants' Discovery**

Defendants anticipate taking the deposition of every plaintiff and taking written discovery, including document requests, interrogatories and requests for admission. Defendants also anticipate taking independent medical examinations of every plaintiff relative to their claims for emotional distress damages.

c. **Additional Issues**

The parties are not aware of any manner in which discovery could be limited or obtained in an alternative manner. At this time, the parties do not see a need for a discovery conference and order under Rule 26(f). At this time, plaintiffs do not propose any changes to the limitations on discovery by the Federal Rules of Civil Procedure or the local rules of this District. At this time, because there are thirty-five plaintiffs, defendants will require more than 10 depositions.

8. **Referral to Binding Arbitration, Special Master, Magistrate Judge**

The parties agree that this case is not suitable for reference to a binding arbitration, to a Magistrate Judge for trial, or to the Judicial Panel on Multidistrict Litigation. However, given the fact that the case involves thirty-five plaintiffs who are peace officers, the parties anticipate assistance with discovery issues relating to confidential peace officer records, including a protective order relating to those records. Accordingly, the parties request the Court designate a magistrate for discovery purposes.

9. **Trial**

The plaintiffs request a jury trial. If thirty-five plaintiffs are remaining at trial, defendants estimate that a jury trial of this action will take at least 12 to 24 weeks. Plaintiffs anticipate trial will take 12 weeks. The parties are not aware of a means by which to reduce the length of trial by stipulation, use of summaries or statements or other expedited means of presenting evidence. If it is not resolved by motion for summary judgment/adjudication, defendants request that the Court bifurcate the issue of whether the Sheriff's staffing policy in the female jail is lawful from the issue of whether plaintiffs have been discriminated or retaliated against and have suffered damages. In addition, if there is a finding that the policy is unlawful, defendants request that the individual plaintiff's trials be bifurcated from each other. Plaintiffs strongly disagree with the bifurcation of individual trials. Defendants also request that any trial on the issue of punitive damages (which are not available against the City) be bifurcated.

10. **Related Cases**

The parties agree that there is a related case, *Walker et al. v. City and County of San Francisco*, United States District Court, Northern District of California, Case No. 3:08-cv-02406-

PJH, filed May 9, 2008. The allegations in *Walker* are virtually identical to those in the *Ambat* case. In both cases, plaintiffs challenge the Sheriffs' staffing policy in the female jails. The *Walker* complaint contains the same seven causes of action and relevant facts as the first seven causes of action in the *Ambat* case (the *Walker* complaint does not contain the eight and ninth causes of action in the *Ambat* case). The defendant in both cases is the City and County of San Francisco (the *Walker* complaint does not name individual defendants). The *Walker* case has eight plaintiffs, one of whom (Mattie Spires-Morgan) is also a plaintiff in the *Ambat* case. Both cases were filed by the same plaintiffs' counsel.

On May 20, 2008, shortly after the *Walker* case was filed, Plaintiffs filed a notice of related case with this Court. On August 15, 2008, after an initial case management conference, Judge Hamilton referred the *Walker* case to this court for the purpose of determining the relationship of the cases.

The parties request that the *Walker* and *Ambat* cases be related in this Court for purposes of discovery and pretrial issues.

**11.     Class Action**

This case is not a class action.

**12.     Scheduling**

**a.     Plaintiffs' Proposed Schedule**

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | October 1, 2008 |
| Completion of all fact discovery and last day to file any fact discovery motions | January 30, 2009 |
| Exchange Expert Disclosures/Reports | March 2, 2009 |
| Exchange Rebuttal Expert Disclosures/Reports | March 13, 2009 |
| Completion of All Expert Discovery and Last Day to File any Expert Discovery Motions | April 30, 2009 |
| Deadline for Filing Summary Judgment Motions | May 1, 2009 |
| Final Pretrial Conference | June 1, 2009 |
| Trial | June 8, 2009 |

### b.   Defendants' Proposed Schedule

Defendants believe that the discovery and pretrial schedule for this case and the related case of *Walker* should be the coordinated. There are approximately thirty-five plaintiffs in *Ambat*, and eight plaintiffs in *Walker*. Defendants believe that establishing a firm discovery schedule is premature at this point. Given the number of plaintiffs (43), and the complexity of the case, defendants instead propose to carry out discovery in several phases, consisting of written discovery and depositions of 4-5 plaintiffs in each phase. Upon completion of initial disclosures, defendants will proceed with Phase 1 and promptly initiate depositions and written discovery relating to 4-5 plaintiffs. Defendants propose that the Court schedule a further case management conference in six months to establish a discovery schedule for the remainder of the case based on the time required to complete Phase 1.

