EXHIBIT A

| | |
|---|---|
| Jill Figg/CTYATT<br>08/22/2008 02:45 PM | To  clj_iplaw@yahoo.com<br>cc  daydrmn@aol.com, Rafal Ofierski/CTYATT@CTYATT<br>bcc<br>Subject  Re: Fw: draft CMC statement |

Thank you Christina.

Mr. Murray, can you please let me know when we might hear from you? The redlined version of the statement included everything that we discussed with Christina. I am only waiting for the damages section. Since this needs to be filed today, we need to wrap it up quickly. It is now 2:41 p.m., and we need to file it by 5:00 p.m. Accordingly, I will wait for your comments until 4:00 p.m., and after that point if I haven't gotten your section then I will have to file a separate statement on my own and advise the court of the reasons for doing so. I don't want to do this as the court wants us to file a joint statement. But at this late hour I need to advise you of my alternative plan if we do not hear from you.


Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

"Christina L. Johnson, Esq." <clj_iplaw@yahoo.com>



| | |
|---|---|
| "Christina L. Johnson, Esq."<br><clj_iplaw@yahoo.com><br>08/22/2008 02:27 PM<br>Please respond to<br>clj_iplaw@yahoo.com | To  Jill Figg <Jill.Figg@sfgov.org><br>cc  daydrmn@aol.com<br>Subject  Re: Fw: draft CMC statement |

August 22, 2008
Dear Jill,
The draft has been forwarded to Mr.
Murray for review and editing. I believe
he will add a section on damages.

Mr. Murray instructs that we will amend the complaint and drop the individual defendants.
By this note to you, I copy Mr. Murray and if he has a different impression, he will let you know.
Thank you.
Christina L. Johnson


CHRISTINA L. JOHNSON, ESQ.\
1781 Union Street, San Francisco, CA 94123
Tel. 415.673.0555 Fax 415.928.4084 Cell:415.902.3712

THIS ELECTRONIC MAIL AND ANY ATTACHMENTS THERETO ARE CONFIDENTIAL, AND PROPRIETARY AND SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE.


--- On **Fri, 8/22/08, Jill Figg** <*Jill.Figg@sfgov.org*> wrote:
From: Jill Figg <Jill.Figg@sfgov.org>
Subject: Re: Fw: draft CMC statement
To: clj_iplaw@yahoo.com
Cc: "Rafal Ofierski" <Rafal.Ofierski@sfgov.org>
Date: Friday, August 22, 2008, 2:10 PM


Christina, I wanted to check in and see where you are with your damage section, and whether the redlined changes I sent earlier today are acceptable to you. When we spoke at 10:00 a.m. this morning you thought you would have the damages section within the hour. I just tried to call but the receptionist said that you were busy and unable to take calls. I would appreciate it if you could please let me know as soon as you're able, particularly since you indicated that you will be leaving at 3:00 p.m. today.

Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

Jill Figg/CTYATT
08/22/2008 12:30 PM

To clj_iplaw@yahoo.com

cc Rafal Ofierski/CTYATT@CTYATT

Subject Re: Fw: draft CMC statement Link

Christina, thank you for your time this morning to meet and confer regarding our Joint CMC statement that is due today. I have incorporated all of the changes we discussed, and attach below a redline version of the document. With the redline version you can quickly see the changes that I made pursuant to our call. Per your e-mail request after our call, we have copied the fact section that you had drafted in the <u>Walker</u> case, and deleted the section we had drafted. In our draft we had cut the facts down significantly so that we could meet the 10 page requirement in the District's standing order. Contrary to your statements in your e-mail, we in no way meant to mischaracterize your statement -- we were only trying to comply with the Court's order. The statement is now much longer than the Order requires.

Redline version

Now I am just waiting for your section on damages that you said that you would send to me. As soon as I get that from you, I will add it to the document. You indicated that you need to leave today by 3:00 p.m. Prior to that time, please just let me know that you approve of the final version, and that I can file it.

Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

---

Jill Figg/CTYATT
08/22/2008 08:48 AM

To cjj_iplaw@yahoo.com
cc Rafal Ofierski/CTYATT@CTYATT
Subject Re: Fw: draft CMC statementLink

Thank you Christina. We will call you at 10:00 a.m.

Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

"Christina L. Johnson, Esq."
<clj_iplaw@yahoo.com>
08/21/2008 04:02 PM

Please respond to
clj_iplaw@yahoo.com

To Jill Figg
<Jill.Figg@sfgov.org>
cc
Subject Re: Fw: draft CMC statement

# August 21, 2008

Dear Jill,

I apologize for my delay in getting back to you. Several matters came up unexpectedly and I've been out of the office most of the afternoon.

I will be available at 10:00 a.m. tomorrow to confer with you regarding the Statement, which does not need to be filed until mid-night tomorrow but I understand the desire to meet and confer and file the Statement at a reasonable time.

My apologies for not being readily available today.

Talk to you tomorrow,
Christina

CHRISTINA L. JOHNSON, ESQ.\
1781 Union Street, San Francisco, CA 94123
Tel. 415.673.0555 Fax 415.928.4084 Cell:415.902.3712

THIS ELECTRONIC MAIL AND ANY

ATTACHMENTS THERETO ARE CONFIDENTIAL, AND PROPRIETARY AND SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE.

--- On **Thu, 8/21/08, Jill Figg** <*Jill.Figg@sfgov.org*> wrote:
From: Jill Figg <Jill.Figg@sfgov.org>
Subject: Fw: draft CMC statement
To: clj_iplaw@yahoo.com
Cc: "Rafal Ofierski" <Rafal.Ofierski@sfgov.org>
Date: Thursday, August 21, 2008, 3:50 PM

Hello Christina, we haven't heard from you yet. When we spoke yesterday at set our call for 2:00 p.m. today you mentioned that you were generally free today and tomorrow. Hopefully we can connect soon. I'm leaving for a doctor's appointment shortly, and would like to get a time early tomorrow morning when we can meet and confer. Rafal and I are generally available tomorrow morning anytime after 8:30 a.m.. Please let us know what works for you. If we haven't heard from you by noon, we will have to proceed to file a separate CMC statement. Hopefully this won't be necessary as the Court wants us to file a joint statement.

Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

----- Forwarded by Jill Figg/CTYATT on 08/21/2008 03:42 PM -----

Jill Figg/CTYATT
To

| | | |
|---|---|---|
| 08/21/2008 02:04 PM | To | clj_iplaw@yahoo.com |
| | cc | Rafal Ofierski/CTYATT@CTYATT |
| | Subject | Re: draft CMC statement Link |

Hi Christina, Rafal and I just tried to call for our 2:00 p.m. meet and confer, but the receptionist said you had stepped away from your desk. Could you please call me when you return? Rafal and I are still here and available to talk, but I wanted to let you know that I need to leave for a doctor's appt. at 4:00 or so.

Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

| | | |
|---|---|---|
| Jill Figg/CTYATT | | |
| 08/20/2008 04:49 PM | To | clj_iplaw@yahoo.com |
| | cc | Rafal Ofierski/CTYATT@CTYATT |
| | Subject | draft CMC statement |

Christine, per our conversation yesterday, attached below is a draft CMC statement that comports with the requirements in Judge Illston's standard order and the Northern District standard order. Rafal and I have incorporated as much as we could from the Walker CMC statement, but we really had to change the format significantly to comply with court requirements. Also, please note that our discovery schedule is blank -- we are still trying to figure that out on our end and should have answers tomorrow before we talk at 2:00 p.m. We will call you then and look forward to talking this over with you.

Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

EXHIBIT B



Daydrmn@aol.com
08/22/2008 02:58 PM

To  Jill.Figg@sfgov.org
cc  jcwong33@hotmail.com
bcc
Subject  Re: Fw: draft CMC statement

History:        This message has been forwarded.

