LAWRENCE D. MURRAY (SBN 077536)
CHRISTINA L. JOHNSON (SBN: 114232) clj_iplaw@yahoo.com
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA 94123
Tel: (415) 673-0555   Fax: (415) 928-4084
Attorneys for Plaintiffs   MERCY AMBAT et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY AMBAT, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | Case No. C-07-3622 SI<br><br>**PLAINTIFFS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT AND FED.R. CIV. P. 26(f) REPORT**<br><br>**Honorable Susan Illston**<br>**Case Management Conference Date:**<br>**August 29, 2008**<br>**Time: 2:30 p.m.**<br>**Location: Courtroom: 10**<br>**Trial Date: None Set** |

Pursuant to FRCP 26(f) and Local Rules 16-18 and 16-9, Plaintiffs AMBAT et al. respectfully submit their Case Management Conference Statement and Rule 26(f) Report. The parties attempted to reach an amicable to the language and substance of the Case Management Statement but were unable to agree on the language and substance of certain required sections. Claims were omitted, and plaintiff's position not accurate in the version insisted on by defendants. Hence, Plaintiff's offer this statement.

## I.   INTRODUCTION

Plaintiffs concur in defendants' description of the procedural history of this action as set forth in their Case Management Statement. Most importantly, this case was stayed pending resolution of the state court action, which has been dismissed without resolution.

## II.   ISSUES IN CASE MANAGEMENT CONFERENCE STATEMENT

This Court has subject matter jurisdiction over the federal and State law claims. All parties are served.

### A.   DESCRIPTION OF THE CASE

#### 1. Events Underlying the Action

The Complaint alleges gender discrimination, gender restriction and retaliation for complaining of violating Title VII (42 USC 2000(e)) and the FEHA  (Government Code §§12900 *et seq,)*

---

*AMBAT et al. v. CCSF* USDC, Northern District of California Case No. C-07-3622 SI     Page 1
Plaintiffs' Case Management Conference Statement

The allegations of the Complaint are summarized as follows: In or about October 4, 2006 the Sheriff's Department changed policy.  It mandated that County Jail No. 8 ("CJ#8") be realigned such that the female-only "pods" in CJ#8 were to be staffed only by female Sheriff Deputies. This form of gender-based discrimination in work assignments is specifically prohibited by Section 4021 of the California Penal Code and more generally prohibited by Title VII and FEHA.

 Despite protests, the practice of assigning female deputies only to CJ#8 female pods persists. Complaining deputies have been subject to retaliation in the form of "counseling" and other disciplinary actions initiated by the supervisors which retaliation is ongoing.  One, the "ringleader," is being fired.

 By written directive dated October 18, 2007, those female deputies previously assigned to other jails, specifically to County Jail 1 and 2, were reassigned to CJ#8. The female deputies working in female-only pods have been and are being put at risk of harm above and beyond that experienced by male deputies who do not work the female side of the jail. Female inmates are more violent, more difficult to manage and are often more dangerous as compared to male inmates.  Female deputies are exposed to and suffer from a greater degree of stress and potential physical harm due, in part, to overcrowding of female prisoners in CJ#8 and, in part, to the fact that female deputies work alone for long shifts without a partner different than how male pods are staffed..

In May, June and July of 2007, there were about 20 female inmates in excess of the 86 capacity for the female-only pods, which far exceeded the available bed space. The male pods do not suffer from the same excess number or mixture of prisoners because they are more readily moved from the County jail to outlying prisons and other appropriate facilities. Unlike male pods, female pods house prisoners who are a danger to themselves or who have an extensive history of violence all mixed together creating an environment of hostility, danger and disruption.  Women in for murder and sitting next to those in for moving violation warrants. And, unlike the male pods, the female pods have no special equipment such as special doors and leg and body chains which are commonly used for handling dangerous prisoners. Females also lack promotional opportunities confined to these jails.

