LAWRENCE D. MURRAY (SBN 077536)
CHRISTINA L. JOHNSON (SBN: 114232) clj_iplaw@yahoo.com
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA  94123
Tel:    (415) 673-0555
Fax:   (415) 928-4084

Attorneys for Plaintiffs
MARCY AMBAT et al.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCY AMBAT, et al.<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>        Defendants. | **Case No. C-07-3622 SI**<br><br>**DECLARATION OF CHRISTINA L. JOHNSON IN RESPONSE TO AND/OR OPPOSITION TO DEFENDANT'S DECLARATION RE: SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT AND**<br>**FED.R. CIV. P. 26(f) REPORT**<br><br>**The Honorable Susan Illston**<br>**August 29, 2008**<br>**Time: 2:30 p.m.**<br>**Location: Courtroom: 10**<br><br>**Trial Date: None Set** |

I, Christina L. Johnson, declare:

1. I am associated with the law offices of Lawrence D. Murray & Associates. I am admitted to practice law before all the Courts of the State of California as well as the Northern and Central District courts and the Ninth Circuit Court of Appeals. I make this

declaration of my own knowledge and, except for matters set forth on information and belief, if called upon to testify herein, I could and would testify to the facts stated herein.

2. Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rules 16-18 and 16-9, plaintiffs MARY AMBAT et al. respectfully submitted their Case Management Conference Statement and Rule 26(f) Report on August 22, 2008. The Separate Statement 1) is allowed and 2) was necessary.

3. Brevity does not appear to be one of the City Attorney's strong suits. This entire matter could have been disposed of in five minutes. Here are the true facts: 1) On or about August 5, 2008 Margaret Baumgartner and I, without incident, agreed that I would draft the Case Management Conference Statement and that I would then forward it to Ms. Baumgartner via e-mail or her review and comment. I drafted a ten-page document and forwarded the same via electronic mail to Ms. Baumgartner for her review and comment.

4. Ms. Baumgartner edited the Statement, added her clients' perspective and proposed dates for pretrial and trial. The Statement was then timely filed with the Court. The parties appeared before The Honorable Phyllis Hamilton who inquired of Ms. Baumgartner why the Sheriff's policy mandated that only female deputy sheriffs were allowed to guard female inmates. After a long pause, Ms. Baumgartner indicated to the Court that she was not present to argue the merits of the case. Judge Hamilton then inquired as to the related case and it was later determined by plaintiffs' counsel that a Notice of Related Case had, in fact, been filed in the MARCY AMBAT et al. matter in this Department.

5. It should first be noted that, since both parties agree that the cases of Pamela Walker et al. and Marcy Ambat et al. are "related," and because Ms. Figg-Dayal specifically requested that I send her a "Microsoft Word" document of our final Case Management Statement in the Walker matter so that Ms. Figg-Dayal could simply duplicate and/or "cut and paste" the earlier Statement agreed to and submitted by her office, along with any additional information required by the Honorable Susan Illston. The only major change would be the caption of the case.

6. In my view, this was the most reasonable manner in which to handle the second and related Case Management Conference Statement. Ms. Figg-Dayal indicated that Ms. Baumgartner would no longer be working on this case. Her reasons for Ms. Baumgartner's exit were vague but certainly Ms. Figg-Dayal had the negotiated Joint Case Management Conference Statement agreed to by and between Ms. Baumgartner and myself.

7. Rather than receiving what I thought would be essentially the same Joint Case Management Statement, I received was a **totally rewritten** Statement of Facts/Introduction (which the City characterized as "neutral" but which, in fact totally eviscerated plaintiffs' earlier Statement of Facts.) This was the first problem with the "rewrite" of what should have been a rather straightforward document.

8. The second problem with Ms.Figg-Dayal's opinion as stated in her comments to me and Mr. Wong was that **this case would take 5 to 6 years to litigate**! In my opinion and based on my experience with cases in the United States District courts, this case does

not warrant five years of litigation and it another effort to delay this matter beyond any reasonable time frame. The defendants are well aware of the facts and the law, having defended the matter previously in the Superior Court in and for the City and County of San Francisco. Another delay tactic is the requesting that each individual plaintiff (of which there are approximately 40) have their collective cases bi-furcated which makes no sense given the facts and law are nearly identical for each plaintiff.

