IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, *et al.* <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>CITY AND COUNTY OF SAN FRANCISCO, <br><br>　　　　Defendants. <br>_____/ | No. C 07-03622 SI <br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

On November 21, 2008, the Court heard oral argument on plaintiffs' motion for summary judgment and defendants' motion to dismiss plaintiffs' motion. Having considered the arguments of the parties and the papers submitted, and for good cause shown, plaintiffs' motion is DENIED and defendants' motion is moot.

**BACKGROUND**

Plaintiffs are San Francisco sheriff's deputies. They allege that the San Francisco Sheriff's Department is engaging in discriminatory employment practices. Plaintiffs have brought nine causes of action, alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12900 *et seq.* ("FEHA"); the California "Whistleblower" Statute, Cal. Lab. Code §§ 1102.5(b); and the California Peace Officers' Bill of Rights, Cal. Gov. Code § 3309.5. *See* First Amended Complaint ("FAC"). [Docket No. 37]

It is undisputed that in October of 2006, the San Francisco Sheriff's Department instituted a policy requiring that only female custodial personnel be assigned to female housing units in San Francisco jails. County Jail Number 8 ("CJ8") contains various "pods," some of which house male

inmates, and some of which house females. Pursuant to the October 2006 policy, only female guards staff the female pods, and only male guards staff the male pods.

Plaintiffs are male and female deputies, all of whom allege that they have suffered employment discrimination due to defendants' gender-based staffing policy. The female plaintiffs allege that they are placed at risk of harm while working in the female-only pods because female inmates are dangerous and difficult to supervise, and because the female pods are inadequately staffed. The male plaintiffs allege that they have suffered employment discrimination because defendants have refused to consider them for positions in the female-only pods and has assigned shifts and days off according to gender, rather than by seniority.

Neither party has conducted discovery in this matter. At a case management conference on August 29, 2008, plaintiffs' counsel indicated that plaintiffs wish to move for early summary judgment on the purely legal issue of whether assigning only female guards to the pods that house female inmates constitutes a facial violation of California Penal Code § 4021.

On October 17, 2008, plaintiffs filed their first amended complaint.[1] On the same day, plaintiffs moved for summary judgment on their first, second, third, fourth and seventh causes of action.[2] In support of their motion for summary judgment, plaintiffs submitted thirteen declarations regarding disputed facts in this case. Defendants oppose plaintiffs' motion and also move to dismiss plaintiffs' motion as premature under Federal Rule of Civil Procedure 56(f).

**LEGAL STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

---

[1] The FAC names only the City and County of San Francisco as defendant. It therefore moots defendants' motion to dismiss plaintiffs' claims against the individual defendants. [Docket No. 30]

[2] The causes of action are for: (1) gender discrimination in violation of Title VII, (2) gender discrimination in violation of FEHA, (3) discriminatory employment restrictions in violation of Title VII, (4) advertisement of gender discrimination in violation of FEHA, and (7) failure to prevent discrimination/retaliation in violation of FEHA.

56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id*. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id*. The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Pursuant to Federal Rule of Civil Procedure 56(f), upon a showing by the party opposing a motion for summary judgment that it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the court may deny or continue the motion for summary judgment in order to permit that party an opportunity to obtain necessary discovery. A Rule 56(f) motion should be granted "fairly freely" where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

**DISCUSSION**

**1.      Defendants' Motion to Dismiss**

Defendants argue that the Court must dismiss plaintiffs' summary judgment motion because defendants have had no opportunity to defend their case. They argue that plaintiffs' motion, which is supported by thirteen declarations on disputed factual issues, is improper in light of counsel's representation that plaintiffs intended to move for summary judgment on a purely legal issue. Defendants state that they are unable to defend against plaintiffs' factual allegations because they have not had the opportunity to depose any of plaintiffs' declarants or otherwise investigate the factual allegations plaintiffs assert.

The Court agrees with defendants that plaintiffs cannot move for summary judgment on their FEHA and Title VII claims, all of which involve factual allegations, before defendants have even answered plaintiffs' amended complaint. Accordingly, the Court's sole inquiry at this stage in the proceeding will be whether the department's October, 2006 policy of assigning only female guards to staff female pods in CJ8 violates California Penal Code § 4021 as a matter of law. Defendants' motion to dismiss plaintiffs' motion for summary judgment is moot.

**2.      Plaintiffs' Motion for Summary Judgment**

Plaintiffs argue that the October 2006 policy constitutes a facial violation of California Penal Code § 4021. Section 4021 states, in relevant part:

> (a) Whenever any female prisoner or prisoners are confined in any local detention facility in the state there shall be an appropriately trained female custodial person assigned, available, and accessible for the supervision of the female prisoners.
>
> (b) It shall be unlawful for any officer, station officer, jailer, or custodial personnel to search the person of any prisoner of the opposite sex, or to enter into the room or cell occupied by any prisoner of the opposite sex, except in the company of an employee of the same sex as the prisoner. Except as provided herein, the provisions of this subdivision shall not be applied to discriminate against any employee by prohibiting appointment or work assignment on the basis of the sex of the employee.

Cal. Pen. Code § 4021. According to plaintiffs, § 4021 prohibits all gender-based distinctions in appointment or work assignment, with two narrow exceptions: one female guard must be available wherever females are detained, and a guard of the prisoner's sex must be present when a prisoner's

4

person or cell is searched. Plaintiffs argue that the department's policy of placing only female guards with female prisoners in CJ8 does not fit within either exception and is therefore prohibited.

Defendants read § 4021 as a mandate for the sheriff's department to staff facilities where female prisoners are confined with at least one female prison officer and to permit body and cell searches only when an officer of the prisoner's sex is present. Depending on the circumstances, defendants argue, single-sex staffing may necessary in order for the department to comply with § 4021. The prohibition against "discrimination" in § 4021(b) is in fact a prohibition on invidious discrimination; courts must conduct a fact-based assessment to determine whether the policy constitutes such discrimination.

The Court agrees with defendants that the prohibition in § 4021(b) is limited: "the provisions of this subdivision shall not be applied to discriminate against any employee by prohibiting appointment or work assignment on the basis of the sex of the employee." This language is not a blanket prohibition on all gender-based distinctions. The provision merely prevents an employer from relying on this provision to discriminate *against* an employee.[3] In other words, an employer may not cite the explicitly gender-based requirements of § 4021(a) and (b) and claim that these provisions warrant invidious discrimination.

This interpretation has limited relevance at this stage of the proceeding because defendants have not yet had an opportunity to make their case and therefore have not attempted to rely on § 4021. If they do invoke § 4021, the issue of whether the October 2006 policy is a prohibited form of discrimination is a question for another day; the current record is not sufficiently developed to allow the Court to address the merits of plaintiffs' summary judgment arguments on their FEHA and Title VII claims.

///

---

[3] Plaintiffs' argument that "discrimination" in § 4021(b) prohibits all gender-based distinctions would be more appropriate if the statute prohibited discriminating *among* employees.

5

**CONCLUSION**

For the foregoing reasons and for good cause shown, plaintiffs' motion for summary judgment is DENIED without prejudice to consideration on a fully developed factual record.. Defendant's motion to dismiss the motion for summary judgment is moot.

**IT IS SO ORDERED.**

Dated: 11/21/08

SUSAN ILLSTON
United States District Judge