IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, *et al.* | No. C 07-03622 SI |
|     Plaintiffs, | **ORDER GRANTING DEFENDANTS' DISCOVERY MOTION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
|     Defendants. | |

    Defendants seek an order compelling plaintiffs to answer questions about certain information in plaintiffs' personnel files. Plaintiffs are San Francisco sheriff's deputies. They allege that the San Francisco Sheriff's Department has engaged in discriminatory employment practices and has retaliated against them for participating in this lawsuit. At deposition, plaintiffs' counsel has instructed plaintiffs not to answer questions pertaining to records of their disciplinary history at the Sheriff's Department. Plaintiffs argue that this information is not discoverable because (1) it is not relevant to the issue of whether the department's staffing policy is discriminatory, (2) allowing discovery on this topic will have a "chilling effect" on plaintiffs, (3) defendants may not review documents in plaintiffs' personnel files without filing a *Pitchess* motion.

    The Court finds that information about plaintiffs' disciplinary history is discoverable. This information is relevant to a central issue in this case: whether the department had a legitimate reason for taking disciplinary actions against plaintiffs or whether these measures were retaliatory. Any concerns about the chilling effect this inquiry might have on plaintiffs are outweighed by the department's right to gather evidence in its defense. In addition, the threat of discouraging anti-discrimination litigants is minimal here as plaintiffs have already brought this action. Finally, the

*Pitchess* procedure is used in state court and has no relevance in this proceeding. The fact that defendants have invoked California evidentiary rules concerning personnel records in other cases is likewise irrelevant here. Finally, the Court finds that any privacy concerns can be adequately addressed by producing the documents subject to the parties' stipulated protective order. *See* Docket No. 86.

Accordingly, the Court orders plaintiffs to respond to questions about their disciplinary records. Defendants need not file a motion before asking plaintiffs about specific documents in their personnel files.

**IT IS SO ORDERED.**

Dated: June 6, 2009

SUSAN ILLSTON
United States District Judge