IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, *et al.*, | No. C 07-03622 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendants. | |

Plaintiffs request a discovery order compelling defendants to produce six categories of documents requested as part of plaintiffs' notice of the deposition of several defense witnesses.[1] The Court notes that non-expert discovery in this case is set to conclude in less than two weeks, on September 30, 2009. Although it is late in the process to be considering significant discovery disputes, the Court will address each of the issues before it.

**I.   Requests Nos. 1-6, 73-74**

These requests seek documents and photographs demonstrating the specific layout of the jails, including blueprints, drawings and maps of the layout of County Jail #8. Plaintiffs assert that they are entitled to obtain these documents because defendants are "placing importance on the structure, size, and configuration" of the jail facilities. In their response to the requests, defendants objected that disclosure of information regarding the layout of the jails and pods was unnecessary given that plaintiffs work inside the jails. Defendants further objected that the requests for blueprints, detailed drawings, and photographs present a security concern. Defendants have, however, produced a general drawing

---

[1] The parties' letter briefs are found at Docket Nos. 114 and 120.

of County Jail 8. Defendants have also permitted plaintiffs' counsel to inspect County Jail #8, and do not object to inspection of the other facilities. Plaintiffs assert that defendants' claimed security concerns are disingenuous because the plans and layouts were subject to public inspection and comment in the 1980s-90s when the facilities were being built. Defendants state that they need not produce any of the publicly-available documents, but plaintiffs respond that they have attempted to obtain the plans from the Sheriff's Department, City Hall, and the Board of Directors, but have been unable to do so.

The Court agrees that the layout of the female pods in County Jail #8 is relevant to plaintiffs' case,[2] but also agrees with defendants that "blueprints" and detailed architectural drawings are not required in light of the articulated security concerns. If it does not already include such information, defendants are ordered to augment the "general drawing of County Jail #8" with specific floor and wall measurements so that plaintiffs will be able to demonstrate the physical structure of the female pods in County Jail #8 and test lines of sight, etc.

**II.     Request No. 11**

Defendants state that they have no additional documents to produce at this time. As with all discovery requests, defendants shall supplement their responses as necessary.

**III.    Request No. 15**

Defendants state that they have no additional documents to produce at this time. As with all discovery requests, defendants shall supplement their responses as necessary.

**IV.    Requests Nos. 22-24, 29, 35-37, 39, 75**

These requests seek documents related to complaints of sexual misconduct occurring in the jails, including agendas and notes of meetings in which complaints of sexual misconduct were discussed, statistical analysis regarding reported incidents of violence, and any files in the City's or Sheriff's

---

[2] Although plaintiffs' original requests for production of documents did not so limit the scope of the requests, plaintiffs' September 15, 2009 letter brief states plaintiffs only seek documents reflecting the "dimensions, layout, shape and specs for the female housing units in County Jail #8." [Docket No. 120].

possession pertaining to the "investigation, inquiry or findings or determination of any departmental or City's action taken" in response to allegations of sexual misconduct. Defendants object that the requests are overly broad and burdensome because they are not limited in temporal scope, and state that the requests call for information protected by the attorney work-product privilege and information implicating the privacy rights of third parties. Defendants have offered to produce a summary of information related to complaints of sexual misconduct since 2000, including the "date, time circumstances, and location of each event, as well as the whether or not the Sheriff brought disciplinary charges against the accused deputy." Defendants wish to provide this information in an anonymous format to protect the privacy of the parties involved. Plaintiffs state that they are willing to accept the offered summary, but "not to the exclusion of the actual documents."

The Court agrees with plaintiffs that they are entitled to the documents regarding complaints of sexual misconduct in the jails, including minutes of meetings at which such complaints were discussed. The Court also agrees with plaintiffs that the time period for the requests should not be limited only to incidents occurring since 2000. The Court directs defendants to respond to the requests. If defendants contend that any specific documents are privileged, they must provide a privilege log. In the absence of a specific assertion of privilege, defendants must produce information responsive to the requests. In light of defendants' asserted third-party privacy concerns, the Court directs that defendants redact the names of the accused in all documents produced to plaintiffs.

## V.     Requests Nos. 55-60

These requests seek records of all internal affairs complaints and investigations and court or administrative proceedings brought against the City by an inmate from 1987 to the present. Request 59 seeks a "list of all employees who participated in any review of applications, assessment of, background investigation, and or acceptance of staffing assignment requests at County Jail #8 from October 1, 2004 to present." Defendants object that the requests (other than 59) are overbroad, and that many of the documents covered by the request would be of little relevance to the case. Defendants suggest that if plaintiffs reformulated their request to limit it to lawsuits relating to specified areas, they could make a reasonable search. Defendants object that request 59 appears to be an interrogatory rather than a

3

request for production of documents, and that defendants are not in possession of any documents listing the employees who participated in overseeing staffing assignments. The Court agrees with defendants regarding Request 59, and DENIES plaintiffs' motion to compel as to this request. Regarding the other requests, the Court agrees that the requests, as formulated, are overbroad. It appears that the parties will be able to focus the search through the meet and confer process, since documents regarding lawsuits or administrative complaints of a specified nature should be relatively easy to identify. The Court directs the parties to further meet and confer regarding these requests by **September 25, 2009**, and encourages the parties to resolve this dispute.

## VI.     Requests Nos. 65-66, 68

Request 65 seeks all laws and regulations related to the implementation of the policy at issue in this case, and Request 66 seeks those laws and regulations "used, considered, or followed by" defendants in reviewing or assessing staffing assignments at County Jail #8 from October 1, 2004 to the present. Request 68 seeks documents "setting out alternative standards or alternative analysis to the jail housing reorganization plan requiring a change in the staffing minimums for female staffing at County Jail #8 from October 1, 2004 to present." Defendants object to these requests on the grounds they are unintelligible, vague, and call for defendants to undertake legal research and analysis.

The Court agrees that plaintiff is not entitled to receive from defendants copies of all laws and regulations relating to housing and staffing policies at jails, and DENIES plaintiffs' request to compel production of such documents. However, the specific laws and regulations relied upon by jail officials in formulating and implementing the housing and staffing policies at issue in the case are relevant to plaintiffs' claims. To the extent defendants have not already produced such documents, plaintiffs' request to compel production is GRANTED as to Request 66. Finally, the Court does not agree with defendants that the terms "alternative standards" and "alternative analysis" in Request 68 are unintelligible or vague. Defendants are directed to produce documents containing information regarding alternative policies defendants considered before adopting the housing and staffing policies at issue in this case.

4

**CONCLUSION**

The Court directs defendants to produce documents in response to this order by **September 30, 2009**. Where the Court has ordered the parties to further meet and confer, the parties shall do so immediately and if the parties are able to resolve their disputes, defendants shall produce documents by **October 9, 2009**. If the parties are not able to resolve their disputes after the further meet and confer, plaintiffs may file another motion to compel.

**IT IS SO ORDERED.**

Dated: September 18, 2009

SUSAN ILLSTON
United States District Judge