IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, ET AL., | No. C 07-03622 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFFS' MOTION FOR CONSOLIDATION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL., | |
| Defendants. / | |

On September 18, 2009, the Court heard oral argument on plaintiffs' motion for leave to file a Second Amended Complaint and plaintiffs' motion to consolidate this case with *Ortega v. City and County of San Francisco*, No. C 09-02652 SI. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court rules as follows.

**BACKGROUND**

Plaintiffs are San Francisco sheriff's deputies. They allege that the San Francisco Sheriff's Department ("Department") is engaging in discriminatory employment practices. In plaintiffs' First Amended Complaint ("FAC"), they brought nine causes of action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12900 *et seq.* ("FEHA"); the California "Whistleblower" Statute, Cal. Lab. Code §§ 1102.5(b); and the California Peace Officers' Bill of Rights, Cal. Gov. Code § 3309.5. *See* FAC [Docket No. 37].

It is undisputed that in October 2006, the Department instituted a policy requiring that only

female deputies be assigned to female inmate housing units, or "pods," in San Francisco jails. Plaintiffs, both male and female deputies, allege that they have suffered employment discrimination as a result of the Department's October 2006 policy. The female plaintiffs allege that they are placed at risk of harm while working in the female-only pods because female inmates are dangerous and difficult to supervise, and because the female pods are inadequately staffed. The male plaintiffs allege that defendants have unlawfully refused to consider them for positions in the female-only pods and have assigned shifts and days off according to gender, rather than by seniority.

After denying plaintiffs' motion for summary judgment, filed the same day as plaintiffs' FAC, the Court set a schedule for discovery, with non-expert discovery to conclude by September 30, 2009. *See* Nov. 26, 2008 Order [Docket No. 69]. The parties commenced discovery and, as of the date of this Order, non-expert discovery is nearly complete. Presently before the Court are the following motions:

(1) On August 4, 2009, plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 42(a) to consolidate this case with *Ortega v. City and County of San Francisco*, No. C 09-02652 SI. *See* Pltf. Mot. to Consol [Docket No. 102]. *Ortega* involves a challenge brought by Deputy Martha Ortega regarding the same October 2006 policy at issue in this case.

(2) The next day, plaintiffs moved for leave to file a Second Amended Complaint ("SAC") and attached a Proposed SAC adding two new theories of liability against two new defendants, and naming Ortega as a plaintiff. *See* Pltf. Mot. to File SAC [Docket No. 103].

Defendants oppose the motion for leave to file an SAC on the ground that plaintiffs' late inclusion of additional claims and additional defendants would be unduly burdensome for defendants. Defendants filed a conditional non-opposition to plaintiffs' motion for consolidation, conditioned on the Court's granting defendants' motion to strike portions of the complaint filed in the *Ortega* case on the ground that complaint contains factual assertions inapplicable to Ortega. *See* Def. Oppo. to Mot. to file SAC [Docket No. 104]; Def. Cond. Non-Oppo. to Mot. to Consol. [Docket No. 106]; Def. Mot. to Strike in *Ortega v. City and County of San Francisco*, No. C 09-02652 SI. At oral argument, the defense indicated it did not oppose the motion for consolidation as long as plaintiffs amend the complaint in this case to include separate factual allegations regarding Ortega's exhaustion of administrative remedies and to specify the causes of action that pertain to Ortega.

2

**DISCUSSION**

**1.    Plaintiffs' Motion for Leave to File a Second Amended Complaint**

The Federal Rules of Civil Procedure permit a plaintiff to amend its complaint "once as a matter of course at any time before a responsive pleading is filed." Fed. R. Civ. P. 15(a)(1). Subsequent amendments to the complaint require leave of the court or written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.* The Ninth Circuit has held that requests for leave to amend a complaint are to be viewed with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted). However, the court has the discretion to deny leave to amend "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay," and the court's discretion to deny leave to amend "is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted).

In their FAC, plaintiffs named nine causes of action based on violations of Title VII, FEHA, the California "Whistleblower" statute, and the California Peace Officer Bill of Rights. *See* FAC [Docket No. 37]. In the Proposed SAC, plaintiffs seek to allege equal protection violations under the federal and California constitutions. *See* Prop. SAC [Docket No. 103, ex. 1]. The claims plaintiffs now seek to add involve two new defendants, the Sheriff and Undersheriff.

In the Court's view, plaintiffs' motion must be decided based on considerations of undue delay and prejudice to defendants. The Court observes that the original complaint in this case was filed approximately two years ago. Although "delay, by itself, is insufficient to justify denial of leave to amend," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), prejudice occasioned by an undue delay is a proper ground for denial. *See Howey v. United States*, 481 F.2d 1187, 1190 ("[T]he crucial factor [in determining whether to grant leave to amend] is the resulting prejudice to the opposing party."). To decide whether the addition of new parties or new claims will prejudice the defendant, the court looks to whether the plaintiff's amendment(s) will necessitate additional discovery, research or preparation, delay the proceedings, or increase the cost of litigation. *See Ascon*, 866 F.2d at 1161

3

The Court concludes defendants would be unduly prejudiced by the need to conduct additional discovery in light of plaintiffs' new claims, for two distinct reasons. First, permitting amendment of the complaint would, as stated by defendants, "expand the liability period" at issue by nearly a year. The statutes of limitations the Title VII and FEHA claims stated in plaintiffs' FAC are one year and 300 days, respectively. *See* 42 U.S.C. § 2000e-5(a)(1) (Title VII); Cal. Gov. Code § 12960(d) (FEHA). By contrast, the statute of limitations for the Section 1983 claim plaintiffs seek to add is two years. *See* Cal. Civ. Proc. Code § 335.1 (Section 1983). Plaintiffs' new claims would therefore cover a period stretching back to July 2005, while the Title VII and FEHA claims stated in the FAC only cover conduct occurring after May 2006 and March 2006, respectively. According to defendants, this substantial change in the relevant time period would force them to re-depose many plaintiffs and conduct additional factual investigation with respect to plaintiffs' theories of liability for the new defendants. Given that the deadline for non-expert discovery is set for September 30, 2009, the Court concludes defendants would be prejudiced by plaintiffs' proposed amendment.

Second, the Sheriff and Undersheriff would be greatly prejudiced if required to join the case at so late a date. The Court recognizes that the new defendants are not third parties who lacked any notice of the possibility of being joined to this lawsuit, but rather officials of the department already named as a defendant. Still, as individual defendants, the Sheriff and Undersheriff may be able to rely on a different legal theory or assert a separate affirmative defense, such as qualified immunity. Counsel's preparation might well require further discovery, and would certainly require a substantial amount of additional legal work. All of this would prove highly prejudicial to the Sheriff and Undersheriff. Accordingly, plaintiffs' motion for leave to file an SAC is DENIED.

**2.     Plaintiffs' Motion to Consolidate**

Under Rule 42(a) of the Federal Rules of Civil Procedure, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." District courts have "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research*

*Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 , 777 (9th Cir. 1989). The *Ambat* and *Ortega* actions arise from an identical set of facts and identical theories of liability. The Court finds that it is appropriate to consolidate these cases. Accordingly, plaintiffs' motion to consolidate is GRANTED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' motion for leave to file a Second Amended Complaint. The Court GRANTS plaintiffs' motion to consolidate this case with *Ortega v. City and County of San Francisco*, No. C 09-02652 SI. [Docket Nos. 102, 103]. Plaintiffs are ordered to submit a Consolidated Second Amended Complaint by **September 25, 2009**.

**IT IS SO ORDERED.**

Dated: September 18, 2009

SUSAN ILLSTON
United States District Judge