IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCY AMBAT, *et al.*,  No. C 07-03622 SI

      Plaintiffs, **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITION**

  v.

CITY AND COUNTY OF SAN FRANCISCO,

      Defendants.
_____/

Defendants request an order compelling plaintiff Jon Gray to appear for another deposition and prohibiting plaintiffs' counsel from instructing Mr. Gray not to answer questions about allegations he made regarding William Riker, an arbitrator, and James Harrigan, the Sheriff's General Counsel. Plaintiffs oppose defendants' request.[1]

At Mr. Gray's deposition, plaintiffs' counsel instructed Mr. Gray not to answer defense counsel's questions on the grounds that the information sought was irrelevant, otherwise available to the defense, and protected by California's statutory privilege for statements made in connection with judicial and quasi-judicial proceedings, *see* Cal. Civil Code § 47. In their opposition to defendants' discovery request, plaintiffs' sole argument is that the information sought from Mr. Gray was privileged. Accordingly, the Court will confine its discussion to that contention.

Plaintiff may not refuse to answer questions based on California Civil Code Section 47. Section 47 prohibits the use of statements made in connection with judicial and quasi-judicial proceedings as a basis for civil liability for certain torts, such as defamation. *Cabral v. Martins*, --- Cal. Rptr. 3d ----,

---

[1] The parties' letter briefs are found at Docket Nos. 161 and 121.

2009 WL 2581365, at *8 (Cal. Ct. App. Aug. 21, 2009). It does not, however, impose a limitation on discovery or evidentiary use of such statements in a subsequent proceeding. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 728 P.2d 1202, 1208 (Cal. 1986) ("[W]hile [Section 47] bars certain tort causes of action which are predicated on a judicial statement or publication itself, the section does not create an evidentiary privilege for such statements."); *see also Block v. Sacramento Clinical Labs, Inc.*, 182 Cal. Rptr. 438, 439 (Cal. Ct. App. 1982) ("The privileges of Civil Code section 47, unlike evidentiary privileges which function by the exclusion of evidence, operate as limitations upon liability.") (internal citation omitted).

Therefore, there was no proper basis for plaintiffs' counsel to instruct Mr. Gray not to answer defense counsel's questions concerning the basis for Mr. Gray's statements about Mr. Riker and Mr. Harrigan. Defendants' request to compel Mr. Gray to reappear for deposition is GRANTED.

## CONCLUSION

Defendants' request to compel the deposition of Jon Gray and to prohibit plaintiffs' counsel from instructing Mr. Gray not to answer the questions described herein is GRANTED. [Docket No. 116]. Plaintiffs are ordered to produce Mr. Gray for deposition by October 9, 2009.

**IT IS SO ORDERED.**

Dated: September 24, 2009

SUSAN ILLSTON
United States District Judge