IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, | No. C 07-03622 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR INSPECTION and GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST TO COMPEL FURTHER PRODUCTION OF DOCUMENTS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant. | |
| | **[Docket Nos. 126, 127]** |

Plaintiffs have filed two discovery requests. Plaintiffs seek an order directing defendants to permit plaintiffs access to County Jail #2, County Jail #8, and the San Bruno Jail for purposes of inspection, measurement, videotaping, and photography.[1] Plaintiffs also seek an order compelling further production of documents pursuant to a discovery request propounded on January 27, 2009 and responded to on March 11, 2009.[2] The Court will address each motion in turn.

**1.    Plaintiffs' Request for an Order Permitting Inspection of the Jails**

In a previous request to compel production of documents, plaintiffs suggested that their need for information regarding the layout and physical structure of the jails was limited to County Jail #8. Accordingly, the Court previously ordered defendants to "augment the 'general drawing of County Jail #8' with specific floor and wall measurements so that plaintiffs will be able to demonstrate the physical structure of the female pods in County Jail #8 and test lines of sight, etc." *See* Sept. 18, 2009 Order, at

---

[1] The parties' letter briefs are filed at Docket Nos. 126 and 129.

[2] The parties' letter briefs are filed at Docket Nos. 127 and 131.

2 [Docket No. 122]. The Court observed in the same order that defendants had already permitted plaintiffs' counsel to inspect County Jail #8. *Id.* In the present motion, however, plaintiffs seek an order directing defendants to permit plaintiffs' counsel to inspect County Jail #8 as well as two other facilities, County Jail #2 and the San Bruno Jail, and take measurements, photographs, and video footage.

Defendants' compliance with the Court's September 18, 2009 Order will provide plaintiffs with sufficient access to information regarding the layout and structure of County Jail #8. Moreover, plaintiffs' counsel has already had an opportunity to inspect County Jail #8 and observe the "sight lines," "privacy barriers" and "opaque shower doors" referenced in plaintiffs' motion. Plaintiffs' request to further inspect, measure, photograph and videotape this facility is DENIED.

Defendants object to inspection, measurement, and documentation of the jail facilities on security grounds previously addressed by the Court. The Court finds that defendants' security concerns are valid but also agrees with plaintiffs that access to information regarding the general layout of the other facilities is relevant to plaintiffs' case. In light of those considerations and in recognition of the fact that discovery in this case will terminate in a matter of days, the Court DENIES plaintiffs' request for inspection of County Jail #2 and the San Bruno Jail, but directs defendants to produce, **on or before October 9, 2009**, general drawings of those facilities, including layouts and wall and floor measurements, to permit plaintiffs to demonstrate the facilities' structure, layout, and sight lines.

### 2. Plaintiffs' Request to Compel Production of Documents

Plaintiffs also seek to compel further production of documents in response to plaintiffs' January 27, 2009 set of requests. Plaintiffs assert that defendants failed to respond to this set of requests in a timely manner and thereby waived any objections to the requests, including objections based on privilege or attorney work product. *See* Fed. R. Civ. P. 34(b)(2)(A) (responses to discovery requests due within 30 days, unless the parties stipulate or a court orders otherwise); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Plaintiffs assert, "Plaintiffs' counsel is unaware of any extension granted to Defendant in responding to these Requests, and asks the court to order Defendant to provide all documents responsive to each category without

2

objections." Defendants have demonstrated, however, that plaintiffs' attorney Keith Howard agreed to a two-week extension of the 30-day deadline for responding to the January 27, 2009 set of requests, and that defendants responded to the requests on March 11, 2009, several days before the extended deadline of March 13. *See* Attachments to Def. Response to Pltf. 9/21/09 Letter Brief re: 1st Req. for Prod. Mr. Howard's failure to communicate this extension to Mr. Murray, the attorney who filed the present discovery motion, is due to no fault of defendants and does not constitute a waiver of any objection to the requests for documents. Accordingly, the Court will proceed to address plaintiffs' contentions with respect to the substance of the document requests.

### A.    Requests Nos. 18-27, 31, 51-53, 57

Plaintiffs assert that defendants' response to each of these requests was inappropriate because it consisted solely of an objection to the request without any indication why defendants were unable to comply with the request. Plaintiffs also assert that defendants failed to produce those portions of the requested documents that were not objectionable. Defendants counter that each of the requests was either so vague or so overbroad that they could not make a reasonable search for the documents requested. Moreover, defendants assert that they presumed any difficulties in defining the documents requested could be resolved through the meet and confer process, but assumed as a result of plaintiffs' non-response to defendants' objections that plaintiffs were no longer pursuing these particular documents.

Requests 18-21 seek "all documents or communications that indicate the number, type, severity and resolution, including whether the services of a person offering psychiatric treatment was required for every psychiatric incident" involving male and female inmate at various time periods in various facilities. Defendants object on the grounds these requests were vague as to the meaning of "psychiatric incident," overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and implicated the privacy rights of third parties. The Court finds that defendants' objections are well-taken. It appears that the parties will be able to limit the scope of the request to a more appropriate and manageable set of documents through the meet and confer process. The Court directs the parties to further meet and confer regarding these requests by **October 7, 2009**.

