IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, ET AL., | No. C 07-03622 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' DISCOVERY REQUESTS** |
| v. | **[Docket Nos. 133, 136, 138]** |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL., | |
| Defendants.           / | |

Plaintiffs have filed three separate letter briefs requesting various discovery orders. Plaintiffs ask that the Court: (1) order defendants to produce documents identified in defendants' Privilege Log that plaintiffs contend are not properly subject to assertions of privilege, and update the Privilege Log to encompass defendants' productions of documents after the Privilege Log was initially provided; (2) order defendants to produce Officer Patrick Brady for further deposition, and to produce the documents requested as part of plaintiffs' Notice of Deposition of Officer Brady; and (3) order defendants to comply with the Court's September 18, 2009 Order directing defendants to produce certain documents, to pay sanctions for their noncompliance, and strike defendants' assertions that the gender-based staffing policy at issue in this case constitutes a bona fide occupational qualification ("BFOQ").

**I.     Request for Production of Documents Identified in Privilege Log and for Updated Log**

It appears that plaintiffs did not attempt to meet and confer with defendants prior to filing this request. Civil Local Rule 37-1 provides, "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to [Federal Rule of Civil Procedure] 37, counsel have

previously conferred for the purpose of attempting to resolve all disputed issues." To "meet and confer" for purposes of this rule means

> to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. . . . [S]uch communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

Civ. Local R. 1-5(n).

As evidenced by a series of email correspondence submitted with plaintiffs' letter brief, defendants entirely failed to provide a privilege log until some four months after they responded to plaintiffs' first request for production of documents, despite numerous requests from plaintiffs, and despite assurances from defendants that the log would be provided in a more timely fashion. Moreover, in their letter brief in opposition to another of the present discovery motions, defendants admit that there has been a "mutual failure to meet and confer."[1] In light of the foregoing, it is the Court's view that a further in-person meet and confer is required to resolve the parties' current dispute regarding defendants' assertions of privilege. Counsel are reminded to make good-faith efforts to resolve their disputes before seeking the Court's intervention. The Court orders counsel to meet in person no later than **October 30, 2009** to attempt to resolve this dispute.

## II.     Request for Production of Officer Brady for Further Deposition

Plaintiffs' second discovery request seeks an order directing defendants to produce Officer Patrick Brady for further deposition, along with certain documents requested with plaintiffs' notice of deposition. Plaintiffs sought to depose Officer Brady on the topic of his arrest of plaintiff Jon Gray, an arrest that forms part of the basis for plaintiff Gray's retaliation claim against the City. When plaintiffs noticed the deposition, they requested a list of documents, including the police report created by Officer Brady at the time he arrested Gray and any documents reflecting communication between Officer Brady and the Sheriff's Department regarding Gray's arrest. Defendants admittedly did not produce any of the requested documents at the deposition.

---

[1] *See* Defendants' Letter Brief, Docket No. 143.

2

Although the Court agrees with defendants that plaintiffs are not entitled to production of the 70-plus requested documents pertaining to the development and implementation of the gender-based staffing policy, as Officer Brady's deposition has nothing to do with this topic, the Court admonishes defense counsel that its failure to even review the document request on the ground it "looked the same as the prior requests" was improper. Plaintiffs are entitled to the production of documents related to Gray's arrest, including the police report created by Officer Brady, and to production of documents reflecting any communication between Officer Brady and the Sheriff's Department regarding Gray.[2]

Defendants assert that plaintiffs' request for further deposition of Officer Brady is not calculated to lead to the discovery of admissible evidence because Brady has already testified that he did not speak to anyone in the Sheriff's Department about plaintiff Gray's arrest. The Court disagrees. First, Brady's deposition may still lead to relevant and admissible evidence at trial. His testimony that he did not speak to anyone at the Sheriff's Department about Gray's arrest could become a point of dispute at trial, and plaintiffs are entitled at this stage of the proceedings to have the opportunity to further develop his testimony. Second, plaintiffs note in their letter brief that Officer Brady was unable to recall many details of the Gray arrest, and stated repeatedly that he would be able to remember if he had the relevant documents to reference. Defendants do not dispute this assertion. Thus, it could well be true that production of the documents referenced above would change Officer Brady's testimony. Plaintiffs' request to compel production of Officer Brady for continued deposition is therefore GRANTED. Defendants shall produce Officer Brady by **October 30, 2009**, and shall produce at the deposition the documents listed above.

### III. Request to Compel Production of Documents Previously Ordered by Court, for Sanctions, and to Strike Assertions of Bona Fide Occupational Qualification

Plaintiffs move to compel defendants to comply with the Court's September 18, 2009 Order directing defendants to augment the general drawing of County Jail #8 and to produce documents

---

[2] Plaintiffs are not, however, entitled to production of all documents covered by Request No. 3: "Any and all documents between Patrick Brady and San Francisco Sheriff's Department." This request is overbroad. Defendants' production of documents may properly be limited to those communications pertaining to plaintiff Gray.

3

regarding sexual misconduct in the jails as well as the laws and regulations relied upon by defendants in developing the policy at issue in this case. In their letter brief in response to plaintiffs' request, defendants state that the parties met and conferred on October 13, 2009, and reached a mutually agreeable solution regarding the as-yet undisclosed documents. However, defendants' letter brief does not state that the parties reached any agreement with respect to production of the laws and regulations relied upon in formulating the policy at issue. The Court therefore DENIES plaintiffs' motion as to the production of drawings of County Jail #8 and documents related to sexual misconduct in the jails, and GRANTS plaintiffs' motion to compel production of the law and regulation documents addressed in the Court's September 18, 2009 Order. The Court DENIES plaintiffs' request for sanctions and plaintiffs' request to strike defendants' BFOQ defense.

## CONCLUSION

The Court directs defendants to produce documents in response to this order by **October 30, 2009**. Where the Court has ordered the parties to further meet and confer, the parties shall do so immediately, and in any event no later than **October 30, 2009**. If the parties are not able to resolve their disputes after the further meet and confer, plaintiffs may file another motion to compel.

**IT IS SO ORDERED.**

Dated: October 20, 2009

SUSAN ILLSTON
United States District Judge