| | |
|---|---|
| DENNIS J. HERRERA, State bar #139669<br>City Attorney<br>ELIZABETH S. SALVESON, State Bar #83788<br>Chief Labor Attorney<br>MARGARET W. BAUMGARTNER, State Bar #151762<br>RAFAL OFIERSKI, State Bar #194798<br>Deputy City Attorneys<br>1390 Market Street, Fifth Floor<br>San Francisco, California 94102-5408<br>Telephone: (415) 554-4244; Facsimile: (415) 554-4248<br>E-mail: rafal.ofierski@sfgov.org<br><br>Attorneys for Defendant: CITY AND COUNTY OF SAN FRANCISCO | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. CVC 07—3622 SI<br><br>**CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR ADMINISTRATIVE RELIEF FROM BRIEF PAGE LIMITATION; [PROPOSED] ORDER** |
| Also consolidated into this action are:<br><br>PAMELA WALKER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant | Case No. CVC 08—2406 SI |
| MARTHA ORTEGA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. CV 09-2652 SI |

CCSF Mtn. for Admin. Relief, Case No. C 07-3622 SI

n:\labor\li2008\080110\00602223.doc

# DISCUSSION

The City is seeking administrative relief under Local Rule 7-11 from the 25-page limitation that would otherwise apply to its upcoming motion for summary judgment. The City reasonably requires a longer brief to adequately address all the legal and factual issues presented in this case. The City asked the Plaintiffs to stipulate to an order permitting the parties to file briefs exceeding the 25 page limit, but the Plaintiffs refused. (R. Ofierski Dec. ¶ 3.)

This is a consolidated and complex action concerning the validity of a policy precluding male Sheriff's Deputies from supervising female inmates in the San Francisco women's jail. The Plaintiffs are eleven male Deputies and twenty-three female Deputies. All Plaintiffs contend that the policy constitutes unlawful gender discrimination under Title VII and the California Fair Employment and Housing Act ("FEHA"). As grounds for this claim, the male Plaintiffs and the female Plaintiffs proffer largely separate, gender-specific sets of allegations concerning the policy's allegedly adverse effects. Five Plaintiffs also allege causes of action for retaliation for protected activity under Title VII and FEHA. Two Plaintiffs additionally allege a "whistleblower" cause of action under California Labor Code Section 1102.5(b). Finally, one Plaintiff alleges a cause of action for violation of the California Peace Officers' Procedural Bill of Rights. In sum, the thirty-four Plaintiffs assert nine separate causes of action based on extensive factual allegations. The Plaintiffs' complaint itself numbers thirty-three pages containing one hundred forty nine paragraphs. (*See* Third Amended & Consolidated Complaint for Damages and Injunctive Relief). In discovery, the parties conducted dozens of depositions and exchanged tens of thousands of pages of documents. (R. Ofierski Dec. ¶ 2.)

The City is preparing a motion for summary adjudication, which is due on January 8, 2010. In the course of preparing the motion, the City has concluded that it reasonably cannot address all the legal and factual issues in a twenty-five page brief. Responding to the gender-discrimination claims alone requires lengthy legal analysis involving numerous factual aspects of City jail operations, including jail design, staffing, jail staff duties, inmate populations, as well as the various alleged effects of the challenged policy on the terms and conditions of Deputies' employment, such as overtime earnings, work assignments, and the working conditions in the women's jail. Additionally,

the City must respond to the retaliation and the other statutory claims, each of which is predicated on factual allegations specific to the individual Plaintiffs who have brought them. (R. Ofierski Dec. ¶ 2.)

A brief limited to the standard twenty-five pages simply cannot accommodate the welter of the legal and factual issues in this case. The City believes that, with very effort to present the relevant evidence and make its arguments as concisely as possible, the City's brief might require approximately 35 pages. Out of abundance of caution, however, the City requests permission to file a brief of up to 40 pages, should the additional five pages become necessary to adequately present the City's arguments.

## CONCLUSION

The City respectfully requests that the Court grant its motion and permit the City to file a summary judgment brief of up to 40 pages in length.

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
RAFAL OFIERSKI
Deputy City Attorney

By \_\_\_\_\_/s/\_\_\_\_\_
RAFAL OFIERSKI

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# ~~PROPOSED~~ ORDER

The City has submitted a motion for administrative relief regarding the page limit for its upcoming motion for summary adjudication. Good cause appearing, the Court hereby GRANTS the motion. Accordingly, the City is hereby permitted to file a summary judgment brief of up to 40 pages in length.

SO ORDERED.

Dated: 1/13/10

