IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCY AMBAT, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendants.

No. C 07-03622 SI

**ORDER RE: DEFENDANTS' REQUEST TO EXCLUDE RIC ZAYAS AS WITNESS AND STRIKE ZAYAS DECLARATION**

    Defendants have filed a discovery motion seeking to exclude Ric Fatone Zayas, a correctional officer at the federal prison in Dublin, California, from serving as an expert witness for plaintiffs and to strike Mr. Zayas' declaration from the record.

    According to defendants, plaintiffs identified Mr. Zayas as an expert witness in October 2009, and defendants thereafter attempted to conduct a deposition of Mr. Zayas. However, Mr. Zayas failed to appear for the first scheduled deposition due to "miscommunication" of the correct date by plaintiffs' counsel, and was 25 minutes late to the rescheduled deposition due to a work conflict, leaving defense counsel insufficient time to complete the deposition. The latest communication between the parties was a letter from plaintiffs' counsel offering to produce Mr. Zayas for deposition on January 21, 2010, which defense counsel apparently did not respond to before initiating this dispute with the Court.

    Defendants seek an order excluding Mr. Zayas from appearing as a witness in this matter and striking his declaration in support of plaintiffs' motion for summary judgment. Defendants assert that plaintiffs' counsel "has failed to make this purported expert available for a meaningful deposition," challenge Mr. Zayas' qualifications as an expert witness, and point out certain "troubling facts" that arose in the limited time counsel was able to depose Mr. Zayas, including that Mr. Zayas did not

recognize a letter submitted by plaintiffs' counsel, or the final paragraph in his expert declaration, although both documents contained Mr. Zayas' signature.

Defense counsel's request to exclude Mr. Zayas as a witness based on his supposed lack of expert qualifications is premature and will not be entertained at this time. However, the Court is concerned at the parties' apparent inability to confer in good faith to schedule Mr. Zayas' deposition, and even more so at the possibility that portions of Mr. Zayas' declaration were drafted without his knowledge, an assertion that plaintiffs' counsel does not dispute. The Court believes the best solution is for defense counsel to have the opportunity to conduct a full deposition of Mr. Zayas and to submit a supplemental brief in opposition to plaintiffs' motion for summary judgment in the event the deposition reveals facts that may be material to the Court's resolution of the motion. At that time, defendants may also renew their motion to exclude Mr. Zayas or offer objections to the declaration submitted in support of plaintiffs' summary judgment motion.

Accordingly, the parties are directed to schedule a deposition of Mr. Zayas to take place **no later than Monday, February 8, 2010.** Plaintiffs' counsel shall instruct Mr. Zayas to bring the documents requested in the deposition notice. Defendants may submit supplemental briefing and/or a renewed motion to exclude or strike **no later than Tuesday, February 9, 2010,** and plaintiffs may respond **no later than Wednesday, February 10, 2010.**

**IT IS SO ORDERED.**

Dated: February 2, 2010

SUSAN ILLSTON
United States District Judge

2