IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, et al., | No. C 07-03622 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' RETALIATION CLAIMS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant. | |

On February 17, 2010, the Court issued an order denying plaintiffs' summary judgment motions and granting the majority of defendant's motion for summary judgment. In ruling on plaintiffs' retaliation claims, the Court reached two conclusions that are addressed in this order. First, the Court ordered the parties to augment the record with respect to plaintiff Lisa Janssen's retaliation claim. The parties have now submitted their supplemental briefs and evidence, and this order considers the merits of plaintiff Janssen's claim. Second, the Court held that plaintiffs Mattie Spires-Morgan and Anjie Versher had abandoned their retaliation claims by failing to raise them in opposition to defendant's summary judgment motion. Having been alerted by plaintiffs' counsel that Spires-Morgan and Versher discussed these claims in their declarations, the Court will now address the merits of the claims.

**I.     Plaintiff Janssen's Claims**

Plaintiff Janssen contends that defendant retaliated against her by reprimanding her for complaining that the gender-based staffing policy at issue in this case ("the Policy") constituted gender discrimination, and for participating in the present lawsuit. It is undisputed that Janssen called her superior, Lt. Tilton, on January 9, 2007 to complain about being detailed to a post in a female pod. During this conversation, Janssen also mentioned the pending discrimination lawsuit. Thereafter, Lt. Tilton initiated a reprimand investigation with Chief Arata during which he stated that Janssen had

questioned his authority to make shift assignments and had spoken to him in a loud and unprofessional tone. Janssen was issued a reprimand by Chief Arata on February 20, 2007.

Janssen has stated a prima facie case of retaliation by showing that she was issued a reprimand soon after she complained about the Policy and informed her superiors about the pending lawsuit. *See Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006). Therefore, the burden shifts to defendant to articulate a legitimate, non-retaliatory reason for the disciplinary action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Defendant has submitted deposition testimony from Chief Arata stating that Janssen's reprimand was based on her use of an inappropriate and insubordinate tone toward Lt. Tilton. Chief Arata relied on statements from Lt. Tilton and from Sgt. Wallace, who testified at the reprimand hearing that he was near Lt. Tilton during the phone conversation with Janssen and could hear Janssen's words and her tone of voice through the phone. *See* Arata Depo., ex. A to Ofierski Decl., at 208:14-17, 217:25-218:21; *see also* Tilton Decl. ¶¶ 2, 5.

Defendant has met its burden of setting forth a non-retaliatory reason for the reprimand. However, plaintiff has created a material factual dispute with respect to whether defendant's proffered reason is a mere pretext for a retaliatory motive. *See McDonnell Douglas*, 411 U.S. at 804. Plaintiff has submitted declarations from Deputies Wysinger, Williams, and Bui, all of whom aver that they were present during Janssen's phone call to Lt. Tilton and that Janssen did not make any inappropriate statements or use a loud or unprofessional tone. *See* Wysinger Decl. ¶¶ 3-6; Williams Decl. ¶¶ 4-10; Bui Decl. ¶¶ 5-9. Plaintiff's submission presents significant factual and credibility disputes that cannot appropriately be resolved on summary judgment. Accordingly, defendant's motion for summary judgment on plaintiff Janssen's retaliation claim is DENIED.

## II.     **Plaintiff Versher's Claims**

Defendant asserts that plaintiff Versher's retaliation claims must be dismissed due to failure to exhaust her administrative remedies. Versher filed a charge with the California Department of Fair Employment and Housing ("DFEH") in December 2006 and an additional charge with the EEOC in March 2007 in which she described the Policy and the basis of her contentions of sex discrimination, but did not mention any retaliatory acts. *See* ex. G to Ofierski Decl. ISO Def. MSJ.

As stated in the Court's prior order, to establish federal subject matter jurisdiction over her retaliation claims, plaintiff Versher must demonstrate that she filed timely charges with the EEOC or its California equivalent, the DFEH. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "[W]hen an employee seeks judicial relief for claims not listed in the original EEOC charge, the complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Under this rule, "jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B.*, 276 F.3d at 1100 (original emphasis) (internal quotation marks and citation omitted).

Versher asserts that after she unsuccessfully complained about the Policy to her immediate superiors, Sgt. Wallace, Lt. Tilton, and Capt. Pecot, she ultimately took her complaint to Chief Arata. Plaintiffs' Third Amended Complaint ("TAC") identifies three retaliatory acts occurring after Versher complained about the Policy: (1) issuance of a negative performance evaluation in December 2006; (2) convening of a meeting in May 2007 at which Versher's supervisors accused her of failing to inform them that she had a close relative under her custody; and (3) issuance of a written "counseling" in June 2007 ostensibly due to Versher's failure to inform a supervisor that a cell was overcrowded.[1] *See* TAC ¶¶ 66-67, 71-75; *see also* Versher Decl. ISO Pltf. Oppo. to Def. MSJ ¶¶ 20, 23, 26.

