IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, *et al.* | No. C 07-03622 SI |
| Plaintiffs, | **ORDER RE: PARTIES' BILLS OF COSTS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant. | |

Plaintiffs and defendant in this action have filed separate bills of costs. In their bill of costs, plaintiffs seek to recover a total of $4,811.84, consisting of (1) $1,050.00 in Complaint Filing Fees, and (2) $3,761.84 in "Fees of the court reporter (transcripts, depositions)." In its amended bill of costs, defendant seeks to recover a total of $51,849.07, consisting of (1) $3,270.54 in fees for service of summonses and subpoenas, (2) $35,471.06 in "Fees of the court reporter (transcripts, depositions)" and (3) $13,107.47 in "Other costs - Document reproduction." Docs. 322 and 358.

Both side has filed objections to the other's bills of costs. The Court herein addresses those objections.

**BACKGROUND**

These consolidated cases involved challenges by approximately thirty sheriff's deputies to a gender-based staffing policy of the San Francisco Sheriff's Department. In mid-2006, the Sheriff reorganized inmate housing in the San Francisco jails such that all female inmates were placed in County Jail #8 in female-only housing units, or "pods." Thereafter, in October 2006, the Sheriff implemented a policy requiring that only female deputies be assigned to staff these female pods.

1 Plaintiffs in this case were both male and female sheriff's deputies who alleged that the Sheriff's staffing
2 policy ("the Policy") amounts to employment discrimination. Additionally, several of the plaintiffs
3 brought retaliation claims against defendant. The Court granted defendant summary judgment on almost
4 all of plaintiffs' claims.

5 The Court denied defendant's motion for summary judgment on retaliation claims brought by
6 three plaintiffs: Lisa Janssen, Mattie Spires-Morgan, and Anjie Versher ("plaintiffs"). Plaintiffs
7 contended that defendant retaliated against them by reprimanding them for complaining that the Policy
8 constituted gender discrimination and for participating in this lawsuit. They pointed to written
9 reprimands, negative performance evaluations, "written counseling," and other conduct that they argued
10 was retaliatory.

11 A day after the Court denied defendant's motion for summary judgment on plaintiffs' retaliation
12 claims, and approximately three weeks before trial was scheduled to begin, the parties agreed to
13 continue the trial date in order to enter into settlement negotiations on the remaining claims. A
14 settlement conference was held with Chief Magistrate Judge Maria-Elena James on June 8 and June 10,
15 2010, and everyone agreed that the parties had settled the case. The agreement was read into the record.
16 The Court entered an order dismissing the case with prejudice upon settlement. Doc. 292.

17 On May 27, 2011, the Court heard argument on competing motions filed by the parties: a
18 motion for entry of judgment filed by plaintiffs, and a motion to enforce the settlement agreement filed
19 by defendant. The parties agreed that they reached a settlement on plaintiffs' retaliation claims, and that
20 the settlement agreement was memorialized on the record before Magistrate Judge James on June 10,
21 2010. They disagreed over the terms of the settlement, and the procedure by which it should be reduced
22 to writing.

23 The Court granted each motion in part and denied each motion in part. Doc. 315. The Court
24 found that the parties had a clear intent to execute a written settlement agreement. The Court granted
25 plaintiffs' request that it enter judgment, but only after the parties signed a written settlement agreement.
26 The Court denied plaintiffs' request to include the remaining terms of the settlement agreement in the
27 Judgment, with the exception that the Judgement would indicate where Magistrate Judge James retained
28 jurisdiction over certain, limited matters. The Court granted defendant's requests that the parties be

ordered to execute a written settlement agreement, with the caveat that if the parties could not agree to the form of the agreement within ten days, they would be required to sign a copy of the transcript to indicate their approval of the oral settlement.

The Court declined to order that the parties include in a written agreement any terms that were not agreed to on the record before Magistrate Judge James. For example, defendant had requested that the Court find that the parties entered into a "no fault" settlement agreement whereby each side would bear its own attorney's fees and costs as to the settled retaliation claims. The Court declined to do so, explaining that the language in the release contained in the oral settlement agreement was neither so clear nor so broad that the Court could find that plaintiffs waived their right to move for attorney's fees, and that there was not sufficient outside evidence to support such a finding. The Court reserved the question of whether plaintiffs were the prevailing party on the retaliation claims, as it was not squarely presented in the motions.

Plaintiffs thereafter moved for attorney's fees in the amount of $127,447.26. In its September 2, 2011 Order, the Court found that plaintiffs were entitled to attorney's fees as a prevailing party, as they had achieved a material alteration of the legal relationship between the parties and that the alteration was judicially sanctioned. Doc. 347. However, as plaintiffs only partially prevailed, the Court reduced the fee award to $8,925.

