UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAINABU ANDERSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 07-cv-03622-SI<br><br>**ORDER RE: STANDING OF PLAINTIFFS**<br><br>Re: Dkt. No. 393 |

Defendant brings this motion to challenge the standing of plaintiffs who failed to appeal this Court's summary judgment order in 2010. Defendant's motion was set for oral argument on January 23, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

These consolidated cases involve challenges by approximately thirty-five sheriff's deputies to a gender-based staffing policy of the San Francisco Sheriff's Department. In mid-2006, the Sheriff reorganized inmate housing in the San Francisco jails such that all female inmates were placed in County Jail #8 in female-only housing units, or "pods." Thereafter, in October 2006, the Sheriff implemented a policy requiring that only female deputies be assigned to staff these female pods. Plaintiffs in this case are both male and female sheriff's deputies who allege that the Sheriff's staffing policy ("the Policy") amounts to employment discrimination. In their Third Amended Complaint ("TAC"), plaintiffs assert nine causes of action, which include various gender discrimination and retaliation claims under Title VII and California's Fair Employment and

Housing Act ("FEHA").

In particular, plaintiffs assert that the Policy constitutes gender discrimination under state and federal law. First, plaintiffs allege that they have suffered injury as a result of a change in the shift-bid system. According to plaintiffs, when the Policy was implemented, the Sheriff's Department began making assignments for shifts and days off according to gender rather than seniority. TAC ¶ 39. Both the male and female plaintiffs allege that they have received less favorable assignments than they would have under the seniority-based system. The male plaintiffs further allege that they have lost overtime shifts in the female pods to female deputies with less seniority, that they have lost promotional opportunities as a result of a lack of opportunity to supervise female inmates, and that they are forced to "trade" to shifts in unfamiliar facilities when a female deputy in one of those facilities is needed to staff a shift in a female pod. *Id.* ¶¶ 37-41, 108.

Second, the female plaintiffs separately allege that they are placed at increased stress and risk of harm as a result of the Policy. According to plaintiffs, this is because female inmates are not segregated by security level, history of violence, or mental health status, because lights are not kept on 24 hours a day as they are in male housing units, and because the female pods are overcrowded and understaffed, with only one female deputy on duty at certain times. TAC ¶ 25-28, 31. The female plaintiffs further allege that they lack adequate training in the security procedures needed to deal with the female inmate population, and that the female pods lack infrastructure for security enforcement, such as leg and body chains to be used in transporting dangerous inmates. *Id.* ¶¶ 30, 32.

On February 17, 2010, this Court ruled on the parties' cross motions for summary judgment, finding that defendant had adequately demonstrated that its gender-based policies were covered by the bona fide occupational qualification ("BFOQ") exception, and were thus not actionable discrimination. The Court also granted defendant's motion for summary judgment as to most of the retaliation claims. On August 25, 2010, the Court denied plaintiff's motion for

reconsideration.

On July 2, 2014, the Ninth Circuit affirmed the Court's grant of summary judgment on the retaliation claims, but reversed as to the Court's grant of summary judgment on the BFOQ issue. On December 2, 2014, this Court denied plaintiffs' renewed motion for summary judgment. Docket No. 389. Now before the Court is defendant's motion challenging the standing of the plaintiffs who failed to appeal the Court's 2010 summary judgment ruling. Docket No. 393.

**DISCUSSION**

Parties who fail to appeal the judgment of a lower court lack standing to challenge the judgment on appeal. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318 (1988). Therefore a party who fails to properly appeal a lower court's judgment remains bound by it regardless of the outcome on appeal. *Id.*; *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994); *Winterthur Int'l Am. Ins. Co. v. Garamendi*, No. CIV.S000506WBSJFM, 2005 WL 3440266, at *3 (E.D. Cal. Dec. 14, 2005); *Ruiz-Rivera v. U.S. Dep't of Educ.*, No. 05-1775, 2006 WL 1343431, at *1 (1st Cir. May 10, 2006). The Federal Rules of Appellate Procedure require that the notice of appeal "specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'" Fed. R. App. P. 3(c)(1)(A).

On July 20, 2011, plaintiffs filed an amended notice of appeal of this Court's summary judgment ruling. Docket No. 333. The first page of the notice contained a form caption which had been used throughout the litigation, which listed all the "plaintiffs." The second page of the notice listed nineteen "Plaintiffs and Appellants" who "hereby appeal[…] to the United States Court of Appeals for the Ninth Circuit." *Id.* at 2. Defendant argues that only those plaintiffs listed as "plaintiffs and appellants" on the second page of the notice appealed the judgment and remain parties to this case. Conversely, plaintiffs contend that all plaintiffs listed on the form caption appealed the Court's 2010 summary judgment order, and are thus still parties to this case on remand.

3

There are a number of factors which undermine plaintiffs' contention. First, plaintiffs fail to explain why they specifically designated only nineteen plaintiffs as "plaintiffs and appellants" if they intended for all plaintiffs to appeal. Second, plaintiffs opted not to use a short hand appellation as provided by the rules (such as "all Plaintiffs" or "Plaintiffs, A, B, et al.") which would make clear that plaintiffs other than those named also intended to appeal. *Argabright* 35 F.3d at 474. ("Because the Notice of Appeal specifically lists certain parties and omits others, and because the Notice contains no generic term which otherwise adequately identifies the unnamed parties, we lack jurisdiction over the unnamed parties.") Third, the form caption included the names of eight former plaintiffs who were voluntarily dismissed from the case with prejudice, and one who was dismissed on account of passing away during the pendency of this action. See Docket Nos. 74, 79, 87, 89, 96, 98, 99, 110, 118. Finally, plaintiffs' contention is belied by plaintiffs' counsel's own words at oral argument before the Ninth Circuit wherein he stated that the case began with thirty-five plaintiffs, but is now down to "about twenty-two."

While the F.R.A.P. caution against dismissing an appeal "for failure to name a party whose intent to appeal is otherwise clear from the notice," Fed. R. App. P. 3(c)(4), here, the Court finds that only those plaintiffs listed as "plaintiffs and appellants" demonstrated an "objectively clear" intent to appeal the Court's summary judgment order. *See* Fed. R. App. P. Comment to subsection (c). ("If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward."). Accordingly, the Court finds that only the nineteen plaintiffs listed as "plaintiff-appellants" on the notice of appeal remain parties to this action.

**IT IS SO ORDERED**.

Dated: January 21, 2015

SUSAN ILLSTON
United States District Judge