UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY AMBAT, et al.,<br><br>            Plaintiffs,<br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | Consolidated Case No.  CV 07-03622 SI<br><br>**ORDER FOR THE APPOINTMENT OF THE HONORABLE JAMES MCBRIDE AS SPECIAL MASTER TO ALLOCATE AND ORDER DISTRIBUTION OF SETTLEMENT FUNDS AMONGST PLAINTIFFS AND COMPENSATION FOR SPECIAL MASTER SERVICES**<br><br>Dkt. No. 418 |

## BACKGROUND

1. This matter was originally filed in this Court on July 13, 2007, with two additional cases filed and joined thereafter.

2. In order to resolve this matter, twenty individual plaintiffs agreed to a joint settlement fund of $175,000 for their harms and losses pursuant to a written Settlement Agreement. Said Settlement Agreement stipulated to the appointment of a referee/Special Master, the Honorable James McBride, a retired judge of the San Francisco Superior Court, who successfully conducted the mediation in this case.

3. These twenty individual plaintiffs now seek an order of this Court for the appointment of the Honorable James McBride as referee/Special Master to allocate and distribute the settlement funds of $175,000 amongst all of the plaintiffs, as previously agreed to by plaintiffs in the Settlement Agreement each signed in this matter. *See* Dkt. 418 at 18-44.

4. Counsel has represented to this Court that each of the twenty individual plaintiffs received notice of the underlying mediation, and many chose to appear, participate, and negotiate on behalf of plaintiffs as a group.

5. Counsel has represented to this Court that each of the twenty individual plaintiffs received notice of this "Plaintiffs' Application For Appointment Of The Honorable James McBride As

Referee/Special Master To Allocate And Distribute Settlement Funds Amongst Plaintiffs And Order" by email and/or by U.S. Mail with the opportunity to appear and contest this ruling.

6. Counsel has represented to this Court that the Settlement Agreement set out a specific procedure for each of the plaintiffs to make a presentation to Judge McBride as to the individual harms each suffered in relation to this case. Counsel further represented to this Court that only those plaintiffs claiming an extraordinary award need file an application for such relief with Judge McBride.

## DISCUSSION

7. The application here is made for the appointment of Judge McBride as a Special Master pursuant to the stipulation of the parties. Fed. R. Civ. P. 53(a)(1)(A). It is done specifically as discussed and agreed to by the Plaintiff's Committee at the underlying mediation, and as agreed to in writing by all plaintiffs. The Court finds that by this application plaintiffs have complied with the requirements of Rule 53 of the Federal Rules of Civil Procedure.

8. The Court finds that the a resolution of the allocation between plaintiffs can most efficiently and economically be done by the appointment of a Special Master and that Judge McBride has a unique insight into the claims and defenses, as well as the facts of this case.

9. The court finds that Judge McBride is qualified as a Special Master for the purpose the distribution of the $175,000 in settlement proceeds, and that Judge McBride has demonstrated all the necessary qualifications for said position. The Court does not observe grounds for the disqualification of Judge McBride. Fed. R. Civ. P. 53(a)(2).

10. The parties have stipulated that all claims will settle jointly from the amount of $175,000.

11. Pursuant to the Settlement Agreement, Judge McBride shall offer each plaintiff the opportunity to present information and testimony under penalty of perjury specific to his or her claim for an extraordinary award of damages due to special harms suffered by that plaintiff. Plaintiffs have 30 days to submit their claim forms and affidavits. Judge McBride shall consider each of the claims of harm in relation to the overall amount available, and prepare and make a final determination of the allocation of the settlement amount among the plaintiffs, with final distribution from the "Attorney Trust Account for Lawrence D. Murray" to be made in accordance with that determination.

12. The testimony of the plaintiffs will be in the form of declarations under penalty of perjury, without live testimony, in order to keep the expense to a minimum. Live testimony shall be permitted only where the Special Master feels the need for live testimony to understand the submission of a particular plaintiff.

13. Once plaintiffs have had 30 days to submit their claim forms and affidavits, in order to reduce the expense and delay, Judge McBride shall dutifully and with all deliberate speed assemble and submit to this Court a *Report of the Special Master for Allocation of Settlement Funds of $175,000*, as required by Federal Rule of Civil Procedure 53(e). Judge McBride shall in his report to this Court explain the basis for the allocation of the settlement funds. Judge McBride shall promptly serve a copy of said report on each party. Fed R. Civ. P. 53(e). Judge McBride shall preserve the claim forms and affidavits submitted and attach them as one joint exhibit to his report to this Court. Fed. R. Civ. R. 53(b)(2)(C).

14. Judge McBride will not communicate with the court on an *ex parte* basis unless that becomes necessary and only with notice of such communication to all attorneys for all parties. Fed. R. Civ. P. 53(b)(2)(B).

15. Upon issuance of any order related to the proceeding, Judge McBride shall file the order with the Court and promptly serve a copy on each party. The clerk must enter the order on the docket. Fed. R. Civ. P. 53(d).

16. Judge McBride's fees are calculated pursuant to his usual hourly rate, *see* dkt. 418 at 12, and shall be paid from the attorney's fees set forth in paragraph 1(B) of the Settlement Agreement subject to approval by the Court. *See* Dkt. 418 at 19; Fed. R. Civ. P. 53(g).

17. The decision of Judge McBride as to the allocation of the settlement proceeds to the plaintiffs, as well as the fees to be paid to Judge McBride, are subject to final approval by this Court. Fed. R. Civ. P. 53(f).

18. Upon this Court's final approval, Lawrence D. Murray will pay from the "Attorney Trust Account for Lawrence D. Murray" the amounts stated in Judge McBride's report.

## CONCLUSION

19. The motion seeking appointment of Judge McBride as a Special Master is granted by consent of the parties pursuant to Federal Rule of Civil Procedure 53(a)(1)(A). The Court is mindful of the need to avoid unreasonable expense or delay in the distribution of the settlement funds and finds that this order is entered in fairness to the parties. Fed. R. Civ. P. Rule 53(a)(3).

**IT IS SO ORDERED.**

Dated: March 28, 2016

_____
HON. SUSAN ILLSTON
United States District Judge

3