If the Court does not accept this phased approach, defendants set forth a proposed schedule consistent with the need for discovery of forty-three plaintiffs in both cases.

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | October 1, 2008 |
| Completion of all fact discovery and last day to file any fact discovery motions | November 19, 2010 |
| Exchange Expert Disclosures/Reports | January 19, 2011 |
| Exchange Rebuttal Expert Disclosures/Reports | March 18, 2011 |
| Completion of All Expert Discovery and Last Day to File any Expert Discovery Motions | May 18, 2011 |
| Deadline for Filing Summary Judgment Motions | June 17, 2011 |
| Final Pretrial Conference | August 17, 2011 |
| Trial | September 19, 2011 |

### 13.   Settlement

There have been no settlement efforts to date. The parties do not believe that settlement prospects are favorable at this time. The core of Plaintiffs' allegations are based on the contention that the Sheriff's policy of staffing the female jail pods with female deputies is discriminatory. Defendants believe that its jail staffing policy is legal. The Sheriff's Department will not agree to revise its jail staffing policy.

The parties have agreed to non-binding mediation before either the Court's panel of mediators or before a private mediator. The parties have also agreed to a settlement conference before a Magistrate Judge. On August 15, 2008, the parties filed an ADR Certification pursuant to ADR Local Rule 3-5(b) stating that they have agreed to these ADR options.

### 14.  Other Matters

The parties are not aware of any other matters at this time, other than the items required by the Northern District as set forth in Section B. below.

### B.  Additional Issues In Standing Order For All Judges In The Northern District

The issues below are not included in Judge Illston's standing Case Management Conference Order, but they are required by the Standing Order For All Judge Of the Northern District Of California. The issues are identified by the number listed in the Standing Order.

### 5.  Amendment of Pleadings

Beginning approximately six weeks ago, defendants requested that plaintiffs file a dismissal of the individual defendants, and have advised plaintiffs that if they do not voluntarily dismiss the individuals by August 22, 2008, then defendants will file a 12(b)6 motion requesting that the Court dismiss them.

### 6.  Evidence Preservation

Defendants have taken appropriate steps to ensure the preservation of evidence relevant to the issues reasonably evident in this action, including the preservation of electronic evidence.

### 7.  Disclosures

The parties have not yet completed initial disclosures. When the complaint was filed, the Court issued an Order on July 13, 2007 in which it established a case schedule and required the parties to complete initial disclosures by October 29, 2007. After that case scheduling order, but before the initial disclosures were due, the Court entered the order staying the case. For this reason, the parties have not exchanged initial disclosures. The parties request that the Court set dates for the parties to meet and confer regarding initial disclosures and to exchange initial disclosures. The parties propose that the deadline to meet and confer regarding initial disclosures be November 7, 2007, and the deadline to exchange initial disclosures be November 21, 2008.

1           **13.**    **Consent to Magistrate Judge For All Purposes**

2    Plaintiffs consent to a magistrate judge to conduct any proceedings including trial and/or entry
3 of judgment. Defendants consent to a magistrate judge <u>only</u> for the resolution of discovery disputes.
4 However, defendants do not consent to a magistrate for any purpose except discovery.

5           **16.**    **Expedited Schedule**

6    The parties agree that this case cannot be handled on an expedited basis with streamlined
7 procedures.

8           **19.**    **Disclosure of Non-party Interested Entities or Persons**

9    Defendants have filed a "Certification of Interested Entities or Persons" required by Civil
10 Local Rule 3-16. Pursuant to Civil Local Rule 3-16, defendants certify that as of the date of this
11 statement, other than the named parties, there is no such interest to report.

SAN FRANCISCO CITY ATTORNEY OFFICE

_____          \_\_\_\_/s/_____
                                            Rafal Ofierski
                                            Jill Figg Dayal
                                            Attorneys for Defendants