Jill

I do not see the humor in your red lining out what we, the plaintiffs, can and can not say, the claims we can raise and how we can express it. Nor do I see the humor in you representing to the court that I did not respond to requests to dismiss the individual defendants when I wrote back and called immediately to Ms. Baumgartner telling her that I wanted to amend the complaint and get all plaintiffs in one case, dumping the individual defendants. It was your office that refused this offer. We then agreed that we would take it up with the judge at the CMC to see which way the Judge wanted us to go. If you represent otherwise, I will take issue with it.

I have our draft CMC to present. It is a sum total of six pages. If you want to add in your own statments, great, I am sending it to you as an attachment. If you intend to red line out any of my comments or representations, I will not sign it. If I do not hear fromm you by 5:00 p.m. that you will add your comments to mine, thus creating a joint statment, we will upload ours after 5:00 p.m.

See attached.

Larry Murray


Jonathan, if you have not received word from the City that they will add to our CMC statement, please upload the attached shortly after 5:00 p.m.


It's only a deal if it's where *you* want to go. Find your travel deal **here**.


Ambat CMCStatementplaintiffs2008.08.22 final ldm.doc

LAWRENCE D. MURRAY (SBN 077536)
CHRISTINA L. JOHNSON (SBN: 114232) clj_iplaw@yahoo.com
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA 94123
Tel: (415) 673-0555   Fax: (415) 928-4084
Attorneys for Plaintiffs   MERCY AMBAT et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY AMBAT, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No. C-07-3622 SI<br><br>**PLAINTIFFS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT AND FED.R. CIV. P. 26(f) REPORT**<br><br>**Honorable Susan Illston**<br>**Case Management Conference Date:**<br>**August 29, 2008**<br>**Time: 2:30 p.m.**<br>**Location: Courtroom: 10**<br>**Trial Date: None Set** |

Pursuant to FRCP 26(f) and Local Rules 16-18 and 16-9, Plaintiffs AMBAT et al. respectfully submit their Case Management Conference Statement and Rule 26(f) Report. The parties attempted to reach an amicable to the language and substance of the Case Management Statement but were unable to agree on the language and substance of certain required sections. Claims were omitted, and plaintiff's position not accurate in the version insisted on by defendants. Hence, Plaintiff's offer this statement.

**I.     INTRODUCTION**

Plaintiffs concur in defendants' description of the procedural history of this action as set forth in their Case Management Statement. Most importantly, this case was stayed pending resolution of the state court action, which has been dismissed without resolution.

**II.    ISSUES IN CASE MANAGEMENT CONFERENCE STATEMENT**

This Court has subject matter jurisdiction over the federal and State law claims. All parties are served.

**A. DESCRIPTION OF THE CASE**

**1. Events Underlying the Action**

The Complaint alleges gender discrimination, gender restriction and retaliation for complaining of violating Title VII (42 USC 2000(e)) and the FEHA  (Government Code §§12900 *et seq,*)

The allegations of the Complaint are summarized as follows: In or about October 4, 2006 the Sheriff's Department changed policy. It mandated that County Jail No. 8 ("CJ#8") be realigned such that the female-only "pods" in CJ#8 were to be staffed only by female Sheriff Deputies. This form of gender-based discrimination in work assignments is specifically prohibited by Section 4021 of the California Penal Code and more generally prohibited by Title VII and FEHA.

Despite protests, the practice of assigning female deputies only to CJ#8 female pods persists. Complaining deputies have been subject to retaliation in the form of "counseling" and other disciplinary actions initiated by the supervisors which retaliation is ongoing. One, the "ringleader," is being fired.

By written directive dated October 18, 2007, those female deputies previously assigned to other jails, specifically to County Jail 1 and 2, were reassigned to CJ#8. The female deputies working in female-only pods have been and are being put at risk of harm above and beyond that experienced by male deputies who do not work the female side of the jail. Female inmates are more violent, more difficult to manage and are often more dangerous as compared to male inmates. Female deputies are exposed to and suffer from a greater degree of stress and potential physical harm due, in part, to overcrowding of female prisoners in CJ#8 and, in part, to the fact that female deputies work alone for long shifts without a partner different than how male pods are staffed..