 Male deputies loose employment opportunities and same treatment in working benefits. To accomplish the woman only assignment of deputies, the Sheriff's Department ("Department") implemented a segregated seniority based shift bidding process for shifts, days off, vacations and other opportunities, segregated by gender. Rather than assignments based on seniority as required under the collective bargaining agreement, there are two separate and unequal systems for employees based on gender. Male deputies having to take less favorable shift assignments than those based on seniority.

**B. Factual Issues in Dispute**

  **1. Plaintiffs' Identification of Factual Issues in Dispute**

1. Whether defendants distinguished, in the assignment of work, on the basis of gender;

2. Whether defendants retaliated against those deputies who complained before and during the pendency of the State court and now the federal court litigation;

3. Whether defendants restricted/advertised available work on the basis of gender;

4. Whether defendants took all reasonable steps to prevent a violation of law;

5. The nature and extent of compensatory and other available damages and remedies. .

**C.. Defendants' Identification of Factual Issues in Dispute**

Defendants file their own Case Management Conference Statement setting forth factual issues in dispute. Defendants sought to preclude claims, information and give misinformation in the form of the statement they insisted on in a joint statement. Hence, plaintiffs filed separately.

**D. Principal Legal Issues in Dispute**

  **1. Plaintiffs' Identification of Legal Issues in Dispute**

a. Whether defendants should be enjoined from continued illegal discrimination, retaliation and work assignments;

b. Whether defendants engage and continue to be engage in a pattern of discrimination and retaliation in violation of the provisions of Title VII of the Civil Rights Act of 1964;

c. Whether defendants engage and continue to be engage in discrimination and retaliation violating the provisions of the Fair Employment and Housing Code, Government Code §12900 et seq.;

d. Whether defendants have failed and continue to fail to prevent discrimination and/or retaliation in violation of Title VII and the Fair Employment and Housing Act;

e. The nature and extent of compensatory and other available damages and remedies.

**E. Defendants' Identification of Legal Issues in Dispute**

Defendants are submitting their own Case Management Conference Statement which will set forth their identification of legal issues in dispute.

**III. STATE OF THE PLEADINGS**

Defendants have not filed an Answer to the Complaint pending a decision on the means by plaintiff to Amend the Complaint to dismiss the individually named defendants. Defendant believes that plaintiffs may name individual defendants based on certain claims.

Plaintiffs would like to amend the complaint to get all plaintiffs into one case and dismiss the individual defendants. After that, plaintiffs do not anticipate any amendments to their complaint, although, following discovery, such amendments may be necessary.

### IV.   NOTICE OF RELATED CASE AND PROPOSED ACTION THEREON

Plaintiffs filed a Notice of Related Case re *Pamela Walker et al. v. CCSF* No. C07-03622 PH. Plaintiffs propose that the instant action be consolidated with this related case and that the consolidated case proceed in either Judge Hamilton's Courtroom or Judge Illston's Courtroom.

### V.   DISCOVERY

#### A. Rule 26(a) Disclosures

Pursuant to Fed R. Civ. P. 26(a)(1)(E), the parties have agreed that they will exchange initial disclosures on or before September 1, 2008. .

#### B. Anticipated Discovery

The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admission as well as deposition discovery. It may be necessary to take third party discovery of witnesses relevant to the claims and defenses.

##### 1. Plaintiffs' Statement Regarding Subjects on Which Discovery Needed

The following is not an exhaustive list of discovery plaintiffs intend to propound, which includes documents plaintiffs intend to request: .

   a. Any sign-up sheets made available to the deputies for the relevant period;
   b. Any records reflecting disciplinary actions taken by the deputies' supervisors;
   c. Any communication between the plaintiff deputies and their supervisors;
   d. Any documents reflecting assignments to particular locations for particular tasks;
   e. Any rebuttals to actions taken against deputies for alleged violations of established or newly enacted practices and procedures
   f. Any employment manuals or other documents reflecting policies pertaining to the employment of deputies;
   g. Any documents reflecting incidents of violence or hostility taken place in the female pods;
   h. All documents reflecting termination or proposed terminations of any of the named plaintiffs'
   i. Any writings between officers implementing policies of the Department;
   j. Any complaints filed by deputies pertaining to their assignments.
   k. All documents related to implementation of discipline against any plaintiff.