9. After practicing law for over twenty years in the State and federal courts, I have never experienced this degree of conflict and confusion over a simple Case Management Conference Statement whose purpose, as I understand it, is to encourage the parties to set forth the proposed calendar and organization of the case and to advise the Court of the parties' respective schedules. It is essentially a facilitative document.

10. Ms. Figg-Dayal states at page 2, lines 17 and 21 that we had a "prescheduled" "meet and confer" call. My best recollection is that this conference was not "set in stone" and my impression was that it would take a mere five to ten minutes given that I had sent Ms. Dayal plaintiffs' earlier and complete draft of the Case Management Conference in the Pamela Walker et al. matter. Ms. Baumgartner and I spent almost one hour cooperating on the language of the earlier Statement and the Statement complied with the Local Rules and Chamber rules.

11. What Ms. Figg-Dayal fails to mention at page 3, paragraph 7, lines 1-7 is that our legal assistant of eighteen years, Mr. Jonathan Wong, was sitting in on that conference call and I so advised Ms. Figg-Dayal of his presence. What Ms. Figg-Dayal omits from her

Declaration is that fact that I stated that she had "eviscerated" my fact section and that I was not pleased with the total rewrite of the factual issues in dispute and/or the introductory section, among other complaints that were transcribed by Mr. Wong.

12. Mr. Rafal Ofierski, who was sitting in on the conference call, seemed to find amusing my dissatisfaction with his rendition of the "facts." In fact, after we agreed in writing and verbally that plaintiffs would file an amended motion and dismiss all individual defendants from both lawsuits, Mr. Ofierski took it upon himself to draft a motion to dismiss all individual defendants (which I received as this Declaration was being written on August 25, 2008) which Ms. Baumgartner earlier agreed **not to file** as I was waiting for the final word from Mr. Murray before taking the rather serious action of dismissing all named defendants.

13. In my opinion and based on my experience, this is but another example of unnecessarily aggressive posturing multiplied by the filing of obstreperous motions. The underlying and alleged bases for such motions had already been resolved between and among counsel.

14. Ms. Figg-Dayal's statement, at page 3, lines 6-7 that I advised her that I was leaving at 3:00 p.m. is one of the many "statements" in Ms. Dayal's Declaration that are non-sequiturs, "make work," and fail to make any substantive or procedural point. In fact, I have been trying very hard to determine what the point of the entire Declaration is except a weak effort to paint plaintiffs' counsel in a negative light.

15. I am relatively new to Mr. Murray's office and, although he was on holiday with his son last week, he was available via e-mail and cell phone. I did not feel comfortable filing the document without Mr. Murray's review and approval. Hence there was some delay although Mr. Murry, upon information and belief, did send Ms. Figg-Dayal and Ms. Baumgartner two letters which are attached hereto as Exhibits "A" and "B" and made a part hereof.

16. I am also attaching a true and correct copies of e-mail correspondence to Ms. Figg-Dayal which were, in part, left out of her exhibits and are relevant to the history of attempted cooperation between counsel. They are attached hereto respectively as Exhibits "C" and "D" and made a part hereof..

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on August 25, 2008 in San Francisco, California.


Dated: August 25, 2008   LAWRENCE D. MURRAY & ASSOCIATES



_____/s/_____
Christina L. Johnson, Attorneys for
Plaintiffs MARCY AMBAT et al.

.

*AMBAT et al. v. CCSF* USDC, Northern District of California Case No. C-07-3622 SI   Page 6
Declaration of Christina L. Johnson Re: Case Management Conference Statement

15. I am relatively new to Mr. Murray's office and, although he was on holiday with his son last week, he was available via e-mail and cell phone. I did not feel comfortable filing the document without Mr. Murray's review and approval. Hence there was some delay although Mr. Murry, upon information and belief, did send Ms. Figg-Dayal and Ms. Baumgartner two letters which are attached hereto as Exhibits "A" and "B" and made a part hereof.

16. I am also attaching a true and correct copies of e-mail correspondence to Ms. Figg-Dayal which were, in part, left out of her exhibits and are relevant to the history of attempted cooperation between counsel. They are attached hereto respectively as Exhibits "C" and "D" and made a part hereof..

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on August 25, 2008 in San Francisco, California.