3

Requests 22-27 seek "all documents or communications that indicate by quarter of the year the direct costs and indirect costs" of providing psychiatric care, psychiatric housing, and medical care to male and female inmates at various time periods in various facilities. Defendants object on the grounds the requests are vague as to the meaning of "direct and indirect costs," overbroad, and unduly burdensome. Although the Court agrees with defendants that plaintiffs' request is vague, the Court finds that plaintiffs are entitled to information regarding the costs of providing psychiatric and medical care to inmates, to the extent such costs were a factor in implementing the policy at issue in this case. The Court believes the parties will be able to resolve their dispute through the meet and confer process, and directs the parties to further meet and confer regarding these requests by **October 7, 2009**.

Request 31 seeks documents evidencing "any complaint by any staff being held over at the Hall of Justice because of the need to have a woman staff person on duty from January 2000 to date." Although defendants objected on grounds of vagueness with respect to the term "held over," they subsequently produced documents related to mandatory overtime, including complaints from staff members. The Court believes defendant's interpretation of the phrase "held over" was reasonable, and defendants have stated they have nothing further to produce in response to this request.

Requests 51-53 seek documents related to charges of "invasion of privacy or any other privacy concern" by inmates at the jails. Defendants object on the ground they cannot undertake a reasonable search for documents because inmate complaints are not classified into the category of "privacy." Although the Court recognizes the burden on defendants, especially as discovery draws to a close, the Court also believes inmate complaints regarding privacy are highly relevant to plaintiffs' case. The Court directs the parties to further meet and confer regarding these requests by **October 7, 2009**, and encourages the parties to resolve their dispute and arrive at a mutually agreeable delineation of the requests for production.

Request 57 seeks documents including "drawings, blueprints, and photographs showing all processes, policies, methods, and design that reveals the levels of privacy for detainees at the all female jail." To the extent this request can be understood as a request for documents reflecting the layout and structure of the female pods at County Jail #8, the information sought was addressed by the Court's September 18, 2009 Order, and plaintiffs' further request for production is DENIED.

4

### B.      Requests Nos. 12-16, 30, 32, 35-44

Plaintiffs assert that defendants inappropriately limited their responses to these requests to a time period shorter than that sought by plaintiffs. Plaintiffs' Request 12 sought documents "evidencing the opportunities and assignment of overtime of male and female deputies working at the jails beginning September 1, 2002 . . . to date." In response, defendants provided overtime signup sheets and watch reports reflecting which deputy was posted at each station starting from the year 2004. In their response to plaintiffs' present motion, defendants state they will produce documents going back to 2002. As defendants have stated they will produce the remainder of the documents responsive to plaintiffs' request, the Court need not issue an order to that effect.

Requests 13-15 seek staffing information for the years 2000-present. Request 32 seeks information on the number of female deputies required to be on duty to meet minimum staffing requirements from September 2002 to present. In response to these requests, defendants indicated they would produce daily staffing reports and overtime reports starting from 2003. Request 16 seeks information regarding inmate counts and categorization in the jails from September 2001 to present. Request 30 seeks information on inmate overcrowding from January 2000 to present. In response to these requests, defendants indicated they would provide daily jail counts from 2004 to 2008. The Court agrees that plaintiffs' access to the information sought should not be limited to the years covered in the records provided by defendants. Defendants have not articulated any reason why producing already prepared records for several more years would prove unduly burdensome. Plaintiffs' request to compel production of staffing reports, overtime records, and jail counts for the years sought in the requests is GRANTED.

Requests 35-43 seek information regarding complaints of "any incident of misconduct, whether sexual or otherwise," in the jails. Defendants have already been ordered to produce documents responsive to similar requests for information regarding sexual misconduct only. *See* Sept. 18, 2009 Order at 2-3. However, the Court agrees with defendants that plaintiffs' request for information regarding any complaints of any type of misconduct is overbroad, and the request to compel production of such information is DENIED.

Request 44 seeks documents reflecting "any instance in which any male deputies have been

assigned to work at the all female jails." Defendants object to this request on the ground it is overbroad and vague as to the term "all female jail." The Court finds that defendants' objections are not well-taken. Plaintiffs' request can be read as seeking documents demonstrating the assignment of male deputies to staff female housing units at the jails. Defendants are directed to produce documents responsive to this request to the extent it is not satisfied by defendants' production of staffing reports in response to Requests 12-15 and 32.

### C. Requests Nos. 54-57

These requests seek documents demonstrating the physical layout of the jails. Plaintiffs' letter brief appears to limit the request to information for County Jail #8. The information sought was addressed by the Court's September 18, 2009 Order, and plaintiffs' further request for production is DENIED.

### CONCLUSION

The Court directs defendants to produce documents in response to this order by **October 9, 2009**. Where the Court has ordered the parties to further meet and confer, the parties shall do so immediately but in no event later than **October 7, 2009**; and if the parties are able to resolve their disputes, defendants shall produce documents by **October 16, 2009**. If the parties are not able to resolve their disputes after the further meet and confer, plaintiffs may file another motion to compel.

**IT IS SO ORDERED.**

Dated: September 29, 2009

SUSAN ILLSTON
United States District Judge

6