Versher's first retaliation claim, related to the December 2006 negative performance evaluation, took place several months before Versher filed her EEOC charge. Where a plaintiff's EEOC charge fails to mention a retaliatory act that occurred before the charge was filed, "the agency [is] not on notice to investigate . . . [these] instances of past retaliation" and the claim must be dismissed for failure to exhaust. *Curry v. Shinseki*, No. 08-16380, 2009 WL 4884329, at * 1 (9th Cir. Dec. 14, 2009). Accordingly, plaintiff Versher's first retaliation claim is DISMISSED for lack of jurisdiction.

In the Court's view, however, plaintiff Versher has exhausted her second and third claims of

---

[1] According to the counseling document, "Counseling is not to be construed as disciplinary action. Counseling is a formal means whereby a supervisor can document a problem and indicate to a subordinate employee the corrective action to be taken. A copy of this document will be placed in your personnel file." *See* ex. 15 to Versher Depo., ex. RR to Ofierski Decl. ISO Def. MSJ.

3

1 retaliation, which concern the May 2007 meeting and the June 2007 written counseling. The acts
2 complained of took place just months after plaintiff's EEOC charge was filed, were based on plaintiff's
3 complaints regarding the discriminatory policy mentioned in the charge, and concerned the same
4 defendants and same location at which the alleged discrimination was taking place. *See B.K.B.*, 276
5 F.3d at 1100 (in assessing whether a claim is reasonably related to allegations in an EEOC charge, court
6 should consider the "alleged basis of the discrimination, dates of discriminatory acts specified within
7 the charge, perpetrators of discrimination named in the charge, and any locations at which
8 discrimination is alleged to have occurred"). Accordingly, the Court will consider the merits of these
9 claims.

10 The Court concludes that disputed issues of fact preclude summary judgment on plaintiff
11 Versher's second retaliation claim, which stems from a May 2007 meeting at which Versher was
12 confronted regarding whether she had failed to inform her supervisors that she had a close relative in
13 custody. According to Versher, the meeting occurred after Versher's supervisors found a letter in which
14 an inmate under Versher's supervision, Tricia Hurd, addressed Versher as "Auntie." Versher asserts
15 that Hurd was well-known to jail officials and tended to refer to deputies she liked using that moniker.
16 Versher Depo. at 172:15-20; *see also* Versher Decl. ¶¶ 24-25. She states that although Lt. Tilton, Sgt.
17 Wallace, and Capt. Pecot knew that she was not related to Hurd, they nonetheless convened a meeting
18 at which they accused Versher of violating the jail's policy requiring deputies to inform their superiors
19 if a relative was in custody. Versher Decl. ¶ 24. Versher was told she "did not need" a union
20 representative at the meeting because she was "not in any trouble," Versher Depo. at 171:16-19, but
21 avers that all three supervisors present at the meeting accused her of a serious violation of jail rules,
22 Versher Decl. ¶ 24. Versher admits that she was not formally disciplined after she explained she was
23 not related to Hurd. Versher Depo. at 180:5-8.

24 Defendant contends that Versher cannot set forth a prima facie case of retaliation because she
25 was not disciplined after the meeting. Defendant does not contest, however, that plaintiff was pulled
26 from her shift and brought, unrepresented, into a meeting at which three supervisors accused her of
27 violating a jail rule. In the Court's view, this action is of a type sufficient to dissuade a reasonable
28 employee from approaching his or her superiors with a grievance, and therefore amounts to a prima face

4

showing of retaliation. *See Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 67-68 (2006). Even assuming defendant has proffered a legitimate, non-retaliatory reason for the meeting, Versher's submission is also sufficient to raise a material factual dispute as to whether defendant's proffered reason was pretextual. Therefore, defendant's motion for summary judgment on plaintiff Versher's second claim of retaliation is DENIED.

Versher's third retaliation claim concerns a June 2007 counseling letter she received after she failed to notify a supervisor at the start of her shift that the deputy from the previous shift had packed three inmates into a holding cell designed for one inmate, in violation of jail safety policies. Versher Decl. ¶ 26. Versher asserts that she was unaware of any policy requiring her to immediately inform a supervisor of inmates left in a holding cell from a prior shift. *Id.* Versher contends that her superiors engaged in retaliation by disciplining her rather than the deputy who had created the overcrowding problem in the first place. Versher Depo. at 191:20-24.

Defendant asserts that plaintiff has failed to make out a causal link between her protected activity and the issuance of the written counseling. The Court disagrees. The close temporal proximity between plaintiff's filing of an EEOC charge, the May 2007 incident, and the present incident, coupled with plaintiff's undisputed contention that the jail policy was applied only to her and not to the other deputy involved, is sufficient to create an inference of retaliation. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). Although defendant has proffered a non-retaliatory reason for the adverse action – a violation of Department rules – Versher has raised a triable issue as to whether the counseling was merely a continuation of the previous retaliatory actions. Defendant's motion for summary judgment on Versher's third retaliation claim is therefore DENIED.