Following entry of judgment, both parties filed bills of costs, as well as objections to each other's bills of costs. On December 14, 2011, defendants filed an amended bill of costs.

**LEGAL STANDARD**

Title 28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920

as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 U.S. Dist. LEXIS 17803, at *2 (N.D. Cal. Dec. 2, 1993). The taxation of costs lies within the trial court's discretion. *In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

According to Civil Local Rule 54-1(a), a bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R. 54-1(a). Further, a party seeking costs must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed." *Id.* With regard to individual itemized costs, "the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002).

**DISCUSSION**

**1.  Plaintiffs' Bill of Costs**

In their bill of costs, plaintiffs seek to recover a total of $4,811.84, consisting of (1) $1,050.00 in Complaint Filing Fees, and (2) $3,761.84 in "Fees of the court reporter (transcripts, depositions)." Defendant objects to plaintiffs' bill of costs on a number of grounds. Defendant argues that (1) plaintiffs are not the prevailing party; (2) even if plaintiffs did prevail on some issues, defendant prevailed on a greater number of issues and thus plaintiffs are precluded from recovering costs; and (3) even if plaintiffs are entitled to some costs, their costs should be reduced based on the level of their victory.

Defendant's prevailing party objection, which was filed prior to the Court's September 2, 2011 Order Granting Motion for Plaintiffs' Attorney's Fees, is foreclosed by that Order. Doc. 347. The Court has determined that plaintiffs achieved a material alteration of the legal relationship of the parties, and that alteration was judicially sanctioned, thus rendering plaintiffs a prevailing party.

4

Defendant's second argument is that only one party can be deemed "prevailing" for the purpose of taxing costs, and that because defendant won on the majority of plaintiffs' claims, only defendant is entitled to that status. Defendant cites foreign authority for the proposition that only one party can be prevailing for purposes of costs, but no Ninth Circuit precedent. Def.'s Objs. at 8 (*citing Shum v. Intel Corp.*, 629 F.3d 1360, 1366-68 (Fed. Cir. 2010) (holding that because Fed. R. Civ. P. 54 refers to "*the* prevailing party . . . there can only be one prevailing party in a given case.")). The Court disagrees with defendant, and finds that multiple parties may be entitled to costs under 28 U.S.C. § 1920. For the purpose of attorney's fees under a number of statutory schemes, including Title VII, prevailing party status may be granted to plaintiffs even where they lose on the bulk of their claims. *See Manhart v. City of Los Angeles, Dept. of Water and Power*, 652 F.2d 904, 906-7 (9th Cir. 1981) (in Title VII case, prevailing on any "significant issue" sufficient for prevailing party status); *Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1026 (9th Cir. 2006) ("[A] prevailing party need not prevail on what may be considered the 'central' issue of the case . . . as long as the party had prevailed on any significant issue" prevailing status is warranted.). The Court in this case found plaintiffs to be a prevailing party despite losing on the vast majority of their claims. *See* Doc. 347. It would be incongruous to grant prevailing party status for the purpose of attorney's fees but to revoke it for the purpose of costs. Instead, the Court finds the more appropriate method to employ with respect to costs in this "mixed judgment" case is to follow the same procedures used for attorney's fees. That is, "when the plaintiff has prevailed on some, but not all his claims . . . 'the district court must reduce the attorneys fee award so that it is commensurate with the extent of the plaintiff's success.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009) (*quoting McGinnis v. Ky. Friend Chicken*, 51 F.3d 805, 808 (9th Cir. 1994)).

First, plaintiffs request $1,050.00 in complaint filing fees for the $350.00 filing fee paid in each of CV 07-3622, 08-2406, and 09-2652. Defendant objects on the grounds that plaintiffs do not provide supporting documentation pursuant to Local Rule 54-1(a). ("Appropriate documentation to support each item claimed must be attached to the bill of costs."). While supporting documentation is needed for any other item claimed, there is no question that plaintiffs were required to pay the $350.00 Complaint Filing Fees pursuant to 28 U.S.C. § 1914. Plaintiffs were not granted *in forma pauperis* status allowing them

to avoid the fees. Defendant's objection is OVERRULED.

Plaintiffs also request $3,761.84 in "Fees of the court reporter (transcripts, depositions)." This includes the entire cost of the depositions of the three plaintiffs whose claims survived summary judgment and who eventually settled: Lisa Janssen ($659.80), Mattie Spires-Morgan ($826.80), and Anjie Versher ($703.20). Plaintiffs also request a prorated portion of the deposition costs for many other deponents, which they term "apportioned" work ($1,351.46) or "general" work ($220.68). In the Order Granting Attorney's Fees, the Court noted that this case was primarily about gender discrimination, and that no plaintiff prevailed on a discrimination claim. As with the attorneys' fees, and as noted above, the Court will not order defendant to pay costs for work related in whole or in large part to the losing discrimination claims. Therefore, the Court will not award plaintiffs costs for the "apportioned" or "general" work. The Court therefore SUSTAINS defendants' objections to those costs. The Court will award costs related to deposing the three prevailing plaintiffs.