In May, June and July of 2007, there were about 20 female inmates in excess of the 86 capacity for the female-only pods, which far exceeded the available bed space. The male pods do not suffer from the same excess number or mixture of prisoners because they are more readily moved from the County jail to outlying prisons and other appropriate facilities. Unlike male pods, female pods house prisoners who are a danger to themselves or who have an extensive history of violence all mixed together creating an environment of hostility, danger and disruption. Women in for murder and sitting next to those in for moving violation warrants. And, unlike the male pods, the female pods have no special equipment such as special doors and leg and body chains which are commonly used for handling dangerous prisoners. Females also lack promotional opportunities confined to these jails.

Male deputies loose employment opportunities and same treatment in working benefits. To accomplish the woman only assignment of deputies, the Sheriff's Department ("Department") implemented a segregated seniority based shift bidding process for shifts, days off, vacations and other opportunities, segregated by gender. Rather than assignments based on seniority as required under the collective bargaining agreement, there are two separate and unequal systems for employees based on gender. Male deputies having to take less favorable shift assignments than those based on seniority.

**B. Factual Issues in Dispute**

**1. Plaintiffs' Identification of Factual Issues in Dispute**

1. Whether defendants distinguished, in the assignment of work, on the basis of gender;

2. Whether defendants retaliated against those deputies who complained before and during the pendency of the State court and now the federal court litigation;

3. Whether defendants restricted/advertised available work on the basis of gender;

4. Whether defendants took all reasonable steps to prevent a violation of law;

5. The nature and extent of compensatory and other available damages and remedies. .

**C.. Defendants' Identification of Factual Issues in Dispute**

Defendants file their own Case Management Conference Statement setting forth factual issues in dispute. Defendants sought to preclude claims, information and give misinformation in the form of the statement they insisted on in a joint statement. Hence, plaintiffs filed separately.

**D. Principal Legal Issues in Dispute**

**1. Plaintiffs' Identification of Legal Issues in Dispute**

a. Whether defendants should be enjoined from continued illegal discrimination, retaliation and work assignments;

b. Whether defendants engage and continue to be engage in a pattern of discrimination and retaliation in violation of the provisions of Title VII of the Civil Rights Act of 1964;

c. Whether defendants engage and continue to be engage in discrimination and retaliation violating the provisions of the Fair Employment and Housing Code, Government Code §12900 et seq.;

d. Whether defendants have failed and continue to fail to prevent discrimination and/or retaliation in violation of Title VII and the Fair Employment and Housing Act;

e. The nature and extent of compensatory and other available damages and remedies.

**E. Defendants' Identification of Legal Issues in Dispute**

Defendants are submitting their own Case Management Conference Statement which will set forth their identification of legal issues in dispute.

**III. STATE OF THE PLEADINGS**

Defendants have not filed an Answer to the Complaint pending a decision on the means by plaintiff to Amend the Complaint to dismiss the individually named defendants. Defendant believes that plaintiffs may name individual defendants based on certain claims.

Plaintiffs would like to amend the complaint to get all plaintiffs into one case and dismiss the individual defendants. After that, plaintiffs do not anticipate any amendments to their complaint, although, following discovery, such amendments may be necessary.

### IV. NOTICE OF RELATED CASE AND PROPOSED ACTION THEREON

Plaintiffs filed a Notice of Related Case re *Pamela Walker et al. v. CCSF* No. C07-03622 PH. Plaintiffs propose that the instant action be consolidated with this related case and that the consolidated case proceed in either Judge Hamilton's Courtroom or Judge Illston's Courtroom.

### V. DISCOVERY

#### A. Rule 26(a) Disclosures

Pursuant to Fed R. Civ. P. 26(a)(1)(E), the parties have agreed that they will exchange initial disclosures on or before September 1, 2008. .

#### B. Anticipated Discovery

The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission as well as deposition discovery. It may be necessary to take third party discovery of witnesses relevant to the claims and defenses.