### 2. Defendants' Statement Regarding Subjects on Which Discovery May Needed

Defendants are filing their own Statement addressing this issue.

### C. Changes to Discovery Limitations

At this time, the parties do not propose any changes to the limitations on discovery by the Federal Rules of Civil Procedure or the local rules of this District.

### l. ALTERNATIVE DISPUTE RESOLUTION

On July 29, 2008 the parties agreed and filed their ADR Certificate pursuant to this Court's Order Setting Initial Case Management Conference. The parties have agreed to non-binding mediation before either a Magistrate, the Court's panel of mediators or before a private mediation company, such as JAMS, and to a settlement conference before a Magistrate Judge.

### m. PROPOSED MOTIONS

Plaintiffs will file a Motion for Preliminary Injunction to prohibit the discriminatory policies set out above and to prohibit the continuing retaliation engaged in by supervisors, which include, but are not limited to, "write ups" for petty offenses, threatening terminations, failing to promote female deputies, failing to give male deputies the opportunity for overtime and other harassing and intimidating actions which are having an adverse effect on the morale of the deputy sheriffs.

### n. EVIDENCE PRESERVATION AND DISCLOSURES

Plaintiffs are conserving all electronic and other documentary evidence. Plaintiffs have offered to and will disclose all relevant documents by no later than September 1, 2008 or earlier. Plaintiffs request the same from defendants.

### o. DAMAGES CLAIMED

Each of the plaintiffs have previously suffered one form of damage or another. The males have loss of employment opportunities. The women have stress and emotional claims. Both have general damages. Those who have been the subject of retaliation have increased damages. The dollar amounts are not staggering at this point, but continue to rise with the continued practice. Those subject to discipline and termination will have an even greater damage claim.

### IX. PRETRIAL CONFERENCE AND TRIAL SETTING

#### 1. Length of Trial

Plaintiff estimates that a jury trial of this action on the damages will take approximately 4 to 6 weeks at 37 hours per week. Defendants' estimate of the length of the trial is grossly overstated.

#### 2. Proposed Pre-Trial Schedule

| Deadline to file motion to add parties or amend pleadings | December 1, 2008 |
|---|---|
| Completion of all fact discovery and last day to file any fact discovery motions | January 30, 2009 |
| Exchange Expert Disclosures/Reports | March 2, 2009 |
| Exchange Rebuttal Expert Disclosures/Reports | March 13, 2009 |
| Completion of All Expert Discovery and Last Day to File any Expert Discovery Motions | April 30, 2009 |
| Deadline for Filing Summary Judgment Motions | May 1, 2009 |
| Final Pretrial Conference | June 1, 2009 |
| Trial | June 8, 2009 |

## X. BIFURCATION OF INDIVIDUAL PLAINTIFFS FOR TRIAL

Plaintiffs disagree with any bifurcation of 40+ individual plaintiffs whose claims are based on the same legal and factual issues. It will be logistically unfathomable for the Court, counsel and the parties to assume such a burden when the facts and law are nearly identical in the case of each and every Sheriff Deputy who is named as a plaintiff in this action. Therefore, plaintiffs oppose any bifurcation of the individual plaintiff's claims as set forth in their Complaint. Plaintiffs, however, have no issue with bi-furcating the punitive damages aspect of this case should it proceed to jury trial as anticipated.

Respectfully submitted,

Murray & Associates

DATED: August 22, 2008        /S/_____
                              Lawrence D. Murray
                              Attorneys for Plaintiffs