Dated: August 25, 2008   LAWRENCE D. MURRAY & ASSOCIATES


_____/s/_____
Christina L. Johnson, Attorneys for
Plaintiffs MARCY AMBAT et al.

.

AMBAT, et al.

vs.

CITY & COUNTY OF SAN FRANCISCO, et al.

United States District Court

Northern District of California

Case No. C-07-03622 SI

EXHIBIT A

to

DECLARATION OF CHRISTINA L. JOHNSON IN RESPONSE
TO AND/OR OPPOSITION TO DEFENDANT'S DECLARATION
RE: SEPARATE CASE MANAGEMENT CONFERENCE
STATEMENT AND FED.R.CIV.P. 29(f) REPORT

Subj: **Re: Fw: draft CMC statement**
Date: 8/22/2008 2:58:58 P.M. Pacific Daylight Time
From: Daydrmn
To: Jill.Figg@sfgov.org
CC: jcwong33@hotmail.com

Jill

I do not see the humor in your red lining out what we, the plaintiffs, can and can not say, the claims we can raise and how we can express it. Nor do I see the humor in you representing to the court that I did not respond to requests to dismiss the individual defendants when I wrote back and called immediately to Ms. Baumgartner telling her that I wanted to amend the complaint and get all plaintiffs in one case, dumping the individual defendants. It was your office that refused this offer. We then agreed that we would take it up with the judge at the CMC to see which way the Judge wanted us to go. If you represent otherwise, I will take issue with it.

I have our draft CMC to present. It is a sum total of six pages. If you want to add in your own statments, great, I am sending it to you as an attachment. If you intend to red line out any of my comments or representations, I will not sign it. If I do not hear fromm you by 5:00 p.m. that you will add your comments to mine, thus creating a joint statment, we will upload ours after 5:00 p.m.

See attached.

Larry Murray


Jonathan, if you have not received word from the City that they will add to our CMC statement, please upload the attached shortly after 5:00 p.m.

---

It's only a deal if it's where *you* want to go. Find your travel deal **here**.

AMBAT, et al.
vs.
CITY & COUNTY OF SAN FRANCISCO, et al.

United States District Court

Northern District of California

Case No. C-07-03622 SI

EXHIBIT B

to

DECLARATION OF CHRISTINA L. JOHNSON IN RESPONSE
TO AND/OR OPPOSITION TO DEFENDANT'S DECLARATION
RE: SEPARATE CASE MANAGEMENT CONFERENCE
STATEMENT AND FED.R.CIV.P. 29(f) REPORT

# MURRAY & ASSOCIATES

ATTORNEYS AT LAW
1781 Union Street
San Francisco, California 94123
Tel: (415) 673-0555
Fax: (415) 928-4084

May 6, 2008

Margaret W. Baumgartner                                    Via Fax: (415) 554-4248
Deputy City Attorney
Office of the City Attorney
1390 Market Street, 5th Floor
San Francisco, CA 94102

Re:   Ambat, et al. v. CCSF, et al.
      United States District Court, Northern District of California, Case No. 07-0633 BZ

Dear Ms. Baumgartner:

I received your short letter of this date regarding the *Ambat* matter. You are in error in the content of your letter.

First, I offered you the opportunity to stipulate so that we can avoid the necessity and cost of creating a new filing and new complaint since there is a hold in the *Ambat* proceeding at this point in time. I indicated to you on the phone today that this would be an opportunity for the City to save money in the event the court is to award our fees.

Second, you are attempting to limit the allegations of the complaint and the content of the complaint. You insisted that you receive my amended complaint for your review and approval prior to signing the stipulation. More particularly, you insist that I not be able to remove any of the allegations in the existing *Ambat* complaint. You said you have the right to control the content of the complait that I amend, and to put it in your words, otherwise there would be no need to seek my stipulation. I asked you on what basis and you indicated that since I have asked for your stipulation you had the right to control the content of the complaint. Nothing could be further from the truth. As the advocate for the plaintiffs, I will control the content of the complaint and will make the amendments that I deem appropriate without passing them by you first for review.