### III. Plaintiff Spires-Morgan's Claims

Finally, defendant seeks summary judgment on three retaliation claims asserted by plaintiff Spires-Morgan. Spires-Morgan asserts that, after she filed a grievance about the Policy in February 2007, the Department took three retaliatory actions against her: (1) in March 2007, the Department issued her a written counseling for unacceptable job performance; (2) in October 2007, Senior Deputy Jardin, Spires-Morgan's supervisor, chastised her; and (3) in November 2007, plaintiff was "provided

with information that the [Department] intended to discipline" her for submitting insufficient paperwork in support of a sick leave request. *See* DFEH Charge, ex. F to Ofierski Decl. ISO Def. MSJ. Spires-Morgan contends that all of these incidents were orchestrated by Capt. Pecot. *See* Spires-Morgan Depo., ex. OO to Ofierski Decl. ISO Def. MSJ, at 264:11-15.

Plaintiff's first retaliation claim concerns a March 19, 2007 counseling. According to defendant, the counseling was issued for two reasons: first, because the Department had received three inmate complaints against Spires-Morgan in February and March 2007, and second, because Spires-Morgan failed to respond to a radio call on March 10, 2007. Spires-Morgan avers that she learned from the complaining inmates that Capt. Pecot had actively solicited the complaints, telling the inmates that if they complained, "they could get rid of" Spires-Morgan. Spires-Morgan Decl. ISO Pltf. Oppo. to Def. MSJ ¶ 79. Spires-Morgan admits that she did not answer the radio call, but asserts that it was common knowledge that radios often did not work. She states that on several prior occasions her supervisors had themselves failed to respond to radio calls due to having non-functioning radios. *Id.* ¶¶ 80-81.

Defendant asserts that the Court should ignore plaintiff's assertions concerning Capt. Pecot's role in soliciting inmate complaints because this evidence is inadmissible hearsay. Because plaintiff may be able to present this evidence in an admissible form at trial, however, the Court may consider the substance of the evidence in ruling on defendant's summary judgment motion. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). Taking as true plaintiff's assertions regarding the inmate complaints and the radios, plaintiff has raised a triable issue of fact as to whether the counseling was issued in retaliation for plaintiff's protected activity. Accordingly, defendant's motion for summary judgment on plaintiff Spires-Morgan's first retaliation claim is DENIED.

Spires-Morgan's second retaliation claim concerns a verbal chastisement by her supervisor, Senior Deputy Jardin, after Spires-Morgan purportedly returned late from lunch. Spires-Morgan asserts that Jardin "chastise[d] [her] like a child not an adult," which was "uncalled for and unprofessional." Spires-Morgan Decl. ¶ 85. The Court agrees with defendant that plaintiff has failed to state a retaliation claim as a matter of law. An unpleasant interaction with one's supervisor, even one that occurs after protected activity, is not necessarily actionable retaliation. "Title VII . . . does not set forth a general civility code for the American workplace." *Burlington*, 548 U.S. at 68. In addition, Title VII's

"antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67. Because Spires-Morgan has failed to set forth even a prima facie case of retaliation in connection with Jardin's conduct, defendant's motion for summary judgment as to her second retaliation claim is GRANTED.

Finally, Spires-Morgan claims the Department retaliated against her by telling her it intended to discipline her for failing to properly fill out a medical leave request by naming the person for whom she was taking leave. According to Spires-Morgan, although she did not specifically identify her sick child on the request form, she attached a copy of a hospital registration form showing her child's admission. Spires-Morgan Decl. ¶ 87. Plaintiff explains,

> Sr. Deputy Jardin came to me the next day and stated that . . . Capt. Pecot ordered me to put more information down. . . . Sr. Deputy Jardin stated she didn't know what the Captain wants and that what I wrote looks okay to her. I told her to let Capt. Pecot know I was unsure what she wanted. [Jardin] came to me the next day and read from a paper but would not show me and told me what it said, she stated that the Captain was going to write me up if she didn't get it by the end of the day. I called the Undersheriff and voice[d] my concerns. It stopped this conduct but not this history of minor retaliation.

*Id.* In the Court's view, the conduct plaintiff has alleged, especially when taken in combination with plaintiff's other allegations concerning Capt. Pecot, would be sufficient to dissuade a reasonable employee from submitting a grievance. *See Burlington*, 548 U.S. at 67-68. Defendant makes no effort to articulate a legitimate, non-retaliatory reason for this incident, other than to state that Spires-Morgan has not "present[ed] any evidence to suggest that Senior Deputy Jardin . . . harbored any retaliatory motives." Plaintiff has, however, submitted evidence at least raising an issue of fact as to Capt. Pecot's motives. Defendant's motion for summary judgment on Spires-Morgan's third claim is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment on plaintiffs Janssen, Versher, and Spires-Morgan's claims of retaliation is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: March 15, 2010

SUSAN ILLSTON
United States District Judge

7