The Court therefore awards $1,050.00 in filing fees and $2,189.80 in court reporter fees to plaintiffs, for a total of $3,239.80.

**2.     Defendant's Bill of Costs**

In its amended bill of costs, defendant seeks to recover a total of $51,849.07, consisting of (1) $3,270.54 in fees for service of summonses and subpoenas, (2) $35,471.06 in court reporter fees and (3) $13,107.47 in "Other costs - Document reproduction." Plaintiffs object on a number of grounds, including that (1) defendant did not have authority to file an amended bill of costs, and (2) defendants cannot recover for costs that were "reasonable and necessary for the claims of the successful plaintiffs."

Plaintiffs' object that defendant did not have authority to file an amended bill of costs. Local Rule 54-1 allows a party to file a bill of costs no later than 14 days after judgment is entered. L.R. 54-1(a). Judgment was entered in this case on June 21, 2011. Defendant timely filed its bill of costs on July 1, 2011, requesting $56,016.93. On December 14, 2011, defendant filed an amended bill of costs, seeking $51,849.07. Because the amended bill of costs is a significant reduction from the original, the Court finds that an amended bill of costs is permissible. Plaintiff's objection is OVERRULED.

Plaintiffs object to the $3,270.54 in "Fees for service of summonses and subpoenas" because

1 "the claimed costs include costs for items and services other than the Clerk's filing fee and service of
2 process fees." Pl.'s Objs. at 2. Plaintiffs argue that invoices that do not specifically identify the
3 recoverable costs cannot be considered. Local Rule 54-3(a)(2) allows recovery of fees for service of
4 process by someone other than the marshal to the extent reasonably required and actually incurred. The
5 invoices for subpoenas and service of process provided by defendants dated prior to May 1, 2009
6 contain itemized charges, a number of which are unrecoverable. However, defendants are requesting
7 only the $25 "Personal Service" fee and the $15.00 "Witness Fee," both of which the Court finds are
8 recoverable. The invoices (from the same company) dated after May 1, 2009 are not so itemized, and
9 instead list a $39.00 "File Basic" fee, a $15.00 "Witness Fee," and small charges for "Check Charge"
10 and "Copies." Defendant's attorney states that these invoices reflect a negotiated reduction in costs of
11 17%, and therefore are requesting only $35.74 total for each invoice. *See* Lach Decl., ¶¶ 4-5. The Court
12 finds that this is also a sufficiently documented and recoverable fee. The Court OVERRULES
13 plaintiffs' objection with respect to the fees incurred for service of process. The Court awards defendant
14 $3,270.54 for these costs.

15 Plaintiffs object to the $35,471.06 in court reporter fees on the grounds that plaintiffs were
16 successful on some of their claims, and thus the depositions "reasonable and necessary for the claims
17 of the successful" plaintiffs should be stricken. As noted above, however, plaintiffs lost on the vast
18 majority of their claims. Specifically, plaintiffs lost on their gender discrimination claims, though
19 gender discrimination was the gravamen of their complaint. The fifty-six depositions for which
20 defendant seeks fees were necessary in order for it to defend against those claims. In recognition of
21 plaintiffs' small victory, as discussed above, the Court will subtract from defendants' request the costs
22 incurred by defendants in deposing the three plaintiffs that prevailed: Mattie Spires-Morgan ($1,440.00),
23 Anjie Versher ($954.95), and Lisa Janssen ($1,123.40). The Court otherwise finds the costs for the
24 depositions are recoverable. The Court SUSTAINS IN PART and OVERRULES IN PART plaintiffs'
25 objection. The Court awards defendants $31,952.71 in deposition fees.

26 Plaintiffs also object to the $13,107.47 in "Other Costs" requested by defendants because the
27 invoices "clearly include fees for services other than reproducing discovery documents." Pls.' Objs. at
28 4. The Court has reviewed the invoices, and disagrees. The costs incurred are either for directly

reproducing the documents, or necessary services ancillary to reproduction, such as scanning, stapling, or optical character recognition. *See* Def.'s Bill of Costs, Ex. C. Plaintiffs objection to "Other Costs" is OVERRULED, and $13,107.47 is awarded to defendants.

The Court therefore awards $3,270.54 in service fees, $31,952.71 in deposition fees, and $13,107.47 in other fees to defendant, for a total of $48,330.72.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby awards plaintiffs $3,239.80 in costs and defendant $48,330.72 in costs.

**IT IS SO ORDERED.**

Dated: July 5, 2012

SUSAN ILLSTON
United States District Judge