#### 1. Plaintiffs' Statement Regarding Subjects on Which Discovery Needed

The following is not an exhaustive list of discovery plaintiffs intend to propound, which includes documents plaintiffs intend to request: .

a. Any sign-up sheets made available to the deputies for the relevant period;

b. Any records reflecting disciplinary actions taken by the deputies' supervisors;

c. Any communication between the plaintiff deputies and their supervisors;

d. Any documents reflecting assignments to particular locations for particular tasks;

e. Any rebuttals to actions taken against deputies for alleged violations of established or newly enacted practices and procedures

f. Any employment manuals or other documents reflecting policies pertaining to the employment of deputies;

g. Any documents reflecting incidents of violence or hostility taken place in the female pods;

h. All documents reflecting termination or proposed terminations of any of the named plaintiffs'

i. Any writings between officers implementing policies of the Department;

j. Any complaints filed by deputies pertaining to their assignments.

k. All documents related to implementation of discipline against any plaintiff.

### 2. Defendants' Statement Regarding Subjects on Which Discovery May Needed

Defendants are filing their own Statement addressing this issue.

### C. Changes to Discovery Limitations

At this time, the parties do not propose any changes to the limitations on discovery by the Federal Rules of Civil Procedure or the local rules of this District.

## l. ALTERNATIVE DISPUTE RESOLUTION

On July 29, 2008 the parties agreed and filed their ADR Certificate pursuant to this Court's Order Setting Initial Case Management Conference. The parties have agreed to non-binding mediation before either a Magistrate, the Court's panel of mediators or before a private mediation company, such as JAMS, and to a settlement conference before a Magistrate Judge.

## m. PROPOSED MOTIONS

Plaintiffs will file a Motion for Preliminary Injunction to prohibit the discriminatory policies set out above and to prohibit the continuing retaliation engaged in by supervisors, which include, but are not limited to, "write ups" for petty offenses, threatening terminations, failing to promote female deputies, failing to give male deputies the opportunity for overtime and other harassing and intimidating actions which are having an adverse effect on the morale of the deputy sheriffs.

## n. EVIDENCE PRESERVATION AND DISCLOSURES

Plaintiffs are conserving all electronic and other documentary evidence. Plaintiffs have offered to and will disclose all relevant documents by no later than September 1, 2008 or earlier. Plaintiffs request the same from defendants.

## o. DAMAGES CLAIMED

Each of the plaintiffs have previously suffered one form of damage or another. The males have loss of employment opportunities. The women have stress and emotional claims. Both have general damages. Those who have been the subject of retaliation have increased damages. The dollar amounts are not staggering at this point, but continue to rise with the continued practice. Those subject to discipline and termination will have an even greater damage claim.

## IX. PRETRIAL CONFERENCE AND TRIAL SETTING

### 1. Length of Trial

Plaintiff estimates that a jury trial of this action on the damages will take approximately 4 to 6 weeks at 37 hours per week. Defendants' estimate of the length of the trial is grossly overstated.

### 2. Proposed Pre-Trial Schedule

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | December 1, 2008 |
| Completion of all fact discovery and last day to file any fact discovery motions | January 30, 2009 |
| Exchange Expert Disclosures/Reports | March 2, 2009 |
| Exchange Rebuttal Expert Disclosures/Reports | March 13, 2009 |
| Completion of All Expert Discovery and Last Day to File any Expert Discovery Motions | April 30, 2009 |
| Deadline for Filing Summary Judgment Motions | May 1, 2009 |
| Final Pretrial Conference | June 1, 2009 |
| Trial | June 8, 2009 |

## X. BIFURCATION OF INDIVIDUAL PLAINTIFFS FOR TRIAL

Plaintiffs disagree with any bifurcation of 40+ individual plaintiffs whose claims are based on the same legal and factual issues. It will be logistically unfathomable for the Court, counsel and the parties to assume such a burden when the facts and law are nearly identical in the case of each and every Sheriff Deputy who is named as a plaintiff in this action. Therefore, plaintiffs oppose any bifurcation of the individual plaintiff's claims as set forth in their Complaint. Plaintiffs, however, have no issue with bi-furcating the punitive damages aspect of this case should it proceed to jury trial as anticipated.

Respectfully submitted,

Murray & Associates

DATED: August 22, 2008        /S/
                              Lawrence D. Murray
                              Attorneys for Plaintiffs