Third, time does not permit the luxury of submitting for your review and approval an amended complaint and to also have a secondary complaint drafted in case you do not agree with the content of the *Amdat* amended complaint, should you not agree to permit the amended complaint filing. You have in front of you the stipulation to allow us to amend the complaint. As I told you on the phone, it is important that we are in a position to go forward immediately and prevent the need for drafting and filing a second lawsuit in order to bring in these new plaintiffs who have claims that are virtually identical to what is already on file. Your indication is that you would have to review

# MURRAY & ASSOCIATES

Margaret W. Baumgartner
*Ambat, et al. v. CCSF, et al.*
May 6, 2008
Page 2

them first to see if you would stipulate. That requires us to make out two complaints and still submit this stipulation in time for the court's consideration, all of which makes no sense. Even if you did not like the allegations in the complaint, you have no right to control the content of the complaint or veto its filing.

Finally, unless I hear from you by the end of today that you have signed and returned the stipulation, I will be forced to go forward with a second and virtually identical case. As I told you, I do not have the luxury of time of amending the original complaint, sending it to you for review and having you dictate what changes you will and will not allow, and still have this on file in a timely fashion. This would require not only the complaint being amended, but also drafting a new complaint in case you refuse to stipulate to our filing an amended complaint. Rather than require duplicate effort just to be prepared for your possible rejection of the stipulation we need an answer today.

I therefore request that you respond whether you will allow the plaintiffs to amend the complaint and sign the stipulation, otherwise we will draft and file a new lawsuit beginning tonight to serve on the City shortly. Thank you.

Very Truly Yours,

Murray & Associates

Lawrence D. Murray

cc: all plaintiffs

AMBAT, et al.

vs.

CITY & COUNTY OF SAN FRANCISCO, et al.

United States District Court

Northern District of California

Case No. C-07-03622 SI

**EXHIBIT C**

to

DECLARATION OF CHRISTINA L. JOHNSON IN RESPONSE
TO AND/OR OPPOSITION TO DEFENDANT'S DECLARATION
RE: SEPARATE CASE MANAGEMENT CONFERENCE
STATEMENT AND FED.R.CIV.P. 29(f) REPORT

Subj: Fw: Ambat et al. v. City and County of San Francisco CMC Statement
Date: 8/25/2008 11:14:11 A.M. Pacific Daylight Time
From: clj_iplaw@yahoo.com
To: daydrmn@aol.com

CHRISTINA L. JOHNSON, ESQ.\
1781 Union Street, San Francisco, CA 94123
Tel. 415.673.0555 Fax 415.928.4084 Cell:415.902.3712

THIS ELECTRONIC MAIL AND ANY ATTACHMENTS THERETO ARE CONFIDENTIAL, AND PROPRIETARY AND SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE.

--- On **Fri, 8/22/08, Christina L. Johnson, Esq.** *<clj_iplaw@yahoo.com>* wrote:

> From: Christina L. Johnson, Esq. <clj_iplaw@yahoo.com>
> Subject: Ambat et al. v. City and County of San Francisco CMC Statement
> To: "Jill Figg" <Jill.Figg@sfgov.org>
> Cc: daydrmn@aol.com, jcwong33@hotmail.com
> Date: Friday, August 22, 2008, 11:33 AM

August 22, 2008
Jill Figg Dayal, Deputy City Attorney
1390 Market Street, Fifth Floor
San Francisco, CA 94102

Re: Ambat et al. v. City and County of San
  Francisco et al.
  U.S.D.C. Case No. C 07-3622 SI

Dear Ms. Figg:

 Thank you for our conference call this morning in which we reviewed and discussed your proposed Case Management Conference Statement. I expressed my dissatisfaction with the linguistic bias toward defendants and the fact that my original description of the factual issues was completely eviscerated by the City, among other serious deletions and mischaracterizations. Although I believe we successfully resolved certain of these

issues in our thirty-five minute conference, I have now conferred with Lawrence Murray, who as I stated, is on holiday with his son Mr. Murray insists that my original fact section be included verbatim in the Case Management Conference Statement for Judge Illston. Absent the inclusion of our original factual description, we will be forced to submit our own Case Management Statement forthwith and explain to Judge Illston why we were unable to reach agreement with you.

I will have the damages portion of the Statement to you within the hour or, if you will not include our original fact section, then please advise immediately and I will include our damages in a separate Statement.

I doubt that the Court will object to the Statement being 11 or 12 pages as opposed to 10 pages given the complexity of this case and do not believe that to be a valid reason for distilling the facts in defendants' favor.

Thank you for your continuing courtesy and cooperation in this matter.

Very truly yours,
Christina L. Johnson, Esq.
Lawrence D. Murray & Associates
1781 Union Street
San Francisco, CA 94123
(415) 673.0555


CHRISTINA L. JOHNSON, ESQ.\
1781 Union Street, San Francisco, CA 94123
Tel. 415.673.0555 Fax 415.928.4084 Cell:415.902.3712

THIS ELECTRONIC MAIL AND ANY ATTACHMENTS THERETO ARE CONFIDENTIAL, AND PROPRIETARY AND SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE.

AMBAT, et al.

vs.

CITY & COUNTY OF SAN FRANCISCO, et al.

United States District Court

Northern District of California

Case No. C-07-03622 SI

**EXHIBIT D**

to

DECLARATION OF CHRISTINA L. JOHNSON IN RESPONSE
TO AND/OR OPPOSITION TO DEFENDANT'S DECLARATION
RE: SEPARATE CASE MANAGEMENT CONFERENCE
STATEMENT AND FED.R.CIV.P. 29(f) REPORT

--- On **Fri, 8/22/08, Jill Figg *&lt;Jill.Figg@sfgov.org&gt;*** wrote:

> From: Jill Figg &lt;Jill.Figg@sfgov.org&gt;
> Subject: Re: Fw: draft CMC statement
> To: clj_iplaw@yahoo.com
> Cc: "Rafal Ofierski" &lt;Rafal.Ofierski@sfgov.org&gt;
> Date: Friday, August 22, 2008, 8:48 AM
>
> Thank you Christina. We will call you at 10:00 a.m.
>
> Sincerely,
>
> Jill J. Figg
> Deputy City Attorney
> City and County of San Francisco
> 1390 Market Street, Fifth Floor
> San Francisco, CA 94102
> Tel. (415) 554-3971
> Fax (415) 554-4248
>
> The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.
>
> "Christina L. Johnson, Esq."
> &lt;clj_iplaw@yahoo.com&gt;
> 08/21/2008 04:02 PM
>
> Please respond to
> clj_iplaw@yahoo.com
>
> To  Jill Figg &lt;Jill.Figg@sfgov.org&gt;
> cc
> Subject  Re: Fw: draft CMC statement

August 21, 2008

Dear Jill,

I apologize for my delay in getting back to you. Several matters came up unexpectedly and I've been out of the office most of the afternoon.

I will be available at 10:00 a.m. tomorrow to confer with you regarding the Statement, which does not need to be filed until mid-night tomorrow but I understand the desire to meet and confer and file the Statement at a reasonable

time.
My apologies for not being readily available today.
Talk to you tomorrow,
Christina


CHRISTINA L. JOHNSON, ESQ.\
1781 Union Street, San Francisco, CA 94123
Tel. 415.673.0555 Fax 415.928.4084 Cell:415.902.3712

THIS ELECTRONIC MAIL AND ANY ATTACHMENTS THERETO ARE CONFIDENTIAL, AND PROPRIETARY AND SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE.


--- On **Thu, 8/21/08, Jill Figg <Jill.Figg@sfgov.org>** wrote:
From: Jill Figg <Jill.Figg@sfgov.org>
Subject: Fw: draft CMC statement
To: clj_iplaw@yahoo.com
Cc: "Rafal Ofierski" <Rafal.Ofierski@sfgov.org>
Date: Thursday, August 21, 2008, 3:50 PM


Hello Christina, we haven't heard from you yet. When we spoke yesterday at set our call for 2:00 p.m. today you mentioned that you were generally free today and tomorrow. Hopefully we can connect soon. I'm leaving for a doctor's appointment shortly, and would like to get a time early tomorrow morning when we can meet and confer. Rafal and I are generally available tomorrow morning anytime after 8:30 a.m.. Please let us know what works for you. If we haven't heard from you by noon, we will have to proceed to file a separate CMC statement. Hopefully this won't be necessary as the Court wants us to file a joint statement.


Sincerely,

Jill J. Figg
Deputy City Attorney
City and County of San Francisco
1390 Market Street, Fifth Floor
San Francisco, CA 94102
Tel. (415) 554-3971
Fax (415) 554-4248

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

----- Forwarded by Jill Figg/CTYATT on 08/21/2008 03:42 PM -----

Jill Figg/CTYATT          To   clj_iplaw@yahoo.com